waives any right to oppose the other party's request for rebuttal or impeachment, or any objection to any witness called during rebuttal or impeachment, including without limitation objections based on failure to disclose or identify a rebuttal or impeachment witness during fact or expert discovery, or pursuant to the provisions of this Pretrial Order.

5.      The listing of a witness on the "will call" section of a party's witness list constitutes a representation that the party expects to call the witness to testify live at trial, but does not require that party to call that witness to testify, either in person or by deposition.  If a party decides not to call a witness listed on that party's "will call" list to testify live at trial, that party will timely notify any opposing party.  Unless they have already done so in connection with the submission of this Pretrial Order, the opposing party may designate deposition testimony from the "will call" witness, or otherwise amend prior deposition designations for the "will call" witness submitted with this Pretrial Order, and there can be no objection that the designations are untimely.  All other objections are, however, preserved.  In such a case, counter-designations will be allowed, and there can be no objections that such counter-designations are untimely.

6.      The listing of a deposition designation does not constitute an admission as to the admissibility of the testimony nor is it a waiver of any applicable objection.

7.      The parties will exchange preliminary, good faith lists of witnesses who they intend to call in their cases-in-chief regarding the issues on which they bear the burden of proof (*i.e.*, Plaintiffs' case-in-chief infringement presentation and Defendants' case-in-chief invalidity/expiration/unenforceability presentation), explanations of whether each such witness

will testify live or by deposition, and the expected order of presentation of such witnesses by 6:00 p.m. on Thursday, June 19, 2014.[2]

8.    For witnesses testifying by deposition, the introducing party will identify the particular designated deposition testimony (by page and line) that is actually intended to be played or read at trial, or a disclosure that all pages and lines previously designated will be played by 6:30 p.m.[3] two calendar days prior to introducing deposition testimony.  By 6:30 p.m. the next calendar day, the other party will identify any specific pages and lines from that deposition testimony to counter-designate and any testimony about which it maintains an objection.  The parties shall meet and confer to resolve any objections to designated deposition testimony, and to give the introducing party time to prepare any necessary video/DVD of the testimony, with a final meet and confer to be conducted, only if needed, no later than 9:00 p.m. one calendar day before the testimony is to be introduced.  If objections to disputed testimony are not resolved by this process, the parties shall present such objections to the Court on the day of their intended use at a time appropriate and before the testimony is to be presented.

9.    Each party will give notice to the opposing party by 6:30 p.m.[4] two calendar days before it expects to complete its presentation of evidence on a portion of its order of proof as determined by the Court[5] (for example, if a party expects to conclude its presentation on Thursday, notice should be given to the opposing party by 6:30 p.m. on Tuesday).  By 8:00 p.m.

---

[2] Plaintiffs further propose that such exchange should also include the identification of the subject matter upon which each identified expert witness will testify.  Defendants believe such identification is unnecessary and should not be required.

[3] If Court adjourns for the day later than 5:30 p.m., the time for these disclosures will be moved to one hour after Court adjourns.

[4] If Court adjourns for the day later than 5:30 p.m., the time for this notice will be moved to one hour after Court adjourns and the time for the opposing party to identify identifying objections and confidentiality concerns and for meeting and conferring regarding such objections and confidentiality concerns will be moved by the same amount of time.

[5] The parties propose two competing orders of proof set forth in Paragraph 10, and will seek a determination by the Court as to the order of proof pursuant to which this trial shall be conducted.

that same day, the opposing party will identify the witness(es) that it intends to call on the first day of its following portion of the order of proof.

      10.     Plaintiffs propose that the order of proof in this case should be as follows:

         (i)     Plaintiffs' case-in-chief patent background and infringement presentation;

         (ii)     Defendants' case-in-chief noninfringement and invalidity/expiration/ unenforceability presentation;

         (iii)     Plaintiffs' rebuttal infringement presentation and case-in-chief validity/ non-expiration/enforceability presentation (including any expert presentation on secondary considerations of nonobviousness);

         (iv)     Defendants' rebuttal invalidity presentation (including any expert presentation on secondary considerations of nonobviousness).

Defendants propose that the order of proof in this case should be as follows:

         (i)     Plaintiffs' case-in-chief infringement presentation;

         (ii)     Defendants' rebuttal noninfringement presentation and case-in-chief invalidity/expiration/unenforceability presentation;

         (iii)     Plaintiffs' rebuttal validity/expiration/enforceability presentation, including any presentation on secondary considerations of nonobviousness;

         (iv)     Defendants' reply invalidity presentation limited to secondary considerations of nonobviousness, if any asserted by Plaintiffs.

      11.     Each party shall call witnesses to testify according to the order of proof determined by the Court[6] except as allowed by the Court upon a showing of cause by a party or as agreed by the parties.  To the extent a witness is permitted to testify on issues not according to the order of proof, that witness shall not be allowed to be called again for any purpose.

---

[6] The parties propose two competing orders of proof set forth in Paragraph 10, and will seek a determination by the Court as to the order of proof pursuant to which this trial shall be conducted.

## SCHEDULE D-1
## PLAINTIFFS' WITNESS LIST

1.      The following fact witnesses will or may be called by Plaintiffs to testify live at

trial (these witnesses may only be contacted through counsel for Plaintiffs):

| Fact Witness (name and address) | Will or May Call? | Defendants' Objection(s) |
|---|---|---|
| Julian Blair, Ph.D.<br>Teva Pharmaceuticals Ireland<br>Unit 301<br>Waterford Industrial Estate<br>Waterford<br>Ireland | Will | Defendants generally object to Plaintiffs' inclusion of Julian Blair, Ph.D. as a fact witness who "will" be called by Plaintiffs to testify live at trial.<br><br>Defendants further generally object to Plaintiffs' inclusion of Dr. Blair to the extent that Dr. Blair's live testimony at trial would not be relevant to any issue in this case.<br><br>Defendants incorporate herein each of their objections to portions of this witness' deposition testimony counter-designated by Plaintiffs in the Pretrial Order Schedule F-2.<br><br>Defendants further reserve the right to supplement these objections to Dr. Blair. |
| Mark W. Salyer<br>Teva Specialty Pharmaceuticals<br>41 Moores Road<br>Frazer, Pennsylvania 19355 | Will | Defendants generally object to Plaintiffs' inclusion of Mark W. Salyer as a fact witness who "will" be called by Plaintiffs to testify live at trial.<br><br>Defendants further generally object to Plaintiffs' inclusion of Mr. Salyer to the extent that Mr. Salyer's live testimony at trial would not be relevant to any issue in this case.<br><br>Defendants incorporate herein each of their objections to portions of this witness' deposition testimony counter-designated by Plaintiffs in the Pretrial Order Schedule F-2.<br><br>Defendants further reserve the right to supplement these objections to |

| | | Mr. Salyer. |
|---|---|---|
| Robert Schultz, Ph.D.<br>Reva Medical, Inc.<br>5751 Copley Drive<br>San Diego, California 92111 | Will | Defendants generally object to Plaintiffs' inclusion of Robert Schultz, Ph.D. as a fact witness who "will" be called by Plaintiffs to testify live at trial.<br><br>Defendants further generally object to Plaintiffs' inclusion of Dr. Schultz to the extent that Dr. Schultz's live testimony at trial would not be relevant to any issue in this case.<br><br>Defendants further generally object Plaintiff's inclusion of Dr. Schultz to the extent that Plaintiffs state that Dr. Schultz "may only be contacted through counsel for Plaintiffs," given that Dr. Schultz is former employee of a third party, 3M, and he is not a current or former employee of Plaintiffs.<br><br>Defendants further generally object to Plaintiffs' inclusion of Dr. Schultz as a fact witness who Plaintiffs "will" call to testify live at trial to the extent that Dr. Schultz is not subject to the Court's jurisdiction and cannot be compelled to attend trial.<br><br>Defendants further generally object to Plaintiffs' inclusion of Dr. Schultz as a fact witness who Plaintiffs "will" call to testify live at trial to the extent that Dr. Schultz intends to provide testimony regarding a particular date for conception and/or reduction to practice of the subject matter in the claims of U.S. Patent No. 7,105,152.<br><br>Defendants further generally object to Plaintiffs' inclusion of Dr. Schultz as a fact witness who Plaintiffs "will" call to testify live at trial to the extent that Dr. Schultz intends to provide testimony taking a position, outside the scope of plaintiffs' contentions and interrogatory responses, that inventors may "swear |

| | | behind" any of the prior art references cited in defendants' contentions and/or expert reports. |
| | | Defendants incorporate herein each of their objections to portions of this witness' deposition testimony counter-designated by Plaintiffs in the Pretrial Order Schedule F-2. |
| | | Defendants further object to Plaintiffs' inclusion of Dr. Schultz as a fact witness who Plaintiffs "will" call to testify live at trial, to the extent that Dr. Schultz attempts to provide opinions in the form of expert testimony.  Dr. Schultz has not been qualified as an expert in this case, and his testimony should be limited accordingly.  (FED. R. EVID. 701 & 702). |
| | | Defendants further reserve the right to supplement these objections to Dr. Schultz. |

2.      The following fact witnesses will or may be called by Plaintiffs to testify by deposition designations at trial (*see* Schedule F-1):

| Fact Witness (name and address) | Will or May Call? | Defendants' Objection(s) |
|---|---|---|
| Elisabeth Bickler c/o Rakoczy Molino Mazzochi Siwik LLP 6 West Hubbard Street, Suite 500 Chicago, Illinois 60654 | Will | Defendants object to testimony from Mrs. Bickler to the extent such testimony would not be relevant to any issue in this case. Defendants incorporate herein each of their objections to portions of this witness' deposition testimony listed in the Pretrial Order Schedule F-1. Defendants generally object to Plaintiffs' inclusion of this witness and further reserve the right to supplement this objection. |

| | | |
|---|---|---|
| Henry Booydegraaff<br>c/o<br>Rakoczy Molino Mazzochi Siwik LLP<br>6 West Hubbard Street, Suite 500<br>Chicago, Illinois 60654 | Will | Defendants object to testimony from Mr. Booydegraaff to the extent such testimony would not be relevant to any issue in this case.<br><br>Defendants incorporate herein each of their objections to portions of this witness' deposition testimony listed in the Pretrial Order Schedule F-1.<br><br>Defendants generally object to Plaintiffs' inclusion of this witness and further reserve the right to supplement this objection. |
| Craig Davies-Cutting<br>c/o<br>Rakoczy Molino Mazzochi Siwik LLP<br>6 West Hubbard Street, Suite 500<br>Chicago, Illinois 60654 | Will | Defendants object to testimony from Dr. Davies-Cutting to the extent such testimony would not be relevant to any issue in this case.<br><br>Defendants incorporate herein each of their objections to portions of this witness' deposition testimony listed in the Pretrial Order Schedule F-1.<br><br>Defendants generally object to Plaintiffs' inclusion of this witness and further reserve the right to supplement this objection. |
| Mushtaq Fruitwala<br>c/o<br>Rakoczy Molino Mazzochi Siwik LLP<br>6 West Hubbard Street, Suite 500<br>Chicago, Illinois 60654 | Will | Defendants object to testimony from Dr. Fruitwala to the extent such testimony would not be relevant to any issue in this case.<br><br>Defendants incorporate herein each of their objections to portions of this witness' deposition testimony listed in the Pretrial Order Schedule F-1.<br><br>Defendants generally object to Plaintiffs' inclusion of this witness and further reserve the right to supplement this objection. |

| Kurt Nielsen<br>c/o<br>Rakoczy Molino Mazzochi Siwik LLP<br>6 West Hubbard Street, Suite 500<br>Chicago, Illinois 60654 | Will | Defendants object to testimony from Dr. Nielsen to the extent such testimony would not be relevant to any issue in this case.<br><br>Defendants incorporate herein each of their objections to portions of this witness' deposition testimony listed in the Pretrial Order Schedule F-1.<br><br>Defendants generally object to Plaintiffs' inclusion of this witness and further reserve the right to supplement this objection. |
| Brian Schuster<br>c/o<br>Rakoczy Molino Mazzochi Siwik LLP<br>6 West Hubbard Street, Suite 500<br>Chicago, Illinois 60654 | Will | Defendants object to testimony from Mr. Schuster to the extent such testimony would not be relevant to any issue in this case.<br><br>Defendants incorporate herein each of their objections to portions of this witness' deposition testimony listed in the Pretrial Order Schedule F-1.<br><br>Defendants generally object to Plaintiffs' inclusion of this witness and further reserve the right to supplement this objection. |
| David Wilcox<br>c/o<br>Rakoczy Molino Mazzochi Siwik LLP<br>6 West Hubbard Street, Suite 500<br>Chicago, Illinois 60654 | Will | Defendants object to testimony from Mr. Wilcox to the extent such testimony would not be relevant to any issue in this case.<br><br>Defendants incorporate herein each of their objections to portions of this witness' deposition testimony listed in the Pretrial Order Schedule F-1.<br><br>Defendants generally object to Plaintiffs' inclusion of this witness and further reserve the right to supplement this objection. |

3.    The following expert witnesses will or may be called by Plaintiffs (these

witnesses may only be contacted through counsel for Plaintiffs):

| Expert Witness (name and address) | Will or May Call? | Defendants' Objection(s) |
|---|---|---|
| William E. Berger, M.D. Allergy & Asthma Associates of Southern California Southern California Research Center 27800 Medical Center Road, Suite 244 Mission Viejo, California 92691 | May | Defendants object to the testimony of Dr. Berger to the extent he offers opinions that are conclusions of law.

Defendants further object to the testimony of Dr. Berger to the extent the testimony offered is based on facts beyond his personal knowledge, is not based on sufficient facts or data, is not the product of reliable principles and methods or to the extent Dr. Berger has not applied the principles and methods reliably to the facts of this case.

Defendants object to Dr. Berger's testimony to the extent the testimony is in the form of inadmissible lay opinion. Defendants further object to the testimony of Dr. Berger to the extent that his expert report failed to comply with FED. R. CIV. P. 26, or, should he be allowed to testify at trial, that his testimony be limited to statements exactly as written in his expert report.

Defendants further generally object to the testimony of Dr. Berger to the extent that any of his testimony relates to any documents that were not cited in his expert reports.

Defendants further object to the testimony of Dr. Berger to the extent that it relates to any documents produced by Plaintiffs after the close of Dr. Berger's deposition and the close of expert discovery. Dr. Berger should be limited to testifying only about the documents he relies upon in his expert report; any additional supplementation or modification would be both untimely and |

unfairly prejudicial, as well as contrary to FED. R. CIV. P. 26.

Defendants further object to the testimony of Dr. Berger to the extent that it is untimely disclosed, or is cumulative of the testimony of other experts that will testify at trial.

Defendants object to Plaintiffs calling Dr. Berger to testify because his report does not address any issue relevant to this case.  Dr. Berger's report does not address any issues related to *prima facie* obviousness or infringement of the '152 or '445 patents.  Further, Dr. Berger admitted at deposition that he will be offering no opinions on ProAir HFA, or the '152 or '445 patents, with respect to commercial success, unexpected properties, skepticism, failure of others, or copying, and his report does not address any of these issues.

In addition, while Dr. Berger used the words "long-felt need" in his report, Dr. Berger failed to conduct the analysis necessary to determine whether a long felt need for a CFC formulation replacement was solved by the '152 or '445 patents, or ProAir HFA.  Dr. Berger admitted at deposition that he conducted no analysis, and will present no evidence a trial, with respect to whether other HFA formulations or products, such as Airomir HFA or Proventil HFA, had already satisfied the alleged "need".  Dr. Berger also conducted no analysis to determine whether there was a nexus between the '152 and '445 patents, and the alleged "need" solved by ProAir HFA. Therefore Dr. Berger will not offer testimony related to any relevant legal issue in this case.

Defendants further object to Plaintiffs calling Dr. Berger to testify as an expert

| | | |
|---|---|---|
| | | witness as his expert report failed to comply with FRCP 26, or, should he be allowed to testify at trial, that his testimony be limited to statements exactly as written in his expert report. Dr. Berger's expert report was devoid of any "basis or reasons" for his opinions, and merely contained conclusory allegations.  For instance, Dr. Berger presented absolutely no clinical evidence in patients comparing ProAir HFA with any other CFC or HFA product or formulation, and presented no data on patient preferences concerning ProAir HFA or any other HFA or CFC product or formulation.<br><br>Defendants object to Plaintiffs calling Dr. Berger to discuss any comparisons between ProAir HFA on the one hand and Proventil HFA or Ventolin HFA on the other hand, including but not limited to clinical efficacy, safety, plume properties, lung deposition, particle size, and the need for use of a spacer among these products, or between ProAir HFA and any other HFA product or formulation.  Dr. Berger did not even provide conclusory statements concerning such comparisons in his expert report, and Dr. Berger testified at deposition that he would be offering no comparisons between Proair HFA and other HFA products at trial.  Defendants similarly object to Dr. Berger providing testimony concerning comparisons between ProAir HFA on the one hand and Proventil HFA or Ventolin HFA on the other presented in the articles referred to as "McCabe 2012" or "Hautmann 2013."<br><br>Defendants reserve the right to supplement these objections. |
| Peter R. Byron, Ph.D.<br>Viginia Commonwealth University<br>Department of Pharmaceutics | Will | Defendants object to the testimony of Dr. Byron to the extent he offers opinions |

| | | |
|---|---|---|
| Room 450 Smith Building<br>Box 980533<br>Richmond, Virginia 23298 | | that are conclusions of law.<br><br>Defendants further object to the testimony of Dr. Byron to the extent the testimony offered is based on facts beyond his personal knowledge, is not based on sufficient facts or data, is not the product of reliable principles and methods or to the extent Dr. Byron has not applied the principles and methods reliably to the facts of this case.<br><br>Defendants object to Dr. Byron's testimony to the extent the testimony is in the form of inadmissible lay opinion. Defendants further object to the testimony of Dr. Byron to the extent that his expert report failed to comply with FED. R. CIV. P. 26, or, should he be allowed to testify at trial, that his testimony be limited to statements exactly as written in his expert report.<br><br>Defendants further generally object to the testimony of Dr. Byron to the extent that any of his testimony relates to any documents that were not cited in his expert reports.<br><br>Defendants further object to the testimony of Dr. Byron to the extent that it relates to any documents produced by Plaintiffs after the close of Dr. Byron's deposition and the close of expert discovery. Dr. Byron should be limited to testifying only about the documents he relies upon in his expert report; any additional supplementation or modification would be both untimely and unfairly prejudicial, as well as contrary to FED. R. CIV. P. 26.<br><br>Defendants further object to the testimony of Dr. Byron to the extent that it is untimely disclosed, or is cumulative of the testimony of other experts that will |

| | | |
|---|---|---|
| | | testify at trial.<br><br>Defendants object to Dr. Byron to the extent that his testimony is duplicative of, or cumulative to, the testimony of Dr. Myrdal.<br><br>Defendants further object to any testimony by Dr. Byron as to whether ProAir HFA is a more effective product than other SABA inhalers. Dr. Byron is not qualified to offer any opinions as to the effectiveness of a drug product, nor does his report contain any evaluation of the effectiveness of ProAir HFA from any perspective.<br><br>Defendants reserve the right to supplement these objections. |
| James T. Carmichael<br>Miles & Stockbridge P.C.<br>1751 Pinnacle Drive, Suite 500<br>Tysons Corner, Virginia 22102 | May | Defendants object to the testimony of Mr. Carmichael to the extent he offers opinions that are conclusions of law. Specifically, Defendants object to Mr. Carmichael's testimony concerning issues relevant to the expiration date of U.S. Patent No. 7,105,152 and U.S. Patent No. 7,101,534.<br><br>Defendants object to the testimony of Mr. Carmichael to the extent the testimony offered is based on facts beyond his personal knowledge, is not based on sufficient facts or data, is not the product of reliable principles and methods or to the extent Mr. Carmichael has not applied the principles and methods reliably to the facts of this case, particularly to the extent the Mr. Carmichael intends on testifying as to the expiration date of the '152 patent and '534 patent, including the prosecution of applications that led to the '152 patent and the '534 patent. (FED. R. EVID. 602, 702). Specifically, Defendants object to the testimony of Mr. Carmichael as he does not fall within any party's definition |

of a person of ordinary skill in the art.

Defendants further object to Mr. Carmichael's testimony to the extent the testimony is in the form of inadmissible lay opinion, including but not limited to any testimony that is based on scientific, technical, or other specialized knowledge that should properly be the subject of expert testimony. (FED. R. EVID. 701). Mr. Carmichael does not have a relevant technical background.

Defendants further object to the testimony of Mr. Carmichael to the extent that his expert report failed to comply with FED. R. CIV. P. 26, or, should he be allowed to testify at trial, that his testimony be limited to statements exactly as written in his expert report.

Defendants further generally object to the testimony of Mr. Carmichael to the extent that any of his testimony relates to any documents that were not cited in his expert reports.

Defendants further object to the testimony of Mr. Carmichael to the extent that it relates to any documents produced by Plaintiffs after the close of Mr. Carmichael's deposition and the close of expert discovery. Mr. Carmichael should be limited to testifying only about the documents he relies upon in his expert report; any additional supplementation or modification would be both untimely and unfairly prejudicial, as well as contrary to FED. R. CIV. P. 26.

Defendants further object to the testimony of Mr. Carmichael to the extent that it is untimely disclosed, or is cumulative of the testimony of other

| | | experts that will testify at trial. |
| | | Defendants object to the extent that Mr. Carmichael intends to offer a tutorial on U.S. Patent and Trademark Office practices and procedures as a patent law expert as being irrelevant. (FED. R. EVID. 401, 402). |
| | | Defendants reserve the right to supplement these objections. |
| Jerry A. Hausman<br>Massachusetts Institute of Technology<br>Department of Economics<br>Building E52-271A<br>Cambridge, Massachusetts 02139 | May | Defendants object to the testimony of Dr. Hausman to the extent he offers opinions that are conclusions of law. |
| | | Defendants further object to the testimony of Dr. Hausman to the extent the testimony offered is based on facts beyond his personal knowledge, is not based on sufficient facts or data, is not the product of reliable principles and methods or to the extent Dr. Hausman has not applied the principles and methods reliably to the facts of this case. |
| | | Defendants object to Dr. Hausman's testimony to the extent the testimony is in the form of inadmissible lay opinion. |
| | | Defendants further object to the testimony of Dr. Hausman to the extent that his expert report failed to comply with FED. R. CIV. P. 26, or, should he be allowed to testify at trial, that his testimony be limited to statements exactly as written in his expert report. |
| | | Defendants further generally object to the testimony of Dr. Hausman to the extent that any of his testimony relates to any documents that were not cited in his expert reports. |
| | | Defendants further object to the testimony of Dr. Hausman to the extent that it relates to any documents produced by Plaintiffs after the close of |

| | | |
|---|---|---|
| | | Dr. Hausman's deposition and the close of expert discovery. Dr. Hausman should be limited to testifying only about the documents he relies upon in his expert report; any additional supplementation or modification would be both untimely and unfairly prejudicial, as well as contrary to FED. R. CIV. P. 26.<br><br>Defendants further object to the testimony of Dr. Hausman to the extent that it is untimely disclosed, or is cumulative of the testimony of other experts that will testify at trial.<br><br>Furthermore, Defendants object to any testimony by Dr. Hausman as to the articles referred to as "McCabe 2012" or "Hautmann 2013," which were publicly available prior to the service of Dr. Hausman's report. First, Dr. Hausman is an economist, and is not qualified to evaluate scientific literature. Second, Dr. Hausman did not disclose any opinions relating to these two articles in his expert report. Third, Dr. Hausman did not supplement his expert report to disclose any opinions as to those two articles.<br><br>Defendants also object to any testimony by Dr. Hausman as to whether ProAir HFA is a more effective product than other SABA inhalers. Dr. Hausman is not qualified to offer any opinions as to the effectiveness of a drug product, nor does his report contain any evaluation of the effectiveness of ProAir HFA from any perspective.<br><br>Defendants reserve the right to supplement these objections. |
| Paul B. Myrdal, Ph.D.<br>University of Arizona<br>College of Pharmacy<br>1703 E. Madel<br>Tucson, Arizona 85721 | Will | Defendants object to the testimony of Dr. Myrdal to the extent he offers opinions that are conclusions of law.<br><br>Defendants further object to the testimony of Dr. Myrdal to the extent the |

testimony offered is based on facts beyond his personal knowledge, is not based on sufficient facts or data, is not the product of reliable principles and methods or to the extent Dr. Myrdal has not applied the principles and methods reliably to the facts of this case.

Defendants object to Dr. Myrdal's testimony to the extent the testimony is in the form of inadmissible lay opinion.

Defendants further object to the testimony of Dr. Myrdal to the extent that his expert report failed to comply with FED. R. CIV. P. 26, or, should he be allowed to testify at trial, that his testimony be limited to statements exactly as written in his expert report.

Defendants further generally object to the testimony of Dr. Myrdal to the extent that any of his testimony relates to any documents that were not cited in his expert reports.

Defendants further object to the testimony of Dr. Myrdal to the extent that it relates to any documents produced by Plaintiffs after the close of Dr. Myrdal's deposition and the close of expert discovery. Dr. Myrdal should be limited to testifying only about the documents he relies upon in his expert report; any additional supplementation or modification would be both untimely and unfairly prejudicial, as well as contrary to FED. R. CIV. P. 26.

Defendants further object to the testimony of Dr. Myrdal to the extent that it is untimely disclosed, or is cumulative of the testimony of other experts that will testify at trial.

Defendants object to Dr. Myrdal to the extent that his testimony is duplicative of,

| | | |
|---|---|---|
| | | or cumulative to, the testimony of Dr. Byron.<br><br>Defendants object to Dr. Myrdal to the extent that he intends to offer opinions from his April 30 report, to the extent these opinions could have, and should have, been disclosed in his opening report, or earlier in connection with the claim construction proceedings.<br><br>Defendants further object to any testimony by Dr. Myrdal as to whether ProAir HFA is a more effective product than other SABA inhalers.  Dr. Myrdal is not qualified to offer any opinions as to the effectiveness of a drug product, nor does his report contain any evaluation of the effectiveness of ProAir HFA from any perspective.<br><br>Defendants reserve the right to supplement these objections. |
| Guirag Poochikian, Ph.D.<br>Poochikian Pharma Consulting<br>7812 Rydal Terrace<br>Rockville, Maryland 20855 | May | Defendants object to the testimony of Dr. Poochikian to the extent he offers opinions that are conclusions of law, including improper and untimely opinions on claim construction.<br><br>Defendants further object to the testimony of Dr. Poochikian to the extent the testimony offered is based on facts beyond his personal knowledge, is not based on sufficient facts or data, is not the product of reliable principles and methods or to the extent Dr. Poochikian has not applied the principles and methods reliably to the facts of this case.<br><br>Defendants object to Dr. Poochikian's testimony to the extent the testimony is in the form of inadmissible lay opinion.<br><br>Defendants further object to the testimony of Dr. Poochikian to the extent that his expert report failed to comply with FED. R. CIV. P. 26, or, should he be |

allowed to testify at trial, that his testimony be limited to statements exactly as written in his expert report.

Defendants further generally object to the testimony of Dr. Poochikian to the extent that any of his testimony relates to any documents that were not cited in his expert reports.

Defendants further object to the testimony of Dr. Poochikian to the extent that it relates to any documents produced by Plaintiffs after the close of Dr. Poochikian's deposition and the close of expert discovery. Dr. Poochikian should be limited to testifying only about the documents he relies upon in his expert report; any additional supplementation or modification would be both untimely and unfairly prejudicial, as well as contrary to Fed. R. Civ. P. 26.

Defendants further object to the testimony of Dr. Poochikian to the extent that it is untimely disclosed, or is cumulative of the testimony of other experts that will testify at trial.

Defendants object to Dr. Poochikian to the extent that he intends to offer opinions from his April 30 report, to the extent these opinions could have, and should have, been disclosed earlier in connection with the claim construction proceedings.

Dr. Poochikian's entire testimony is predicated on a "regulatory perspective," which is irrelevant, misleading, confusing, and prejudicial. Plaintiffs have not demonstrated that a person of ordinary skill in the art would in any way view things through a "regulatory perspective." Additionally, Plaintiffs have not shown how a "regulatory perspective" is relevant to the alleged

| | | |
|---|---|---|
| | | infringement of the patents-in-suit.<br><br>Dr. Poochikian is unable to, and is not qualified to, provide any testimony from the perspective of a person of ordinary skill in the art, as has been defined by the parties on numerous occasions in this litigation.<br><br>Should the Court find that Dr. Poochikian is able to testify from the perspective of a person of ordinary skill in the art, Dr. Poochikian's testimony is entirely duplicative of, and cumulative to, the testimony of Drs. Myrdal and Byron, and is therefore inadmissible pursuant to FRE 402, as well as this Court's Model Final Pretrial Order (Sleet, J., Final Pretrial Order at 2, n.5 ("Only one expert witness on each subject for each party will be permitted to testify absent good cause shown")).<br><br>Defendants reserve the right to supplement these objections. |
| Hugh Smyth, Ph.D.<br>University of Texas<br>College of Pharmacy<br>Division of Pharmaceutics<br>University Avenue, PHR 4.214E<br>1 University Station, A1920<br>Austin, Texas 78712 | May | Defendants object to the testimony of Dr. Smyth to the extent he offers opinions that are conclusions of law.<br><br>Defendants further object to the testimony of Dr. Smyth to the extent the testimony offered is based on facts beyond his personal knowledge, is not based on sufficient facts or data, is not the product of reliable principles and methods or to the extent Dr. Smyth has not applied the principles and methods reliably to the facts of this case.<br><br>Defendants object to Dr. Smyth's testimony to the extent the testimony is in the form of inadmissible lay opinion.<br><br>Defendants further object to the testimony of Dr. Smyth to the extent that his expert report failed to comply with FED. R. CIV. P. 26, or, should he be |

allowed to testify at trial, that his testimony be limited to statements exactly as written in his expert report.

Defendants further generally object to the testimony of Dr. Smyth to the extent that any of his testimony relates to any documents that were not cited in his expert reports.

Defendants further object to the testimony of Dr. Smyth to the extent that it relates to any documents produced by Plaintiffs after the close of Dr. Smyth's deposition and the close of expert discovery. Dr. Smyth should be limited to testifying only about the documents he relies upon in his expert report; any additional supplementation or modification would be both untimely and unfairly prejudicial, as well as contrary to FED. R. CIV. P. 26.

Defendants further object to the testimony of Dr. Smyth to the extent that it is untimely disclosed, or is cumulative of the testimony of other experts that will testify at trial.

Defendants object to Dr. Smyth to the extent that he intends to offer opinions from his April 30 report, to the extent these opinions could have, and should have, been disclosed earlier in connection with the claim construction proceedings.

Dr. Smyth is expected to comment on the analytical testing procedure Dr. Neil Spingarn used and the test results Dr. Spingarn obtained. The only analytical method Dr. Spingarn used in this case is "GC-MS." However, Dr. Smyth is not an expert on the GC-MS method, and, further, is not qualified to opine on the method and procedure for collecting samples from metered-dose inhaler ("MDI") canisters for GC-MS analysis.

Dr. Smyth cannot remember ever operating a GC-MS machine. In the past eight years, Dr. Smyth published only three articles involving MDIs, but none of them involved analyzing any samples with GC-MS.

Should the Court allow Dr. Smyth to testify, Dr. Smyth's expected testimony is not relevant to any disputed legal issue in the case, for two reasons.

*First,* Dr. Smyth would opine that the samples Dr. Spingarn tested were too old. Dr. Smyth would opine that the only testing relevant to the issue of infringement would be testing done on "a formulation as it was initially prepared," *i.e.* before and/or immediately after the drug suspension was filled into an aerosol canister. Accordingly, Dr. Smyth did not conduct any testing of available ANDA product samples, and did not form opinions on whether an ANDA *product*, after a canister, valve, actuator, all contents of the canister and other components have all been put together to make the product, would infringe any of the asserted patent claims. However, in an ANDA case, the only relevant inquiry on the issue of infringement is whether the ANDA *product* would infringe.

*Second,* Dr. Spingarn's testing shows that significant amounts of surfactants are present in the samples he tested. Dr. Spingarn's test results show that the ANDA Product does not meet the claim elements of "no surfactant" and "substantially free of surfactant" in the remaining patents-in-suit. Dr. Smyth does not dispute that surfactants were detected by Dr. Spingarn, but he would opine that Dr. Spingarn's quantitation of the surfactants was not accurate. However, none of the Plaintiffs' experts, including Dr. Smyth, have rendered

|  |  | opinions to establish the threshold amount of surfactant in the accused product above which the product is no longer "substantially free of surfactant." Absent an established threshold amount, Dr. Smyth's opinions regarding the accuracy of Dr. Spingarn's test results are not relevant to the issue of alleged infringement.

Defendants object to any opinions of Dr. Smyth that are not the product of reliable principles and methods or to the extent Dr. Smyth has not applied the principles and methods reliably to the facts of this case. Defendants object to Dr. Smyth's testimony to the extent the testimony is in the form of inadmissible lay opinion, including but not limited to any testimony relating to the operation of GC-MS machines and the collection and preparation of samples from MDI canisters for GC-MS analysis.

Defendants reserve the right to supplement these objections. |
|---|---|---|

**SCHEDULE D-2**
**DEFENDANTS' WITNESS LIST**

Defendants hereby disclose the following list of witnesses whom they will or may call at trial to testify in person or by deposition designation.  Defendants reserve the right to revise or supplement this list consistent with the Pretrial Order or as otherwise permitted by the Court. Furthermore, Defendants reserve the right to call additional witnesses live or by deposition designations (or to offer additional deposition designations from witnesses identified herein) in rebuttal to issues raised in Plaintiffs' case-in-chief or rebuttal.  Defendants further reserve the right to use any designations identified by Defendants either as counter-designations identified herein, or as affirmative designations in Schedule F.  For all expert witnesses listed by Plaintiffs, Defendants reserve the right to introduce deposition testimony in the event that any such witness does not testify live at trial.  Defendants further reserve the right to call any witness listed by Plaintiffs in Schedule D-1.  Finally, Defendants reserve the right to use affirmatively any of their counter-designations identified in Schedule F, as if they were identified herein as Defendants' affirmative designations.

1.    The following fact witnesses will or may be called by Defendants:

| Fact Witness (name and address) | Will or May Call? | Plaintiffs' Objection(s) |
|---|---|---|
| Teva Branded Pharmaceutical Products R&D, Inc. 425 Privet Road, Horsham, Pennsylvania 19044<br><br>By Fergal Hennessy, Julian Blair, Ph.D., and/or Mark W. Salyer (Fed. R. Civ. P. 30(b)(6) designees) | May Call (by deposition) | Plaintiffs object to Defendants calling < Teva Branded Pharmaceutical Products R&D, Inc. on the grounds that such entity is not a proper witness.  Plaintiffs object to Defendants calling of the testimony of Dr. Blair and Mr. Salyer by deposition as inadmissible hearsay under Fed. R. Evid. 801 & 802 to the extent that Dr. Blair and Mr. Salyer will be called to testify live at trial by Plaintiffs.  *See* Schedule D-1.  For Plaintiffs' objections and counter-designations to Defendants' designations of the transcripts of the depositions of Mr. Hennessy, Dr. Blair and Mr. Salyer, *see* Schedule F-2. |
| Teva Respiratory, LLC 425 Privet Road, Horsham, Pennsylvania 19044<br><br>By Fergal Hennessy, Julian Blair, Ph.D., and/or Mark W. Salyer (Fed. R. Civ. P. 30(b)(6) designees) | May Call (by deposition) | Plaintiffs object to Defendants calling Teva Respiratory, LLC on the grounds that such entity is not a proper witness. Plaintiffs object to Defendants calling of the testimony of Dr. Blair and Mr. Salyer by deposition as inadmissible hearsay under Fed. R. Evid. 801 & 802 to the extent that Dr. Blair and Mr. Salyer will be called to testify live at trial by Plaintiffs.  *See* Schedule D-1.  For Plaintiffs' objections and counter-designations to Defendants' designations of the transcripts of the depositions of Mr. Hennessy, Dr. Blair and Mr. Salyer, *see* Schedule F-2. |

| | | |
|---|---|---|
| Norton (Waterford) Limited<br>Unit 301, IDA Industrial Park,<br>Waterford, Republic of Ireland<br><br>By Fergal Hennessy, Julian Blair,<br>Ph.D., and/or Mark W. Salyer (Fed. R.<br>Civ. P. 30(b)(6) designees) | May Call<br>(by<br>deposition) | Plaintiffs object to Defendants calling Norton (Waterford) Limited on the grounds that such entity is not a proper witness.  Plaintiffs object to Defendants calling of the testimony of Dr. Blair and Mr. Salyer by deposition as inadmissible hearsay under Fed. R. Evid. 801 & 802 to the extent that Dr. Blair and Mr. Salyer will be called to testify live at trial by Plaintiffs.  *See* Schedule D-1.  For Plaintiffs' objections and counter-designations to Defendants' designations of the transcripts of the depositions of Mr. Hennessy, Dr. Blair and Mr. Salyer, *see* Schedule F-2. |
| Norton Healthcare Limited<br>Ridings Point, Whistler Drive,<br>Castleford, West Yorkshire, WF10 5HX<br><br>By Fergal Hennessy, Julian Blair,<br>Ph.D., and/or Mark W. Salyer (Fed. R.<br>Civ. P. 30(b)(6) designees) | May Call<br>(by<br>deposition) | Plaintiffs object to Defendants calling Norton Healthcare Limited on the grounds that such entity is not a proper witness.  Plaintiffs object to Defendants calling of the testimony of Dr. Blair and Mr. Salyer by deposition as inadmissible hearsay under Fed. R. Evid. 801 & 802 to the extent that Dr. Blair and Mr. Salyer will be called to testify live at trial by Plaintiffs.  *See* Schedule D-1.  For Plaintiffs' objections and counter-designations to Defendants' designations of the transcripts of the depositions of Mr. Hennessy, Dr. Blair and Mr. Salyer, *see* Schedule F-2. |
| 3M<br>3M Corporate Headquarters<br>3M Center<br>St. Paul, MN 55144-1000<br><br>By David W. Schultz, Ph.D. and/or Ted Ringsred (Fed. R. Civ. P. 30(b)(6) designees) | May Call<br>(by<br>deposition) | Plaintiffs object to Defendants calling 3M on the grounds that such entity is not a proper witness.  For Plaintiffs' objections and counter-designations to Defendants' designations of the transcripts of the depositions of Dr. David Schultz and Mr. Ringsred, *see* Schedule F-2. |

| | | |
|---|---|---|
| Perrigo Co.<br>515 Eastern Avenue, Allegan, Michigan 49010<br><br>By Brian Schuster, Elizabeth Lowney Bickler, and/or Henry James Booydegraaff (Fed. R. Civ. P. 30(b)(6) designees) | May Call (by deposition) | Plaintiffs object to Defendants calling Perrigo Co. on the grounds that such entity is not a proper witness. Plaintiffs object to Defendants calling of their own alleged testimony by deposition as improper under Fed. R. Civ. P. 32(a). Plaintiffs further object to Defendants calling of testimony from the transcripts of the depositions of Mr. Schuster, Ms. Bickler and Mr. Booydegraff because Defendants have not provided designations of any such testimony. |
| Perrigo Pharmaceuticals Co.<br>515 Eastern Avenue, Allegan, Michigan 49010<br><br>By Brian Schuster, Elizabeth Lowney Bickler, and/or Henry James Booydegraaff (Fed. R. Civ. P. 30(b)(6) designees) | May Call (by deposition) | Plaintiffs object to Defendants calling Perrigo Pharmaceuticals Co. on the grounds that such entity is not a proper witness. Plaintiffs object to Defendants calling of their own alleged testimony by deposition as improper under Fed. R. Civ. P. 32(a). Plaintiffs further object to Defendants calling of testimony from the transcripts of the depositions of Mr. Schuster, Ms. Bickler and Mr. Booydegraff because Defendants have not provided designations of any such testimony. |
| Catalent Pharma Solutions, LLC<br>14 Schoolhouse Road, Somerset, New Jersey 08873<br><br>By David Wilcox, Craig Davies-Cutting, and/or Kurt R. Nielsen (Fed. R. Civ. P. 30(b)(6) designees) | May Call (by deposition) | Plaintiffs object to Defendants calling Catalent Pharma Solutions, LLC on the grounds that such entity is not a proper witness. Plaintiffs object to Defendants calling of their own alleged testimony by deposition as improper under Fed. R. Civ. P. 32(a). Plaintiffs further object to Defendants calling of testimony from the transcripts of the depositions of Mr. Davies-Cutting and Mr. Nielsen because Defendants have not provided designations of any such testimony. For Plaintiffs' objections and counter-designations to Defendants' designations of the transcripts of the depositions of Mr. Wilcox, *see* Schedule F-2. Plaintiffs reserve the right to object to any specific questions or testimony at the time proffered to the Court. |

| | | |
|---|---|---|
| Mary Susan Howard<br>4626 Constance Drive<br>San Diego, CA 92115 | May Call<br>(live or by<br>deposition) | For Plaintiffs' objections and counter-designations to Defendants' designations of the transcript of the deposition of Ms. Howard, *see* Schedule F-2.  Plaintiffs reserve the right to object to any specific questions or testimony at the time proffered to the Court. |
| Julian Blair, Ph.D.<br>Carrigahilla, Stradbury<br>County Waterford, Ireland | May Call<br>(live or by<br>deposition) | Plaintiffs object to Defendants calling of the testimony of Dr. Blair by deposition as inadmissible hearsay under Fed. R. Evid. 801 & 802 to the extent that Dr. Blair will be called to testify live at trial by Plaintiffs.  *See* Schedule D-1.  For Plaintiffs' objections and counter-designations to Defendants' designations of the transcript of the deposition of Dr. Blair, *see* Schedule F-2.  Plaintiffs reserve the right to object to any specific questions or testimony at the time proffered to the Court. |
| Mark. W. Salyer<br>General Manager<br>Teva Respiratory<br>Teva Branded Pharmaceutical<br>Products R&D, Inc.<br>425 Privet Road<br>Horsham, Pennsylvania 19044 | May Call<br>(live or by<br>deposition) | Plaintiffs object to Defendants calling of the testimony of Mr. Salyer by deposition as inadmissible hearsay under Fed. R. Evid. 801 & 802 to the extent that Mr. Salyer will be called to testify live at trial by Plaintiffs.  *See* Schedule D-1.  For Plaintiffs' objections and counter-designations to Defendants' designations of the transcript of the deposition of Mr. Salyer, *see* Schedule F-2.  Plaintiffs reserve the right to object to any specific questions or testimony at the time proffered to the Court. |
| Steven M. Viti, Ph.D. | May Call<br>(live or by<br>deposition) | For Plaintiffs' objections and counter-designations to Defendants' designations of the transcript of the deposition of Dr. Viti, *see* Schedule F-2.  Plaintiffs reserve the right to object to any specific questions or testimony at the time proffered to the Court. |

| | | |
|---|---|---|
| Fergal Hennessy<br>Bally Veskill, Ballyea, Ennis<br>County Claire, Ireland | May Call<br>(live or by deposition) | For Plaintiffs' objections and counter-designations to Defendants' designations of the transcript of the deposition of Mr. Hennessy, *see* Schedule F-2.  Plaintiffs reserve the right to object to any specific questions or testimony at the time proffered to the Court. |
| Robert Schultz, Ph.D.<br>3M Innovative Properties Company<br>P.O. Box 33427<br>St. Paul, MN 55133-3427 | May Call<br>(live or by deposition) | Plaintiffs object to Defendants calling of the testimony of Dr. Robert Schultz by deposition as inadmissible hearsay under Fed. R. Evid. 801 & 802 to the extent that Dr. Robert Schutlz will be called to testify live at trial by Plaintiffs.  *See* Schedule D-1.  For Plaintiffs' objections and counter-designations to Defendants' designations of the transcript of the deposition of Dr. Robert Schultz, *see* Schedule F-2.  Plaintiffs reserve the right to object to any specific questions or testimony at the time proffered to the Court. |
| Robert A. Moris<br>3M Innovative Properties Company<br>P.O. Box 33427<br>St. Paul, MN 55133-3427 | May Call<br>(live or by deposition) | For Plaintiffs' objections and counter-designations to Defendants' designations of the transcript of the deposition of Mr. Morris, *see* Schedule F-2.  Plaintiffs reserve the right to object to any specific questions or testimony at the time proffered to the Court. |
| David W. Schultz, Ph.D.<br>3M Innovative Properties Company<br>P.O. Box 33427<br>St. Paul, MN 55133-3427 | May Call<br>(live or by deposition) | For Plaintiffs' objections and counter-designations to Defendants' designations of the transcript of the deposition of Dr. David Schultz, *see* Schedule F-2.  Plaintiffs reserve the right to object to any specific questions or testimony at the time proffered to the Court. |
| Ted Ringsred<br>3M Innovative Properties Co.<br>3M Center Bldg. 220-12W-01<br>St. Paul, MN 55133 | May Call<br>(live or by deposition) | For Plaintiffs' objections and counter-designations to Defendants' designations of the transcript of the deposition of Mr. Ringsred, *see* Schedule F-2.  Plaintiffs reserve the right to object to any specific questions or testimony at the time proffered to the Court. |

| | | |
|---|---|---|
| Brian Schuster<br>7350 Jasbow Junction<br>Weeki Wachee, FL 34613 | May Call<br>(live or by<br>deposition) | Plaintiffs object to Defendants calling of their own witness by deposition as improper under Fed. R. Civ. P. 32(a). Plaintiffs further object to Defendants calling of testimony from the transcript of the deposition of Mr. Schuster because Defendants have not provided designations of any such testimony. Plaintiffs reserve the right to object to any specific questions or testimony at the time proffered to the Court. |
| David Wilcox<br>5201 Longwood Drive<br>Durham, NC 27713 | May Call<br>(live or by<br>deposition) | Plaintiffs object to Defendants calling of their own witness by deposition as improper under Fed. R. Civ. P. 32(a). For Plaintiffs' objections and counter-designations to Defendants' designations of the transcripts of the depositions of Mr. Wilcox, *see* Schedule F-2.  Plaintiffs reserve the right to object to any specific questions or testimony at the time proffered to the Court. |
| Elizabeth Lowney Bickler<br>42 Howard Street, Apartment E<br>Sleepy Hollow, New York 10591 | May Call<br>(by<br>deposition) | Plaintiffs object to Defendants calling of their own witness by deposition as improper under Fed. R. Civ. P. 32(a). Plaintiffs further object to Defendants calling of testimony from the transcript of the deposition of Ms. Bickler because Defendants have not provided designations of any such testimony. |
| Henry James Booydegraaff<br>1976 Waterbury Drive Southeast<br>Kentwood, Michigan 49508 | May Call<br>(by<br>deposition) | Plaintiffs object to Defendants calling of their own witness by deposition as improper under Fed. R. Civ. P. 32(a). Plaintiffs further object to Defendants calling of testimony from the transcript of the deposition of Mr. Boodygraff because Defendants have not provided designations of any such testimony. |
| Craig Davies-Cutting<br>Catalent Pharma Solutions<br>160 N. Pharma Drive<br>Morrisville, NC 27560 | May Call<br>(by<br>deposition) | Plaintiffs object to Defendants calling of their own witness by deposition as improper under Fed. R. Civ. P. 32(a). Plaintiffs further object to Defendants calling of testimony from the transcript of the deposition of Mr. Davies-Cutting because Defendants have not provided designations of any such testimony. |

| Mushtaq Fruitwala<br>10 Deer Run Trail<br>Fort Montgomery, New York 10922 | May Call (by deposition) | Plaintiffs object to Defendants calling of their own witness by deposition as improper under Fed. R. Civ. P. 32(a). Plaintiffs further object to Defendants calling of testimony from the transcript of the deposition of Mr. Fruitwala because Defendants have not provided designations of any such testimony. |
| Kurt R. Nielsen<br>9 Feldspar Drive<br>Chadds Ford, PA 19317 | May Call (by deposition) | Plaintiffs object to Defendants calling of their own witness by deposition as improper under Fed. R. Civ. P. 32(a). Plaintiffs further object to Defendants calling of testimony from the transcript of the deposition of Mr. Nielsen because Defendants have not provided designations of any such testimony. |

    2.     The following expert witnesses will or may be called by Defendants:

| Expert Witness<br>(name and address) | Will or May Call? | Plaintiffs'<br>Objection(s) |
|---|---|---|
| Warren H. Finlay, Ph.D.<br>5507-108 Street<br>Edmonton, Alberta<br>Canada<br>T6H 2Y8 | Will Call | Plaintiffs reserve the right to object to any specific questions or testimony at the time proffered to the Court. |
| Bernard Greenspan, Ph.D.<br>17836 Creciente Way<br>San Diego, CA 92127 | Will Call | Plaintiffs object to Defendants calling Mr. Greenspan as an expert because the testimony disclosed in his expert report concerning patent prosecution practice and procedure is not the proper subject of expert testimony. Plaintiffs object to Defendants calling Mr. Greenspan pursuant to Fed. R. Evid. 702. Plaintiffs object to Defendants calling Dr. Greenspan to the extent that his testimony will be duplicative of the testimony of Mr. Kunin. Plaintiffs reserve the right to object to any specific questions or testimony at the time proffered to the Court. |

| | | |
|---|---|---|
| Joel Hay, Ph.D.<br>22101 Dardenne St.<br>Calabasas, CA 91302 | May Call | Plaintiffs object to Defendants calling Dr. Hay to the extent that his testimony will be duplicative of the testimony of Mr. Megaffin.  Plaintiffs reserve the right to object to any specific questions or testimony at the time proffered to the Court. |
| David John Howlett<br>No. 3 Low Road<br>Grimston, Norfolk<br>United Kingdom | Will Call | Plaintiffs reserve the right to object to any specific questions or testimony at the time proffered to the Court. |
| Stephen G. Kunin<br>3913 Ridglea Drive<br>Fairfax, VA 22031 | Will Call | Plaintiffs object to Defendants calling Mr. Kunin as an expert because the opinions disclosed in his expert report concerning patent prosecution practice and procedure is not the proper subject of expert testimony.  Plaintiffs object to Defendants calling Mr. Kunin to the extent that his testimony will be duplicative of the testimony of Dr. Greenspan.  Plaintiffs reserve the right to object to any specific questions or testimony at the time proffered to the Court. |
| Scott Megaffin<br>9 The Kings Path<br>Hopewell, NJ, 08525 | May Call | Plaintiffs object to Defendants calling Mr. Megaffin to the extent that his testimony will be duplicative of the testimony of Dr. Hay.  Plaintiffs reserve the right to object to any specific questions or testimony at the time proffered to the Court. |
| Neil Elliot Spingarn, Ph.D.<br>2021 E 4th Street<br>Santa Ana, CA 92705 | Will Call | Plaintiffs reserve the right to object to any specific questions or testimony at the time proffered to the Court. |
| Dr. Raoul Wolf<br>9320 Lincolnwood Drive<br>Evanston, IL, 60203 | Will Call | Plaintiffs reserve the right to object to any specific questions or testimony at the time proffered to the Court. |
| Richard N. Dalby, Ph.D.<br>11627 Whitetail Lane<br>Ellicott City, MD 21042 | Will Call | Plaintiffs object to Defendants calling Dr. Dalby to testify regarding the opinions disclosed in his May 15, 2014 "Supplemental" Expert Report as such testimony was not timely disclosed.  Plaintiffs reserve the right to object to any specific questions or testimony at the time proffered to the Court. |

| | | |
|---|---|---|
| Anthony Palmieri III, Ph.D.<br>16313 Northwest County Road 231<br>Gainesville, FL 32609 | Will Call | Plaintiffs reserve the right to object to any specific questions or testimony at the time proffered to the Court. |

**SCHEDULE E**
**STATEMENTS OF QUALIFICATIONS OF EXPERT WITNESSES**

1.    Plaintiffs' statement setting forth the qualifications of each of its expert witnesses, and the subject matter of each expert's testimony, is included as **Schedule E-1**.

2.    Defendants' statement setting forth the qualifications of each of its expert witnesses, and the subject matter of each expert's testimony, is included as **Schedule E-2**.

**SCHEDULE E-1**
**PLAINTIFFS' EXPERT WITNESSES' QUALIFICATIONS**

I.    **Will Call**

    A.    **Peter R. Byron, Ph.D.**

    1.    Dr. Byron received a bachelor's degree with first class honors in Pharmaceutics in 1970 from the University of Manchester, England, and a Ph.D. in Immunology from the University of Manchester's Department of Microbiology and Virology in 1973. From 1973 to 1974, Dr. Byron completed pre-registration training in Hospital Pharmacy at Walsgrave Hospital in Conventry, England, and thereafter became a registered pharmacist in the United Kingdom. From 1974 to 1975, Dr. Byron was a postdoctoral research fellow in pharmaceutics at the Department of Pharmacy, University of Aston, Birmingham, England, where he was appointed to the pharmaceutics faculty in 1975. In 1984, Dr. Byron became an Assistant Professor at the University of Kentucky's College of Pharmacy. In 1988, Dr. Byron accepted a position of Associate Professor of the Virginia Commonwealth University's School of Pharmacy. He was promoted to full professor in 1992. Since 1999, Dr. Byron has served as the E. Claiborne Robins Distinguished Professor and Chairman of the Department of Pharmaceutics in the Virginia Commonwealth University's School of Pharmacy. Dr. Byron's career has focused on pharmaceutical product design and development, with an emphasis on inhaled drug formulation and delivery. He has consulted for the pharmaceutical industry to develop formulations for inhaled delivery. In addition, he has published over 150 journal articles, with the majority directed to aerosol products and pulmonary drug delivery, and is a founder and primary organizer of Respiratory Drug Delivery Conferences ("RDD") and RDD Online, which are organizations that run conferences, publish and educate in the area of respiratory drugs.

2.      Dr. Byron's anticipated testimony will concern infringement of the '152 and '445 patents by Defendants' ANDA Product and validity of the '152 patent, including obviousness, obviousness-type double patenting and secondary considerations.

**B.      Paul B. Myrdal, Ph.D.**

3.      Dr. Myrdal received a bachelor's degree in Molecular and Cellular Biology from the University of Arizona in 1989 and a Ph.D. in Pharmaceutical Chemistry from the University of Arizona in 1994.  Thereafter, he conducted a year of postdoctoral research at the University of Arizona.  Dr. Myrdal then worked at 3M Company for five years as a Senior Product Development Chemist and a Research Specialist, focusing on developing inhalation aerosols.  In 2000, Dr. Myrdal returned to the University of Arizona as an Assistant Professor in Pharmaceutics.  In 2006, he was promoted to his current position of Associate Professor in Pharmaceutics.  Dr. Myrdal's research is focused on understanding the chemistry and product performance of HFA-based metered dose inhalers, among other topics.  Dr. Myrdal has also served on editorial boards of several scientific journals, presented numerous lectures and seminars at conferences, universities and companies related to various aspects of aerosol drug delivery and has authored numerous articles and book chapters on aerosol drug delivery systems.

4.      Dr. Myrdal's anticipated testimony will concern infringement of the '152 and '445 patents by Defendants' ANDA Product.  Dr. Myrdal's anticipated testimony will also concern validity of the '152 patent with respect to enablement, written description and secondary considerations, validity of the '445 patent with respect to obviousness, enablement, written description and secondary considerations.

II.     **May Call**

A.     **William E. Berger, M.D.**

5.     Dr. Berger received a bachelor's degree in 1969 from New York University and an M.D. in 1973 from the University of Cincinnati College of Medicine.  In 1976, Dr. Berger completed a residency in Pediatrics at the University of California, Los Angeles Medical Center, and, in 1978, a fellowship in Adult and Pediatric Allergy and Clinical Immunology at the National Jewish Hospital and Research Center in Denver, Colorado.  From 1978 to 1980, Dr. Berger served as a Clinical Instructor in the Allergy Division of the Department of Pediatrics at the Yale School of Medicine, as well as the Director of the Allergy Clinic at St. Vincent's Medical Center in Bridgeport, Connecticut.  In 1980, Dr. Berger founded Allergy and Asthma Associates of Southern California, a now three-office clinical practice devoted to the treatment of patients with asthma and allergic disorders.  Since 1981, Dr. Berger has been teaching in the Division of Allergy and Clinical Immunology of the Department of Pediatrics at the University of California, Irvine, where he is currently a Clinical Professor.  In 1995, Dr. Berger helped found Southern California Research, which has conducted clinical trials in the fields of asthma, allergy and immunology.  Dr. Berger has been personally involved in research activities for over fifty pharmaceutical companies, including several hundred clinical trials.  He is also the author of over two hundred publications concerning asthma, allergies and other respiratory conditions, has held various offices in national and international asthma and immunology societies, and has served on the editorial boards of several asthma and allergy related publications.

6.     Dr. Berger may testify concerning the treatment advantages presented by the inventions claimed in the '152 and '445 patents, as reflected in the commercial embodiment ProAir® HFA, over prior metered-dose inhalers indicated for the treatment of asthma and related conditions, because, amongst other things, ProAir® HFA satisfied the long-felt, unmet need for a

CFC-free inhalation aerosol treatment that optimizes efficacy and the therapeutic advantages of treatment for asthma, chronic obstructive pulmonary disease and exercise-induced bronchospasm.

**B.     James T. Carmichael**

7.     Mr. Carmichael received a bachelor's degree in 1984 from Yale University and a J.D. in 1987 from the University of Wisconsin.  Mr. Carmichael served as a law clerk to the Honorable Howard T. Markey of the United States Court of Appeals for the Federal Circuit, and is admitted to practice before the U.S. Patent and Trademark Office ("PTO").  Mr. Carmichael is currently a principal at the Miles & Stockbridge firm in Alexandria, Virginia, where his practice focuses on preparing and prosecuting patent applications, as well as advising clients on PTO procedure.  Mr. Carmichael has extensive experience working at the PTO, where he has served as an Associate Solicitor and an Examiner-in-Chief.  In these positions, Mr. Carmichael oversaw and contributed to revisions to the Manual of Patent Examining Procedure ("MPEP") and PTO rules, reviewed patent applications, issued rejections and notices of allowances, and authored opinions affirming or reversing the decisions of patent examiners, among other duties.

8.     Mr. Carmichael may testify concerning the prosecution history that led to the '152 patent and other related patents.  In particular, Mr. Carmichael's anticipated testimony will concern whether the guidelines of the MPEP were followed and applied appropriately during the prosecution of those patents.

**C.     Jerry A. Hausman**

9.     Dr. Hausman received a bachelor's degree in economics from Brown University in 1968 and B. Phil. and D. Phil. degrees in economics from Oxford University in 1972 and 1973, respectively.  Since 1973, Dr. Hausman has worked at the Massachusetts Institute of Technology ("MIT"), where, after an initial position as a visiting scholar, he has been serving as

a professor of economics.  Dr. Hausman is the author of numerous academic publications concerning econometrics and other economic topics.  Many of these articles discuss the pharmaceutical industry and the market for pharmaceutical products, including the effect of patents and research and development costs on those markets.  Dr. Hausman has also provided consulting services to several pharmaceutical companies.

10.    Dr. Hausman may testify concerning the commercial success of ProAir® HFA, the commercial embodiment of the '152 and '445 patents.

### D.    Guirag Poochikian, Ph.D.

11.    Dr. Poochikian received a bachelor's degree in Pharmacy from the American University of Beirut and a Ph.D. in Medicinal Chemistry from the Ohio State University.  Dr. Poochikian has more than twenty-five years of regulatory science experience at the U.S. Food and Drug Administration ("FDA").  At the time of his retirement from the FDA in 2007, Dr. Poochikian was the Associate Director for Regulatory Science and Policy in the Office of New Drug Quality Assessment ("ONDQA"), Office of Pharmaceutical Sciences ("OPS").  During his tenure at the FDA, Dr. Poochikian also served as a Review Chemist, Supervisory Chemis, and the Chemistry Team Leader in the Division of Pulmonary and Allergy Drug Products, and was involved in the development of different Chemistry, Manufacturing and Control Guidances, including those related to inhalation drug products.  Dr. Poochikian currently works as an independent pharmaceutical consultant, where he provides regulatory and technical advice relating to the development, commercialization, and quality control of different types of pharmaceuticals, including inhalation drug products.

12.    Dr. Poochikian may testify concerning Defendants' Abbreviated New Drug Application No. 203760, including the regulatory significance of components of an ANDA.

E.    **Hugh Smyth, Ph.D.**

13.    Dr. Smyth received a Bachelor's of Pharmacy degree from the University of Otago, New Zealand, in 1995, completed a post graduate diploma of Pharmaceutics at the University of Otago in 1997, and received a Ph.D. in Pharmaceutical Science from the University of Otago in 2000.  He then conducted two years of postdoctoral research in an inhalation aerosol laboratory at the University of North Carolina at Chapel Hill.  In 2003, Dr. Smyth became a Research Assistant Professor at the University of North Carolina in the School of Pharmacy's Division of Drug Delivery and Deposition.  In 2005, he became an Assistant Professor at the University of New Mexico's College of Pharmacy.  In 2009, Dr. Smyth accepted a position at the University of Texas at Austin as an Assistant Professor and in 2001 was promoted to his current position of Associate Professor of Pharmaceutics with tenure.  Dr. Smyth's research is focused on inhalation aerosols, including metered dose inhalers and drug delivery.  Dr. Smyth also has served on the editorial boards of several scientific journals and authored numerous articles and book chapters relating to aerosol drug formulation and delivery.

14.    Dr. Smyth may testify concerning testing conducted by Defendants' expert Dr. Neil Elliot Spingarn on Defendants' ANDA Product and ProAir® HFA.

**SCHEDULE E-2**
**DEFENDANTS' EXPERT WITNESSES' QUALIFICATIONS**

Subject to the availability of each witness at the time of trial, and any future stipulations entered into by the parties, Defendants will call the following expert witnesses in person.  In addition to identifying the expert witnesses Defendants expect to call at trial, Defendants have included a brief statement about each expert's qualifications and expected testimony.

**Richard N. Dalby, Ph.D.**

      **Background/Qualifications**:

Dr. Richard N. Dalby is a Professor at the University of Maryland School of Pharmacy, Department of Pharmaceutical Sciences and possesses over 25 years of experience in the field of respiratory drug delivery, including metered dose inhalers.  He is the Associate Dean for Academic Affairs of the University of Maryland School of Pharmacy, where he has been employed since 1992.  He is also an Affiliate Professor in the School of Pharmacy at the Medical College of Virginia / Virginia Commonwealth University.

Dr. Dalby received a Bachelor's Degree in Pharmacy from the Nottingham University School of Pharmacy in 1983 and received a Ph.D. in Pharmaceutical Sciences from the University of Kentucky College of Pharmacy in 1988.  After receiving his Ph.D., he was employed by Fisons Pharmaceuticals (now Sanofi Aventis) from 1988 to 1989, where he was responsible for the development of metered dose inhalers and dry powder inhalers.  From 1989 to 1992, he was employed as a Research Assistant Professor in the Department of Pharmacy and Pharmaceutics at the Medical College of Virginia / Virginia Commonwealth University.

Dr. Dalby's field of research and expertise is directed to the formulation and evaluation of pressurized metered dose inhaler, dry powder, nebulizer, and nasal spray products;

development and evaluation of existing and proposed test methods for inhalation products; and laboratory testing and patient evaluation of novel pulmonary and nasal delivery devices.

Dr. Dalby is a fellow of the American Association of Pharmaceutical Scientists and a member of the Royal Pharmaceutical Society of Great Britain and has served in various roles in the Respiratory Drug Delivery (RDD) Symposium, since its first meeting in 1990, including serving as co-organizer, publication coordinator, coeditor, and session moderator. The RDD Symposium is a premier international pharmaceutical aerosol meeting attended by between 400-750 participants, including researchers, executives, and regulatory personnel.  Dr. Dalby edits the resulting proceedings, which exceed 1000 pages, and are considered by many to be the most up-to-date reference on advances associated with nasal and pulmonary drug delivery.  Dr. Dalby also reviews abstracts for, and organizes a poster session/exhibition with, approximately 150 presenters and 100 exhibitors.

Dr. Dalby is also currently the Director of the Inhalation Aerosol Technology Workshop (IATW), an introductory short course on pharmaceutical aerosols that he created and that he has conducted periodically.

Dr. Dalby is a named inventor on six United States Letters Patents, and has authored and co-authored numerous papers and abstracts relating to inhalation drug products and formulations, including nearly 60 papers and 136 abstracts.  He has written or edited approximately 32 book chapters and delivered approximately 65 invited oral presentations.

**Expected Testimony**:

As set forth in his expert reports, which are incorporated by reference, at trial, Dr. Dalby is expected to testify regarding the invalidity of the 152 and 445 Patents, including the following topics:

1)      general background on metered dose inhalers (MDIs) and their reformulation using more ozone-friendly propellants in the wake of the Montreal Protocol;

2)      the characteristics of suspension and solution aerosol formulations;

3)      the scope and content of the prior art to the 152 Patent;

4)      the scope and content of the prior art to the 445 Patent;

5)      the level of skill in the art as of the filing dates of the patents-in-suit;

6)      whether the asserted claims of the 152 Patent are anticipated by the prior art;

7)      whether the asserted claims of the 152 Patent are obvious in view of the prior art;

8)      whether the asserted claims of the 152 Patent are sufficiently described in the specification;

9)      whether the asserted claims of the 152 Patent are sufficiently enabled by the specification;

10)     whether the asserted claims of the 152 Patent are sufficiently described in the December 18, 1991 applications;

11)     whether the asserted claims of the 152 Patent are invalid for obviousness-type double patenting over claims of the 445, 684, 573, 743, 534 and 432 Patents;

12)     whether the asserted claims of the 445 Patent are obvious in view of the prior art;

13)     whether the asserted claims of the 445 Patent are sufficiently described in the specification;

14)     whether the asserted claims of the 445 Patent are sufficiently enabled by the specification;

15)     whether the inclusion of the term "substantially completely insoluble" in claims 1, 2, 11 and 16 of the 445 Patent renders the asserted claims of the 445 Patent indefinite; and

16)     why any evidence of secondary considerations that Plaintiffs may offer at trial is not relevant to the inquiry of whether the 152 and 445 Patents are invalid as obvious over the prior art.

**Warren H. Finlay, Ph.D.**

**Background/Qualifications**:

Dr. Warren H. Finlay is a full Professor in the Department of Mechanical Engineering at the University of Alberta. After receiving his Ph.D. from Stanford University in 1987, he joined the faculty of the University of Alberta as an Assistant Professor, and was promoted to the rank of full Professor in 1993. He has taught widely at the University of Alberta at both the undergraduate and graduate levels.

Dr. Finlay works extensively with companies around the world on drug delivery to the lungs. His laboratory is the originator of the Alberta Idealized Throat and Alberta Idealized Child Throat, which are sold worldwide by Copley Scientific (UK) for inhaler testing.

Dr. Finlay is the author of a book entitled "The Mechanics of Inhaled Pharmaceutical Aerosols: An Introduction," published by Academic Press, and has published numerous journal articles on the mechanics of inhaled pharmaceutical aerosols, as well as in more traditional engineering fields.

Dr. Finlay is the recipient of lifetime designations as a Fellow of the Engineering Institute of Canada (2011) and as a Fellow of the American Association for Aerosol Research (2009). He is also the recipient of various academic awards for outstanding achievement, including, among others, the APEGGA Centennial Leadership Award (2009), the joint American Association of Aerosol Research and International Society for Aerosols in Medicine Thomas T. Mercer Prize (2008), the APEGGA Summit/Alberta Ingenuity Fund Research Excellence Award (2006), A Killam Annual Professorship (2005-2006), 1st prize at the Association of Health Technologies Industry 7th Innovation Research Contest (2004), the International Society for Aerosols in Medicine Young Investigators Award (2001), McCalla Research Professor, the Birks Gold Medal in Engineering, and the NSERC 1967 Research Scholarship.

**Expected Testimony**:

As set forth in his expert reports, which are incorporated by reference, at trial, Dr. Finlay is expected to testify regarding Defendants' claims that the accused ANDA Product does not infringe any asserted claims of the 445 Patent, and that the claims of the 445 Patents are obvious in view of the prior art, including the following topics:

1) background regarding MDI technology, including spray orifice diameter;

2) the level of skill in the art as of the filing dates of the 445 Patent;

3) the knowledge of a person of ordinary skill in the art as of the filing dates of the 445 Patent;

4) the scope and content of the prior art for the 445 Patent, including the Airomir HFA product and specifications, Bespak actuators, U.S. Patent No. 7,105,152 ("the R. Schultz 152 Patent"), U.S. Patent No. 5,899,201 ("the R. Schultz 201 Patent"), and U.S. Patent No. 5,115,803 ("the Sioutas 803 Patent");

5) the comparison of the relevant prior art for the 445 Patent to the subject matter in the claims of the 445 Patent;

6) whether, in view of the prior art references alone or in combination, it would have been obvious for a person of ordinary skill in the art to select a spray orifice diameter in the ranges claimed in the 445 Patent with a reasonable expectation that it would be suitable for delivering the formulation claimed in the 445 Patent;

7) whether a person of ordinary skill in the art would conclude that the prior art does not criticize, discredit, or otherwise discourage the use of narrower spray orifice diameters with the suspension formulation claimed in the 445 Patent;

8) whether the prior art would have encouraged a person of ordinary skill in the art to select a narrower spray orifice, at least for the purposes of minimizing throat deposition and increasing the respirable fraction delivered downstream of the throat;

9) why any evidence of secondary considerations that Plaintiffs may offer at trial is not relevant to the inquiry of whether the 445 Patents is invalid as obvious over the prior art.

**David Howlett**

**Background/Qualifications**:

Mr. Howlett has more than thirty years of experience in the development and commercialization of MDI products, with a focus on the valves, canisters, actuators, and other components of MDI devices.  Mr. Howlett is the founder and owner of PharmaDelivery Solutions Ltd., a specialized consultancy service in the field of drug delivery (especially respiratory) device technology.  Mr. Howlett has worked with United Nations agencies (UNIDO and UNDP) as an International Technical Expert to phase out CFC-containing MDI products.  Mr. Howlett was the nominated UK country expert operating on behalf of the British Standards Institute, assigned to the ISO Technical Committee 84 supporting the development of a new ISO standard (20072) for the design verification of inhalation devices, which is now published as an approved standard.  Mr. Howlett has been an invited speaker to a number of international conferences presenting on aspects of the technology and regulation of inhalation devices.

Mr. Howlett attended Norfolk College of Arts and Technology at King's Lynn, Norfolk, UK and the Open University in Milton Keynes, UK.  He received a Bachelor of Arts (Tech) in Engineering in 1985 and a Bachelor of Arts (Tech) Honors 1st Class in Engineering in 1987, both from the Open University.  From 1982 to 2003, Mr. Howlett worked at Bespak PLC in various positions, such as pharmaceutical products development engineer, manager of the inhalations group, and the principal research manager pulmonary/manager technology partnering.

**Expected Testimony**:

As set forth in his expert reports, which are incorporated by reference, at trial, Mr. Howlett is expected to testify regarding Defendants' claims that the accused ANDA Product does not infringe any asserted claims of the 152 and 445 Patents, and that the claims of the 152 and 445 Patents are obvious in view of the prior art, including the following topics:

1)      MDI devices and components, in general;

2)      canisters, actuators, valves, gaskets, and other components of MDI products;

3)      surfactants considered and used in MDI formulations;

4)      whether certain fatty acids and their esters found in samples related to the ANDA Product and the ProAir HFA product are surfactants;

5)      the amounts of surfactants detected in samples related to the ANDA Product and the ProAir HFA product;

6)      interpretation of the analytical testing data provided by Dr. Spingarn and in the ANDA;

7)      interpretation of representations by Plaintiffs regarding the meaning of "substantially free of surfactant";

8)      extractables and leachables in MDI products;

9)      the manufacturing of MDI products;

10)     the leaching process as it relates to the manufacturing of MDI products;

11)     stability testing of MDI products;

12)     analytical testing of MDI formulations and products;

13)     why the accused ANDA Product does not meet each and every limitation of the asserted claims of the 152 Patent;

14)     why the accused ANDA Product does not meet each and every limitation of the asserted claims of the 445 Patent;

15)     the level of skill and qualifications of "a person of ordinary skill in the art" in the early to mid-1990s;

16)     the state of the art relating to formulating or reformulating an MDI product in the early to mid-1990s;

17)     the motivations of a person of ordinary skill in the art relating to formulating or reformulating an MDI product in the early to mid-1990s;

18)     the knowledge, availability and use of references, commercial products, and MDI components in the field of art in the early to mid-1990s;

19)     typical industry practice relating to the evaluation and testing of available commercial products and components;

20)     considerations regarding the choice or use of certain spray orifice diameters for MDI actuators;

21)     how the claims of the 445 Patent incorporated elements available in the prior art;

22)     why a person of ordinary skill in the art would have been motivated to modify or combine elements found in the prior art to arrive at the claimed invention of the 445 Patent;

23)     the level of expectation of success a person of ordinary skill in the art would have had with respect to modifying or combining elements found in the prior art to arrive at the claimed invention of the 445 Patent;

24)     why the ProAir HFA Product, for which Teva lists the 152 and 445 Patents in the Orange Book, does not meet each and every limitation of any claims of the 152 Patent or 445 Patent;

25)     whether Plaintiffs have offered any evidence indicative of the presence of any secondary considerations; and

26)     why any evidence of secondary considerations Plaintiffs may offer at trial is not relevant to the inquiry of whether the 152 and 445 Patents are invalid as obvious over the prior art.

**Neil E. Spingarn, Ph.D.**

**Background/Qualifications**:

Since 1984, Dr. Neil E. Spingarn has been the President of S & N Laboratories, an independent testing laboratory located in Santa Ana, California.  S & N Labs specializes in trace and microscopic analysis of a variety of materials including drugs, foods and medical devices. S & N Labs commonly employs a variety of analytical testing methods, including various forms of chromatography.  Dr. Spingarn has more than thirty years of experience designing and conducting gas chromatography-mass spectroscopy analysis of test samples, including aerosol samples.

Dr. Spingarn received a B.A. degree in Biochemistry from University of California (Berkeley) in 1974, M.S. and M. Phil. degrees in Pharmacology from Yale University in 1976, and a Ph.D. degree in Pharmacology, also from Yale University, in 1978.  Prior to founding S&N Labs, Dr. Spingarn held various teaching, research and managerial positions in academia as well as in the analytical services industry.  Dr. Spingarn is an author of seventeen research articles and several book chapters, including publications on the detection and analysis of carcinogens and mutagens, and on the development of chromatography methods including gas chromatography-mass spectroscopy methods.

**Expected Testimony**:

As set forth in his expert reports, which are incorporated by reference, at trial, Dr. Spingarn is expected to testify regarding Defendants' claims that the accused ANDA Product does not infringe any asserted claims of the 152 and 445 Patents, and that the claims of the 152 and 445 Patents are obvious in view of the prior art, including the following topics:

1) general background on the gas chromatography-mass spectroscopy ("GC-MS") method;

2)     designing sample collection and preparation procedure to test MDI samples by GC-MS;

3)     data collection in GC-MS analysis, in general;

4)     analytical testing, data collection and processing on MDI samples for this case;

5)     interpretation of GC-MS data, in general;

6)     interpretation and reporting of data generated on MDI samples for this case;

7)     detection, identification and quantitation of analytes in a sample using the GC-MS method, in general;

8)     detection, identification and quantitation of fatty acids and esters in a sample, in general;

9)     the analytical testing results from the MDI samples tested for this case; and

10)    interpretation of the analytical testing data generated from the MDI samples.

**Anthony Palmieri III, Ph.D., R.Ph.**

**Background/Qualifications**:

Dr. Palmieri is an Associate Scholar of Pharmaceutics at the University of Florida.  He obtained a Ph.D. in Pharmaceutics from the University of Georgia in 1976, and has more than forty years of experience in pharmaceutics with a focus on pharmaceutical dosage form design and evaluation.  Dr. Palmieri worked in various capacities in industry and academia, including as a tenured Associate Professor of Pharmaceutics at the University of Wyoming, Manager in the Technology Protection Department at the Upjohn Company, and at the University of Florida.

Dr. Palmieri is an author of the monographs concerning surfactants ethyl oleate and stearic acid in the 1986 edition of the Handbook of Pharmaceutical Excipients, and reviewed the monographs concerning various surfactants prior to inclusion in the subsequent editions of the Handbook.

**Expected Testimony**:

As set forth in his expert reports, which are incorporated by reference, at trial, Dr. Palmieri is expected to testify regarding Defendants' claims that the accused ANDA Product does not infringe any asserted claims of the 152 and 445 Patents, and that the claims of the 152 and 445 Patents are obvious in view of the prior art, including the following topics:

1)      general background on surfactants and the use of surfactants in pharmaceutical dose forms;

2)      the characteristics of surfactants;

3)      whether certain fatty acids and their esters found in samples related to the ANDA Product and the ProAir HFA product are surfactants;

4)      reporting of analytical testing data in general;

5)      the sample collection and preparation, testing method, and reporting of analytical testing data by Dr. Neil Spingarn;

6)      interpretation of the analytical testing data provided by Dr. Spingarn and from documents produced in this case;

7)      interpretation of representations by Plaintiffs and other entities regarding the presence of surfactants in ProAir HFA;

8)      interpretation of representations by Plaintiffs and other entities regarding the meanings of "no surfactant" and "substantially free of surfactant";

9)      the meaning and use of the terms "surfactant," "no surfactant," "substantially free of surfactant," "pharmaceutical suspension aerosol formulation," and "pharmaceutical aerosol formulation" in the 152 Patent and the 445 Patent;

10)     leaching process, in general;

11)     why the accused ANDA Product does not meet each and every limitation of the asserted claims of the 152 Patent;

12)     why the accused ANDA Product does not meet each and every limitation of the asserted claims of the 445 Patent;

13)     why the ProAir HFA Product, for which Teva lists the 152 and 445 Patents in the Orange Book, does not meet each and every limitation of any claims of the 152 Patent or 445 Patent; and

14)     why any evidence of secondary considerations Plaintiffs may offer at trial is not relevant to the inquiry of whether the 152 and 445 Patents are invalid as obvious over the prior art.

**Stephen G. Kunin**

    **Background/Qualifications**:

Mr. Stephen Kunin was employed by the USPTO for approximately 35 years, including 10 years as the Deputy Commissioner for Patent Examination Policy in the Office of the Commissioner for Patents.

Mr. Kunin's responsibilities as USPTO Deputy Commissioner (1994-2004) included, but were not limited to: (1) establishing patent examination and documentation policy standards for the Commissioner for Patents and being the authority on patent laws, rules, and examining practice and procedure; (2) reviewing and revising the MPEP; and (3) providing direction on establishment of new rules, practices, and procedures. The Deputy Commissioner also provides oversight to the USPTO Office of Petitions, Office of Patent Legal Administration, and Office of Patent Cooperation Treaty Legal Administration.

Before his appointment to the position of Deputy Commissioner for Patent Examination Policy, Mr. Kunin was a USPTO Examiner (1970-1979), a Supervisory Primary Examiner ("SPE") (1979-1982), a Group Director (1982-1989), and a Deputy Assistant Commissioner for Patents (1989-1994).

Mr. Kunin is currently a partner at the law firm Oblon, Spivak, McClelland, Maier & Neustadt, L.L.P. ("Oblon"), where he serves as a patent consultant on the practice and procedures of the USPTO. Mr. Kunin is Oblon's Deputy Managing Partner and General Counsel and further chairs the firm's Contested Proceedings and General Counsel Committees and Post-Grant Proceedings Practice Group.

Mr. Kunin is also the Director of the Intellectual Property Law Program at the George Mason School of Law, a position he has held since 2005, where he teaches patent law and intellectual property law courses. Mr. Kunin is a member of the Virginia State Bar and the Bars

of the Court of Appeals for the Federal Circuit and Supreme Court of the United States, and is also registered to practice as a patent attorney before the USPTO.

**Expected Testimony**:

As set forth in his expert report, which is incorporated by reference, and to the extent that Dr. Greenspan does not address similar issues, Mr. Kunin is expected to testify at trial regarding the expiration date of the 152 Patent and consonance, including the following topics:

1) why the 152 Patent term is 20 years from the date of the earliest filed non-provisional patent application for which domestic priority was claimed—namely December 18, 2011—pursuant to 35 U.S.C. § 154(a)(2);

2) why the 490 Application's November 4, 1998 submission violated USPTO's URAA transitional procedures under 37 C.F.R. § 1.129 by switching inventions from the claims elected by original presentation—the Group III formulation and the propellant HFA 227—to claims directed to a different purported invention—formulations including HFA 134a as the propellant;

3) why the 490 Application's November 4, 1998 submission is a continued prosecution application;

4) why consonance with respect to the 490 Application requires that the Applicants not attempt to reclaim the subject matter previously elected for prosecution within the parent 039 Application.

5) the 490 Application prosecution history, including the Applicants' election of claims directed to the Group III formulation and the propellant HFC 227 by original presentation, the claims subsequently prosecuted, and the Applicants' submissions with respect to the USPTO's URAA transitional procedures under 37 C.F.R. § 1.129;

6) the prosecution histories of the applications related to the 490 Application, which issued as the 152 Patent;

7) the 039 Application prosecution history, including the Examiner's restriction requirement and the Applicants' election, without traverse, of Group I and the specific propellant HFA 134a in response to the Examiner's restriction requirement;

8) the 603 Application prosecution history; including the post-URAA filing as a "file wrapper continuation," the continued prosecution of Group I claims from the 039 application, and the Applicants' filing of a "continued prosecution application" and switch of propellants from HFA 134a to HFA 227; and

9)     USPTO practices and procedures, particularly the USPTO transitional procedures for further limited examination related to the implementation of the 1994 Uruguay Round Agreements Act ("URAA").

**Bernard J. Greenspan, Ph.D.**

**Background/Qualifications**:

Dr. Bernard Greenspan has over 30 years of experience in the chemical and pharmaceutical industries, including the development and patent protection of inhalation drug delivery products. Dr. Greenspan further is a Registered Patent Agent with the USPTO and has practiced in the patent field since 2001.

Dr. Greenspan has a Ph.D. in Biophysics, and has held various research and management positions in the field of inhalation toxicology, aerosol science, and respiratory drug delivery for over 30 years. Dr. Greenspan's responsibilities included, but are not limited, to: 1) leading the research and development of inhalation drug delivery products; 2) patent prosecution; 3) establishing intellectual property strategy for capturing new intellectual property, such as patents; and 4) patent portfolio analysis. Dr. Greenspan also teaches intellectual property courses at the University of California San Diego Extension Program.

**Expected Testimony**:

As set forth in his expert report, which is incorporated by reference, and to the extent that Mr. Kunin does not address similar issues, Dr. Greenspan is expected to testify at trial regarding the expiration date of the 152 Patent and consonance, including the following topics:

1) why the 152 Patent term is 20 years from the date of the earliest filed non-provisional patent application for which domestic priority was claimed—namely December 18, 2011—pursuant to 35 U.S.C. § 154(a)(2);

2) why the 490 Application's November 4, 1998 submission violated USPTO's URAA transitional procedures under 37 C.F.R. § 1.129 by switching inventions from the claims elected by original presentation—the Group III formulation and the propellant HFA 227—to claims directed to a different purported invention—formulations including HFA 134a as the propellant;

3) why the 490 Application's November 4, 1998 submission is a continued prosecution application;

4)    why consonance was violated with respect to the 490 Application when the Applicants reclaimed the subject matter previously elected for prosecution within the parent 039 Application;

5)    the 490 Application prosecution history, including the Applicants' election of claims directed to the Group III formulation and the propellant HFC 227 by original presentation, the claims subsequently prosecuted and the claim elements with respect to the Examiner's 039 Application restriction requirement, and the Applicants' submissions with respect to the USPTO's URAA transitional procedures under 37 C.F.R. § 1.129;

6)    the prosecution histories of the applications related to the 490 Application, which issued as 152 Patent;

7)    the 039 Application prosecution history, including the Examiner's restriction requirement, the elements of each invention in the Examiner's Groups I-VI, and the Applicants' election, without traverse, of Group I and the specific propellant HFA 134a in response to the Examiner's restriction requirement;

8)    the 603 Application prosecution history; including the post-URAA filing as a "file wrapper continuation," the continued prosecution of Group I claims from the 039 application, and the Applicants' filing of a "continued prosecution application" and switch of propellants from HFA 134a to HFA 227; and

9)    USPTO practices and procedures, particularly the USPTO transitional procedures for further limited examination related to the implementation of the 1994 Uruguay Round Agreements Act ("URAA").

**Raoul L. Wolf, M.D.**

**Background/Qualifications**:

Dr. Wolf is the Chief of the Section of Allergy, Asthma and Immunology at the University of Chicago and the University of Chicago Hospitals, and has been in that position since 1994.  Concurrently, from 1986 to 2013, Dr. Wolf was an attending Physician and Chief in the Division of Allergy/Pulmonology at La Rabida Children's Hospital and Research Center in Chicago, Illinois.  In addition, since 1985, Dr. Wolf has served first as the Acting Director, and then the Director of the Section of Allergy/Immunology/Pulmonology at Wyler Children's Hospital (Comer Children's Hospital since 2005).

Dr. Wolf is a Professor of Pediatrics at the Pritzker School of Medicine in the University of Chicago.  Dr. Wolf began his teaching career as an Assistant Professor of Pediatrics at the Pritzker School of Medicine.  In 1986, Dr. Wolf became an Associate Professor of Clinical Pediatrics, and he has held his current academic position since 2003.  Through his many years of experience in educational appointments, Dr. Wolf has been involved with, among other things, the clinical education of residents and students in general pediatrics and intensive care medicine, the clinical education of residents and medical students in Allergy, Immunology and Pulmonology, and lectured to pediatricians, internists, and family physicians in didactic sessions and discussion groups.

Dr. Wolf is a board certified physician in pediatrics as well as allergy and immunology in the United States, and is also certified in South Africa.  Dr. Wolf received his medical degree from the University of Witwatersand in Johannesberg, South Africa in 1969.  Dr. Wolf did his internship and residency training in South Africa.  His fellowship in Allergy and Immunology was through Harvard Medical School at Boston Children's Hospital.  Dr. Wolf has since been a practicing physician for over 40 years.  The majority of Dr. Wolf's clinical practice constitutes

treating patients with asthma, and COPD; Dr. Wolf treats hundreds of patients with asthma per year.  Over the course of his extensive work treating patients with asthma, Dr. Wolf developed and validated a rapid use instrument for the detection of asthma in children and for use in schools.  Since the publication of the screen, it has been administered to over 300,000 school children, and used by several investigators.  Dr. Wolf also founded and served as the Director of the La Rabida Community Asthma Program for Children from 1997 to 2012.  This was a program designed to provide clinical care, teaching and research among high risk asthmatic children.

Dr. Wolf is regularly involved in preparing and presenting lectures and seminars at a national and regional level.  He is a long time, active member of several professional societies, many of which relate directly to allergy and respiratory diseases, including the American Academy of Allergy and Clinical Immunology, the American Thoracic Society, the American College of Chest Physicians and the American Academy of Pediatrics.

Dr. Wolf has authored dozens of peer reviewed articles, clinical research including articles, as well as a number of books, book chapters, and abstracts concerning both his medical and research practice.

**Expected Testimony**:

As set forth in his expert report, which is incorporated by reference, at trial, Dr. Wolf is expected to testify there was no long felt need for treatment of asthma, COPD or EIB that was satisfied by ProAir HFA, including the topics below:

1)      an overview of the treatment of asthma and COPD and a history of the treatment of these conditions, including the treatment of patients with albuterol and MDI medications using both CFC and HFA albuterol MDI inhalers, treatment advances and the challenges faced by physicians;

2)      whether ProAir HFA is a significant advancement or improvement in the treatment of asthma, COPD and EIB, including that:

       a.      there is no data in patients showing that ProAir HFA has any significant clinical advantages over its albuterol HFA competitors, or its albuterol CFC predecessors;

       b.      physicians and patients do not demand ProAir HFA because physicians consider ProAir HFA to be interchangeable with its albuterol HFA competitors, and patients do not recognize any significant advantages of ProAir HFA; and

       c.      Teva's advertising materials do not highlight any advantages concerning efficacy and safety of ProAir HFA over its competitors;

3)      The confusion among physicians about whether the product that would become ProAir HFA was generic when it was launched.

**Joel W. Hay, Ph.D.**

    **Background/Qualifications**:

    Dr. Hay is a tenured Full Professor and Founding Chair of Pharmaceutical Economics and Policy in the School of Pharmacy, with joint appointments in the Department of Economics and at the Schaeffer Center for Health Policy and Economics at the University of Southern California ("USC"). He also serves as the USC Project Coordinator for the Rand Evidence-Based Medicine Practice Centers of Southern California funded by the U.S. Agency for Health Research and Quality. He is a Health Economics Research Scholar at the UCLA Center for Pediatric Vaccine Research. He is a founding Executive Board member of the American Society for Health Economics and a founding member and founding Executive Board member of the International Society of Pharmacoeconomics and Outcomes Research.

    Dr. Hay received his B.A. in Economics, summa cum laude, from Amherst College in 1974. He then went on to receive his M.A. in Economics in 1975 and his M.Ph. in Economics in 1976 from Yale University. In 1980, he received his Ph.D. in Economics from Yale.

    From 1978 to 1980, Dr. Hay was an Assistant Research Professor at USC. Then from 1980 to 1984, he was an Assistant Professor in the Department of Behavioral Sciences and Community Health and Department of Economics at the University of Connecticut. Dr. Hay was also a Senior Policy Analyst with Project Hope from 1983 to 1985. Then from 1985 to 1992, he was a Senior Research Fellow at the Hoover Institution at Stanford University. In 1992, Dr. Hay was recruited to USC to found the Department of Pharmaceutical Economics and Policy. He has been a tenured USC faculty member since then.

    Dr. Hay has authored or co-authored over 450 scientific abstracts, reports, and presentations, including 170 peer-reviewed scientific articles in the fields of pharmaceutical markets, pharmaceutical economics, health economics, outcomes research, disease management,

statistics, econometrics, epidemiology, and health care in journals including: American Journal of Cardiology; American Journal of Health-Systems Pharmacy; American Journal of Managed Care; American Journal of Public Health; Archives of Neurology; Cancer; Haemophilia; Health Care Financing Review; Health Policy; JAMA; Journal of AIDS; Journal of the American Geriatrics Society; Journal of Business & Economic Statistics; Journal of Clinical Gastroenterology; Journal of Health Economics; Journal of Health Politics, Policy and Law; Journal of Human Resources; Journal of the Royal Statistical Association; Medical Care; Pediatrics; and Value in Health.

In addition to the hundreds of pharmacoeconomic studies that Dr. Hay has conducted, he has published numerous peer-reviewed scientific articles and abstracts on the cost effectiveness and pharmacoeconomic value of asthma, allergy and chronic obstructive pulmonary disease drugs, including short acting beta agonists such as albuterol inhalers.

Dr. Hay has served as a consultant to the U.S. Centers for Medicare and Medicaid Services, U.S. Agency for Healthcare Research and Quality, U.S. Centers for Disease Control and Prevention, U.S. Public Health Service, U.S. Food and Drug Administration ("FDA"), U.S. Environmental Protection Agency, Government of Hungary, Hong Kong Centre for Economic Research, Hong Kong Medical Executives Association, World Bank, California AIDS Commission, California Medi-Cal Drug Advisory Board, County of San Diego Medically Indigent Adult Program, and County of Sacramento Homeless Program.

Dr. Hay has also written numerous health-related op-eds published in papers such as Los Angeles Times, New York Times, Wall Street Journal, San Francisco Chronicle, San Diego Union, Sacramento Bee, and Newsday. He has been interviewed numerous times on television

and radio regarding health-related and drug-related policy issues, including media networks such as PBS, CBS, ABC, NBC, Fox News, C-SPAN, and Air America.

Dr. Hay has served as a member of the Expert Advisory Panel on Drug Utilization Review, United States Pharmacopeial Convention; an Executive Committee member for the federally sponsored Southern California Evidence-Based Medicine Practice Center; and a member of the JAMA Web Site HIV/AIDS Editorial Review Panel.  He is also serving a third consecutive two-year term as a Study Section member for the Extramural Grants Review Program for the Agency for Healthcare Research and Quality of the U.S. Department of Health and Human Services.

From 2004 to 2010, Dr. Hay was a founding member of the Health Policy Scientific Council of the International Society for Pharmacoeconomics and Outcomes Research.  From 2006 to 2010, he was founding Co-Chair of the International Society for Pharmacoeconomics and Outcomes Research (ISPOR) Drug Cost Task Force.  In 2010, this Task Force published six peer-reviewed guideline papers on pharmaceutical costing methodology in the journal Value in Health, all of which he edited and co-authored.

Dr. Hay served as the Founding Editor-in-Chief of Value in Health, the peer-reviewed scientific journal of the International Society for Pharmacoeconomics and Outcomes Research, from its 1998 inception until 2003.  In its first scientific citation impact factor, Value in Health was ranked number one in two categories for the year 2004 by the ISI Journal Citation Reports® (JCR) with an impact factor of 3.657.  Value in Health led all other journals listed in both the Health Care Sciences and Services category of the JCR Science Edition and in the Health Policy & Services category of the JCR Social Sciences Edition.  These categories include all journals relating to health economics and pharmaceutical economics.

**Expected Testimony**:

As set forth in his expert report, which is incorporated by reference, at trial, Dr. Hay is expected to testify regarding any evidence of commercial success of ProAir HFA Plaintiffs may offer at trial and why such evidence is not relevant to the inquiry of whether the 152 and 445 Patents are invalid as obvious over the prior art, including the topics below:

1)    whether Plaintiffs have offered any evidence indicative of any commercial success of ProAir HFA;

2)    the lack of a nexus between ProAir HFA's alleged commercial success and the claims of the 152 and 445 Patents;

3)    the SABA therapeutic category was fully established before ProAir HFA's launch;

4)    ProAir HFA's market penetration and performance in the marketplace has not been demonstrated to be tied to any features of ProAir HFA not shared by SABA competitors such as Proventil HFA, Ventolin HFA and Xopenex HFA, and that instead, ProAir HFA achieved its market penetration and sales volume because of:

   a.    confusion regarding whether ProAir HFA is a generic medication;

   b.    low price strategy after launch;

   c.    formulary advantage, which was not derived from any identified safety or efficacy differences between ProAir HFA and its SABA competitors; and

   d.    physicians prescribing "albuterol" generically, rather than writing prescriptions for a particular HFA brand because both physicians and patients consider albuterol HFA MDIs to be interchangeable;

5)    ProAir HFA's plume advertising has not driven ProAir HFA's market penetration or sales as neither physicians nor patients demand ProAir HFA because of any plume characteristics; and

6)    Teva's marketing expenses for ProAir HFA, which continued to increase many years after ProAir HFA entered the market, and that such marketing expenses have not been shown to have any nexus to novel claims of the 152 and 445 Patents.

**Scott Megaffin**

**Background/Qualifications**:

Mr. Megaffin is currently a senior vice president at Onconova Therapeutics, Inc., where he has direct responsibility for the commercial strategy and planning of the oncology and radiation portfolio, awareness communication and commercial negotiation of licensing transactions.

Mr. Megaffin has more than 26 years of experience in commercial pharmaceutical marketing, sales, commercial operations and executive leadership. His experience includes brand leadership within public and private companies, including global pharmaceutical companies, such as Cephalon, Schering-Plough, Yamanouchi, Pfizer (Pharmacia), and Bristol-Myers Squibb. He has held positions of increasing responsibility within cardiovascular and metabolic disease, pain and inflammation, oncology/virology, anti-infectives and critical care / peri-operative care.

As a commercial leader (or lead), Mr. Megaffin has facilitated senior level decision-making and interacted with all cross-functional areas supporting commercialization, including sales, learning and development, managed care, trade and compliance, as well as enabling functions of regulatory, legal, discovery, clinical, and medical affairs. Mr. Megaffin has led the formulation and execution of both annual and long range planning, with sustainable objectives and policies which have included 5 to 15 year brand and franchise strategies. Mr. Megaffin has led teams which have expanded marketing effectiveness, established new models of product planning, directed market share expansion, prepared franchise forecasts, and guided life-cycle planning and post-approval clinical pharmacovigilance and monitoring.

Mr. Megaffin's duties have also included accelerated competitive assessments and the development of early product positioning, and macro-pricing strategy for preclinical and early

development compounds to ensure appropriate IRR (internal rate of return). Mr. Megaffin has carried the responsibility of a fully loaded profit and loss balance sheet for divisions of global companies. Mr. Megaffin has managed and overseen commercial preparations for marketing, market research, medical affairs and sales in preparation for major new product launches through strategic prioritization and targeting. Mr. Megaffin has developed, instituted and co-chaired life-cycle development teams to develop global Phase II, Phase III and Phase IV programs encompassing all facets of commercial and clinical registration. Mr. Megaffin has shaped market-specific strategy and front line execution.

Mr. Megaffin earned a Bachelor of Science degree in Biology from Pittsburg State University in 1984.

**Expected Testimony**:

As set forth in his expert report, which is incorporated by reference, at trial, Mr. Megaffin is expected to testify regarding any evidence of commercial success of ProAir HFA Plaintiffs may offer at trial and why such evidence is not relevant to the inquiry of whether the 152 and 445 Patents are invalid as obvious over the prior art, including the topics below:

1) whether Plaintiffs have offered any evidence indicative of any commercial success of ProAir HFA;

2) the lack of a nexus between ProAir HFA's alleged commercial success and the claims of the 152 and 445 Patents;

3) the SABA therapeutic category was fully established before ProAir HFA's launch;

4) ProAir HFA's market penetration and performance in the marketplace has not been demonstrated to be tied to any features of ProAir HFA not shared by SABA competitors such as Proventil HFA, Ventolin HFA and Xopenex HFA, and that instead, ProAir HFA achieved its market penetration and sales volume because of:

   a. confusion regarding whether ProAir HFA is a generic medication;

   b. low price strategy after launch;

c.      formulary advantage, which was not derived from any identified safety or efficacy differences between ProAir HFA and its SABA competitors; and

d.      physicians prescribing "albuterol" generically, rather than writing prescriptions for a particular HFA brand because both physicians and patients consider albuterol HFA MDIs to be interchangeable;

5)    ProAir HFA's plume advertising has not driven ProAir HFA's market penetration or sales as neither physicians nor patients demand ProAir HFA because of any plume characteristics; and

## SCHEDULE F
## DEPOSITION DESIGNATIONS

1.       Plaintiffs' list of all depositions, or portions thereof, to be read into evidence and statements by Defendants of any objections thereto is included as **Schedule F-1**.

2.       Defendants' list of all depositions, or portions thereof, to be read into evidence and statements by Plaintiffs of any objections thereto is included as **Schedule F-2**.

3.       To the extent admissible, a party may introduce deposition testimony by video or by transcript.  When deposition designation excerpts are introduced, all admissible deposition counter-designation excerpts, whether offered by video or by transcript, will be introduced simultaneously in the sequence in which the testimony was originally given.  To the extent such designations are read or played in open court, each party will be charged for the time taken to read or play its designations or counter-designations, respectively.

4.       If a video deposition is proposed to be used, opposing counsel must be so advised sufficiently before trial to permit any objections to be made and ruled on by the court and to allow objectionable material to be edited out of the film before trial.  If good cause is shown as to why objections to portions of a video tape deposition could not be made sufficiently before trial to permit the court to rule, objections shall be made on the record and handled in accordance with the Court's procedures.  Video depositions shall otherwise be handled at trial in accordance with D. Del. LR 30.4(d).  Any deposition testimony not specifically identified on a party's deposition designation list still may be used at trial for the purpose of impeachment, if otherwise competent for such purposes.

## SCHEDULE F-1
## PLAINTIFFS' DEPOSITION DESIGNATIONS

1.    Bickler, Elizabeth (Oct. 30, 2013)

| Deponent | Plaintiffs' Designations | Defendants' Objections | Ruling | Defendants' Counter-Designations | Plaintiffs' Objections | Ruling |
|---|---|---|---|---|---|---|
| Bickler, Elizabeth[1] | 10:11-16[2] | -- | | | | |
| Bickler, Elizabeth | 15:15-16:2 | MIS, NARR, V | | 10:23-11:9; 16:3-8 | 32(a), 402, 403 | |
| Bickler, Elizabeth | 16:18-17:6 | I, LC, U, V | | 19:12-20; 20:4-10 | 32(a), 106 (19:21-20:3), 402, 403, Counsel | |
| Bickler, Elizabeth | 20:14-22 | -- | | | | |
| Bickler, Elizabeth | 35:21-25 | F, PK, SPEC, V | | 35:5-17; 36:3-10 | 402, 403 | |
| Bickler, Elizabeth | 36:12-24 | PK, NARR, SPEC, V | | 35:5-17; 36:3-10 | 402, 403 | |
| Bickler, Elizabeth | 37:15-21 | BTS, PK, SPEC, V | | 35:5-17; 36:3-10; 37:22-38:24 | 32(a), 402, 403 Counsel | |
| Bickler, Elizabeth | 41:21-23 | BTS, H, PK, SPEC, V | | 35:5-17; 36:3-10 | 402, 403 | |
| Bickler, Elizabeth | 42:2-4 | BTS, H, PK, SPEC, V | | 35:5-17; 36:3-10; 42:6-10 | 32(a), 402, 403, Counsel | |
| Bickler, Elizabeth | 43:12-23 | H, MIS | | 44:10-12 | 402, 403, 602 | |

---

[1] The Rule 30(b)(6) testimony is subject to defendants' additional objections including but not limited to Defendants' Objections to Plaintiffs' Notices of Deposition Pursuant to Fed. R. Civ. P. 30(b)(6).

[2] Plaintiffs highlighted but did not list the designation 8:7-11 in Schedule F-1.

| Deponent | Plaintiffs' Designations | Defendants' Objections | Ruling | Defendants' Counter-Designations | Plaintiffs' Objections | Ruling |
|---|---|---|---|---|---|---|
| Bickler, Elizabeth | 44:3-9 | CU, H, MIS, PK | | 44:10-12 | 402, 403, 602 | |
| Bickler, Elizabeth | 45:2-16 | BTS, H; MIS, PK, SPEC; V | | 44:10-12; 45:17-18; 46:10-18 | 32(a), 106 (46:4-9), 402, 403, 602, Counsel | |
| Bickler, Elizabeth | 45:22-46:2 | AA, BTS, H, MIS, PK, SPEC, V | | 44:10-12; 45:17-18; 46:10-18 | 106 (46:4-9), 402, 403, 602, Counsel | |
| Bickler, Elizabeth | 49:4-10 | -- | | | | |
| Bickler, Elizabeth | 49:14-50:8 | H, MIS | | | | |
| Bickler, Elizabeth | 53:4-54:1 | CU, H, MIS | | 51:5-12; 54:2-5; 55:2-4 | 32(a), 402, 403, Counsel, Vague | |
| Bickler, Elizabeth | 54:6-7 | V, PK, SPEC | | 54:2-5; 54:8; 55:2-4 | 32(a), 402, 403, Counsel, Vague | |
| Bickler, Elizabeth | 54:9-12 | V, PK, SPEC | | 54:2-5; 54:18; 55:2-4 | 32(a), 402, 403, Counsel, Vague | |
| Bickler, Elizabeth | 54:14-17 | BTS, CP, H, V, SPEC | | 54:18; 55:2-4 | 32(a), 402, 403, Counsel, Vague | |
| Bickler, Elizabeth | 54:22-25 | BTS, CP, H, V, SPEC | | 54:18; 55:2-4 | 32(a), 402, 403, Counsel, Vague | |
| Bickler, Elizabeth | 57:20-23 | AA, BTS, H, MIS, V, SPEC | | 55:2-4; 57:2-13; 57:24-58:1 | 32(a), Vague, Counsel | |
| Bickler, Elizabeth | 58:2-8 | AA, BTS, H, MIS, V, SPEC | | 55:2-4; 57:2-13; 57:24-58:1; 58:9-11 | 32(a), 402, 403, Vague, Counsel | |
| Bickler, Elizabeth | 58:12-15 | AA, BTS, H, MIS, V, SPEC | | 55:2-4; 57:2-13; 57:24-58:1; 58:9-11 | 32(a), Vague, Counsel | |
| Bickler, Elizabeth | 59:4-9 | CU, H, MIS | | 59:10-13 | 32(a), 402, 403, 801/802 | |

| Deponent | Plaintiffs' Designations | Defendants' Objections | Ruling | Defendants' Counter-Designations | Plaintiffs' Objections | Ruling |
|---|---|---|---|---|---|---|
| Bickler, Elizabeth | 60:23-61:2 | H, MIS | | 61:3-7 | 402, 403, 602, 801/802 | |
| Bickler, Elizabeth | 61:8-23 | H, MIS, PK, SPEC | | 61:3-7 | 402, 403, 602, 801/802 | |
| Bickler, Elizabeth | 62:11-63:12 | CU, H, MIS, PK, SPEC | | | | |
| Bickler, Elizabeth | 65:2-16 | H, MIS, SPEC | | | | |
| Bickler, Elizabeth | 68:7-15 | H, MIS, PK, SPEC | | | | |
| Bickler, Elizabeth | 69:9-12 | BTS, CC, PK, SPEC, R, U, V | | 69:13-14; 70:1-16 | 32(a), 602, Counsel | |
| Bickler, Elizabeth | 69:17-25 | BTS, CC, PK, SPEC, R, U, V | | 69:13-14; 70:1-16 | 32(a), 602, Counsel | |
| Bickler, Elizabeth | 71:2-4 | ARG, BTS, CC, I, MIS, R, U, V | | 69:13-14; 70:1-16 | 32(a), 602, Counsel | |
| Bickler, Elizabeth | 75:5-12 | -- | | | | |
| Bickler, Elizabeth | 77:3-7 | V | | 10:23-11:9; 16:3-8; 77:8 | 32(a), 402, 403 Counsel | |
| Bickler, Elizabeth | 77:9-78:2 | AA, ARG, BTS, H, MIS, R, V | | 10:23-11:9; 16:3-8; 77:8; 78:3-4 | 32(a), 402, 403, Counsel | |
| Bickler, Elizabeth | 78:5-9 | AA, ARG, BTS, H, MIS, R | | 78:3-4; 78:10-12 | 106 (78:13), Counsel | |
| Bickler, Elizabeth | 78:16-17 | ARG, BTS, H, MIS, R | | 78:10-12 | 32(a), 106 (78:13), Counsel | |
| Bickler, Elizabeth | 79:3-6 | ARG, BTS, F, H, IH, LC, MIS, O, R, SPEC, U | | 79:7-8 | 32(a), 402, 403, Counsel | |
| Bickler, Elizabeth | 79:9-17 | ARG, BTS, H, IH, MIS, R | | 79:7-8; 79:18 | 32(a), 402, 403, Counsel | |
| Bickler, Elizabeth | 79:22-23 | ARG, BTS, H, MIS | | 79:18 | 32(a), Counsel | |
| Bickler, Elizabeth | 94:8-9 | BTS, R, SPEC, U, V | | 94:10 | 32(a), Counsel | |
| Bickler, Elizabeth | 94:11-17 | BTS, PK, R, SPEC, U, V | | 94:10; 94:18 | 32(a), Counsel | |

| Deponent | Plaintiffs' Designations | Defendants' Objections | Ruling | Defendants' Counter-Designations | Plaintiffs' Objections | Ruling |
|---|---|---|---|---|---|---|
| Bickler, Elizabeth | 94:19-22 | BTS, PK, R, SPEC, U, V | | 94:18; 94:23 | 32(a), Counsel | |
| Bickler, Elizabeth | 94:24-95:3 | BTS, PK, R, SPEC, U, V | | 94:23; 95:4 | 32(a), Counsel | |
| Bickler, Elizabeth | 95:5-5 | BTS, PK, R, SPEC, U, V | | 95:4 | 32(a), Counsel | |
| Bickler, Elizabeth | 100:22-101:6 | -- | | 101:7-12 | 402, 403, 602, 801/802 | |
| Bickler, Elizabeth | 101:13-24 | CU, H, MIS | | 101:11-12; 101:25-102:6 | 402, 403, 602 | |
| Bickler, Elizabeth | 102:7-10 | AA, I, H, MIS, O, SPEC, V | | 101:11-12; 101:25-102:6; 102:11-12 | 32(a), 402, 403, 602, Counsel | |
| Bickler, Elizabeth | 102:16-16 | AA, I, H, MIS, O, SPEC, V | | 101:11-12; 101:25-102:6 102:11-12 | 32(a), 402, 403, 602, Counsel | |
| Bickler, Elizabeth | 102:18-103:11 | H, MIS, NARR, SPEC, V | | 101:11-12; 101:25-102:6; 103:12 | 32(a), 402, 403, 602, Counsel | |
| Bickler, Elizabeth | 103:13-16 | H, MIS, NARR, SPEC, V | | 101:11-12; 101:25-102:6; 103:12 | 32(a), 402, 403, 602, Counsel | |
| Bickler, Elizabeth | 108:15-110:13 | H, MIS, SPEC, V | | 103:25-104:20; 111:10-12; 111:20-112:2 | 402, 403, 602, 801/802 | |
| Bickler, Elizabeth | 110:21-111:9 | CP, H, MIS, SPEC, V | | 103:25-104:20; 111:10-12; 111:20-112:2 | 402, 403, 602, 801/802 | |
| Bickler, Elizabeth | 112:6-113:6 | H, MIS, PK, SPEC, V | | 113:7-14 | 402, 403, 602 | |
| Bickler, Elizabeth | 113:15-19 | H, MIS, PK, SPEC, V | | 113:7-14 | 402, 403, 602 | |
| Bickler, Elizabeth | 115:2-4 | BTS, H, MIS, PK, R, SPEC, V | | 113:7-14; 115:5-6 | 32(a), 402, 403, 602, Counsel | |

| Deponent | Plaintiffs' Designations | Defendants' Objections | Ruling | Defendants' Counter-Designations | Plaintiffs' Objections | Ruling |
|---|---|---|---|---|---|---|
| Bickler, Elizabeth | 115:7-7 | BTS, H, MIS, PK, R, SPEC, V | | 113:7-14; 115:5-6 | 32(a), 402, 403, 602, Counsel | |
| Bickler, Elizabeth | 118:8-14 | OB, | | | | |
| Bickler, Elizabeth | 119:2-16 | H, MIS, PK, SPEC | | 121:24-25; 122:3 | 402, 403, 602 | |
| Bickler, Elizabeth | 123:1-4 | H, MIS | | 121:24-25; 122:3 | 402, 403, 602 | |
| Bickler, Elizabeth | 123:10-124:11 | H, MIS, NARR, V Line 123:18: subject to errata ("analyzed" should be "annualized") | | 121:24-25; 122:3 | 402, 403, 602 | |
| Bickler, Elizabeth | 134:23-135:18 | H, MIS | | 135:19-20 | 402, 403, 602 | |
| Bickler, Elizabeth | 135:21-137:24 | CP, H, MIS, SPEC | | 135:19-20 | 402, 403, 602 | |
| Bickler, Elizabeth | 140:20-141:7 | AA, BTS, H, IH, MIS, SPEC, V | | 135:19-20; 141:8-9 | 32(a), 402, 403, 602, Counsel | |
| Bickler, Elizabeth | 141:10-17 | BTS, H, IH, MIS, SPEC, V Line 141:3: subject to errata ("at this point" should be "at the point") | | 135:19-20; 141:8-9 | 32(a), 402, 403, 602, Counsel | |
| Bickler, Elizabeth | 151:10-14 | BTS, CU, H, MIS, O, PK, R, SPEC | | 143:22-24; 150:21-23; 151:1-6; 151:15-16 | 32(a), 106 (151:17), Counsel | |
| Bickler, Elizabeth | 151:18-18 | BTS, CU, H, MIS, O, PK, R, SPEC | | 143:22-24; 150:21-23; 151:1-6; 151:15-16 | 32(a), 106 (151:17), Counsel | |
| Bickler, Elizabeth | 152:23-153:20 | AA, CP, CU, PK, SPEC, V | | 35:5-17; 36:3-8; 36:10; 153:21 | 32(a), 402, 403, Counsel | |

| Deponent | Plaintiffs' Designations | Defendants' Objections | Ruling | Defendants' Counter-Designations | Plaintiffs' Objections | Ruling |
|---|---|---|---|---|---|---|
| Bickler, Elizabeth | 153:22-22 | AA, CP, CU, PK, SPEC, V | | 35:5-17; 36:3-8; 36:10; 153:21 | 32(a), 402, 403, Counsel | |
| Bickler, Elizabeth | 153:24-154:1 | AA, CP, CU, PK, SPEC, V | | 35:5-17; 36:3-10; 154:2 | 32(a), 402, 403, Counsel | |
| Bickler, Elizabeth | 154:3-3 | AA, CP, CU, SPEC, PK, V | | 35:5-17; 36:3-10; 154:2 | 32(a), 402, 403, Counsel | |
| Bickler, Elizabeth | 166:11-19 | -- | | 150:21-23; 151:1-6 | 32(a), Counsel | |
| Bickler, Elizabeth | 166:23-167:1 | H, MIS | | 150:21-23; 151:1-6 | 32(a), Counsel | |
| Bickler, Elizabeth | 167:23-168:18 | H, MIS | | 150:21-23; 151:1-6 | 32(a), Counsel | |
| Bickler, Elizabeth | 169:17-24 | H, MIS, R, SPEC | | 150:21-23; 151:1-6 | 32(a), Counsel | |
| Bickler, Elizabeth | 170:3-5 | H, MIS, R, SPEC | | 150:21-23; 151:1-6 | 32(a), Counsel | |
| Bickler, Elizabeth | 178:8-10 | BTS, O, R, SPEC, R, U, V | | 178:11 | 32(a), Counsel | |
| Bickler, Elizabeth | 178:12-16 | AA, CP, BTS, O, SPEC, R, U, V | | 178:11; 178:17-18 | 32(a), Counsel | |
| Bickler, Elizabeth | 178:23-179:3 | AA, CP, BTS, O, SPEC, R, U, V | | 178:17-18 | 32(a), Counsel | |
| Bickler, Elizabeth | 179:11-180:1 | BTS, O, SPEC, R, U, V | | 180:2-6; 180:13-18 | 32(a), 106 (180:8, 180:10-11), 602, 701/702, 801/802 | |

2.    Booydegraaff, Henry (Nov. 1, 2013)

| Deponent | Plaintiffs' Designations | Defendants' Objections | Ruling | Defendants' Counter-Designations | Plaintiffs' Objections | Ruling |
|---|---|---|---|---|---|---|
| Booydegraaff, Henry[3] | 9:6-15 | | | | | |
| Booydegraaff, Henry | 11:14-20 | | | | | |
| Booydegraaff, Henry | 12:19-21 | | | | | |
| Booydegraaff, Henry | 20:4-12 | BTS, V, R | | | | |
| Booydegraaff, Henry | 26:14-16 | V, MIS, F | | | | |
| Booydegraaff, Henry | 26:18-18 | V, MIS, F | | | | |
| Booydegraaff, Henry | 26:23-27:7 | BTS, R, V, MIS, F | | 27:8-14 | 32(a) | |
| Booydegraaff, Henry | 32:15-33:4 | BTS, V, R | | 35:2-13; 39-22-25; 107:23-108:2; 108:6-108:10; 108:12-108:18; 109:20-25 | 32(a), 602, 403, 801/802, Counsel | |
| Booydegraaff, Henry | 33:16-34:4 | BTS, V, R, CP, F | | 35:2-13; 39:22-25; 107:23-108:2; 108:6-108:10; 108:12-108:18; 109:20-25 | 32(a), 602, 403, 801/802, Counsel | |
| Booydegraaff, Henry | 36:7-37:1 | SPEC, V, PK, H | | 38:13-15; 38:18-20; 39:22-25; 40:10-13; 49:18-50:2 | 32(a), 106 (40:1-9; 49:13-16), 403 Vague | |

---

[3] The Rule 30(b)(6) testimony is subject to defendants' additional objections including but not limited to Defendants' Objections to Plaintiffs' Notices of Deposition Pursuant to Fed. R. Civ. P. 30(b)(6).

| Deponent | Plaintiffs' Designations | Defendants' Objections | Ruling | Defendants' Counter-Designations | Plaintiffs' Objections | Ruling |
|---|---|---|---|---|---|---|
| Booydegraaff, Henry | 37:3-6 | SPEC, V, PK, H | | 38:13-15; 38:18-20; 39:22-25; 40:10-13; 49:18-50:2 | 32(a), 106 (40:1-9; 49:13-16), 403, Vague | |
| Booydegraaff, Henry | 37:11-17 | V | | 38:13-15; 38:18-20; 39:22-25; 40:10-13; 49:18-50:2 | 32(a), 106 (40:1-9; 49:13-16), 403, Vague | |
| Booydegraaff, Henry | 43:22-24 | BTS, V, R, SPEC, IH | | 38:13-15; 38:18-20; 39:22-25; 40:10-13; 43:25; | 32(a), 106 (40:1-9), 403, Vague, Counsel | |
| Booydegraaff, Henry | 44:1-1 | BTS, V, R, SPEC, IH | | 38:13-15; 38:18-20; 39:22-25; 40:10-13; 43:25; | 32(a), 106 (40:1-9), 403, Counsel, Vague, Counsel | |
| Booydegraaff, Henry | 44:3-5 | BTS, V, R, SPEC, IH | | 38:13-15; 38:18-20; 39:22-25; 40:10-13; 44:6-7; | 32(a), 403, 106 (40:1-9), Vague, Counsel | |
| Booydegraaff, Henry | 44:8-15 | BTS, V, R, SPEC, IH | | 38:13-15; 38:18-20; 39:22-25; 40:10-13; 44:6-7; | 32(a), 403, 106 (40:1-9), Vague, Counsel | |

| Deponent | Plaintiffs' Designations | Defendants' Objections | Ruling | Defendants' Counter-Designations | Plaintiffs' Objections | Ruling |
|---|---|---|---|---|---|---|
| Booydegraaff, Henry | 45:9-16 | L, OB | | | | |
| Booydegraaff, Henry | 46:1-16 | LC, L, V, O, U | | | | |
| Booydegraaff, Henry | 49:3-6 | LC, L, V | | | | |
| Booydegraaff, Henry | 51:10-16 | V, L, F, BTS | | | | |
| Booydegraaff, Henry | 68:6-12 | R | | 38:13-15; 38:18-20; 39:22-25; 69:15; 69:15; 70:18-25; 75:6-9; 107:23-108:2; 108:6-108:10; 108:12-108:18; 109:20-25 | 32(a), Counsel, 602, 403, 801/802 | |
| Booydegraaff, Henry | 68:22-25 | BTS, V, R | | 38:13-15; 38:18-20; 39:22-25; 69:15; 70:18-25; 75:6-9; 107:23-108:2; 108:6-108:10; 108:12-108:18; 109:20-25 | 32(a), Counsel, 602, 403, 801/802 | |

| Deponent | Plaintiffs' Designations | Defendants' Objections | Ruling | Defendants' Counter-Designations | Plaintiffs' Objections | Ruling |
|---|---|---|---|---|---|---|
| Booydegraaff, Henry | 69:13-14 | BTS, V, R, SPEC, PK | | 38:13-15; 38:18-20; 39:22-25; 69:15; 70:18-25; 75:6-9; 107:23-108:2; 108:6-108:10; 108:12-108:18; 109:20-25 | 32(a), Counsel, 602, 403, 801/802 | |
| Booydegraaff, Henry | 69:16-16 | BTS, V, R, SPEC, PK | | 38:13-15; 38:18-20; 39:22-25; 69:15; 70:18-25; 75:6-9; 107:23-108:2; 108:6-108:10; 108:12-108:18; 109:20-25 | 32(a), Counsel, 602, 403, 801/802 | |
| Booydegraaff, Henry | 69:18-21 | BTS, V, R, SPEC, PK | | 38:13-15; 38:18-20; 39:22-25; 69:15; 70:18-25; 75:6-9; 107:23-108:2; 108:6-108:10; 108:12-108:18; 109:20-25 | 32(a), Counsel, 602, 403, 801/802 | |

| Deponent | Plaintiffs' Designations | Defendants' Objections | Ruling | Defendants' Counter-Designations | Plaintiffs' Objections | Ruling |
|---|---|---|---|---|---|---|
| Booydegraaff, Henry | 69:25-70:6 | BTS, R, SPEC, PK, H | | 38:13-15; 38:18-20; 39:22-25; 70:18-25; 75:6-9; 107:23-108:2; 108:6-108:10; 108:12-108:18; 109:20-25 | 32(a), Counsel, 602, 403, 801/802 | |
| Booydegraaff, Henry | 71:6-15 | BTS, R, SPEC, PK, H | | 38:13-15; 38:18-20; 39:22-25; 70:18-25; 75:6-9; 107:23-108:2; 108:6-108:10; 108:12-108:18; 109:20-25 | 32(a), Counsel, 602, 403, 801/801 | |
| Booydegraaff, Henry | 71:20-72:2 | BTS, R, SPEC, PK, H | | 38:13-15; 38:18-20; 39:22-25; 70:18-25; 72:7-12; 75:6-9; 107:23-108:2; 108:6-108:10; 108:12-108:18; 109:20-25 | 32(a), Counsel, 602, 403, 801/802 | |

| Deponent | Plaintiffs' Designations | Defendants' Objections | Ruling | Defendants' Counter-Designations | Plaintiffs' Objections | Ruling |
|---|---|---|---|---|---|---|
| Booydegraaff, Henry | 72:17-25 | BTS, R, SPEC, PK, H, MIS | | 38:13-15; 38:18-20; 39:22-25; 70:18-25; 72:7-12; 75:6-9; 107:23-108:2; 108:6-108:10; 108:12-108:18; 109:20-25 | 32(a), Counsel, 602, 403, 801/802 | |
| Booydegraaff, Henry | 75:17-76:9 | R, V, BTS | | 77:2-8; 77:19-22; 77:24-25 | 32(a), 403, 106 (76:19-22, 76:24, 77:9-10; 78:2-5, 78:8-11 ), Vague, 602 | |
| Booydegraaff, Henry | 78:16-79:4 | L, R | | 77:2-8; 77:19-22; 77:24-25; 80:4-5; 81:10-15 | 32(a), 403, 106 (76:19-22, 76:24, 77:9-10; 78:2-5; 78:8-11), Vague, 602, Counsel, DC | |
| Booydegraaff, Henry | 79:14-80:3 | MIS, V, L, R | | 77:2-8; 77:19-22; 77:24-25; 80:4-5; 81:10-15 | 32(a), 403, 106 (76:19-22, 76:24, 77:9-10; 78:2-5; 78:8-11), Vague, 602, Counsel, DC | |

| Deponent | Plaintiffs' Designations | Defendants' Objections | Ruling | Defendants' Counter-Designations | Plaintiffs' Objections | Ruling |
|---|---|---|---|---|---|---|
| Booydegraaff, Henry | 80:6-11 | MIS, V, L, BTS, R, SPEC, PK, H | | 77:2-8; 77:19-22; 77:24-25; 80:4-5; 80:12; 81:10-15 | 32(a), 403, 106 (76:19-22, 76:24, 77:9-10, 78:2-5; 78:8-11), Vague, 602, Counse, DCl | |
| Booydegraaff, Henry | 80:13-17 | V, L, BTS, R, SPEC, PK, H | | 77:2-8; 77:19-22; 77:24-25; 80:12; 80:18; 81:10-15 | 32(a), 403, 106 (76:19-22, 76:24, 77:9-10, 78:2-5; 78:8-11), Vague, 602, Counsel, DC | |
| Booydegraaff, Henry | 80:19-23 | V, L, BTS, R, SPEC, PK, H | | 77:2-8; 77:19-22; 77:24-25; 80:18; 80:24; 81:10-15 | 32(a), 403, 106 (76:19-22, 76:24, 77:9-10, 78:2-5; 78:8-11), Vague, 602, Counsel, DC | |
| Booydegraaff, Henry | 80:25-81:9 | V, L, BTS, R, SPEC, PK, CP, H | | 77:2-8; 77:19-22; 77:24-25; 80:24; 81:10-15 | 32(a), 403, 106 (76:19-22, 76:24, 77:9-10, 78:2-5; 78:8-11), Vague, 602, Counsel, DC | |
| Booydegraaff, Henry | 81:24-82:10 | R, L, CP, V, BTS | | 77:2-8; 77:19-22; 77:24-25; 80:24; 81:10-15; 82:11 | 32(a), 403, 106 (76:19-22, 76:24, 77:9-10, 78:2-5; 78:8-11), Vague, 602, Counsel, DC | |

| Deponent | Plaintiffs' Designations | Defendants' Objections | Ruling | Defendants' Counter-Designations | Plaintiffs' Objections | Ruling |
|---|---|---|---|---|---|---|
| Booydegraaff, Henry | 82:12-13 | R, L, CP, V, BTS | | 77:2-8; 77:19-22; 77:24-25; 80:24; 81:10-15; 82:11 | 32(a), 403, 106 (76:19-22, 76:24, 77:9-10, 78:2-5; 78:8-11), Vague, 602, Counsel, DC | |
| Booydegraaff, Henry | 82:17-84:16 | R, MIS, V, L, PK, SPEC, BTS | | 77:2-8; 77:19-22; 77:24-25; 81:10-15;84:17-22 | 32(a), 403, 106 (76:19-22, 76:24, 77:9-10, 78:2-5; 78:8-11), Vague, 602, Counsel, DC | |
| Booydegraaff, Henry | 85:5-12 | L, V, CP, MIS | | 77:2-8; 77:19-22; 77:24-25; 81:10-15;84:17-22 | 32(a), 403, 106 (76:19-22, 76:24, 77:9-10; 78:2-5; 78:8-11), Vague, 602, Counsel, DC | |
| Booydegraaff, Henry | 96:7-19 | LC, U, O, V, MIS, BTS | | 40:10-13; 95:23-96:6; 97:4-11; | 32(a), Vague, 602 | |
| Booydegraaff, Henry | 96:22-23 | LC, U, O, V, MIS, BTS | | 40:10-13; 95:23-96:6; 97:4-11; | 32(a), Vague, 602 | |
| Booydegraaff, Henry | 98:5-12 | L, V | | 99:1-6; 101:2-14; 104:18-23 | Counsel, Vague, 32(a), 106 (99:8-11) | |
| Booydegraaff, Henry | 98:15-21 | MIS, V, L | | 99:1-6; 101:2-14; 104:18-23 | Counsel, Vague, 32(a), 106 (99:8-11) | |

| Deponent | Plaintiffs' Designations | Defendants' Objections | Ruling | Defendants' Counter-Designations | Plaintiffs' Objections | Ruling |
|---|---|---|---|---|---|---|
| Booydegraaff, Henry | 101:18-103:11 | L, CU, H, SPEC, MIS, PK | | 40:10-13; 95:23-96:6; 97:4-11; 99:1-6; 101:2-14; 104:18-23; | 32(a), Vague, 602, Counsel, 106 (99:8-11) | |
| Booydegraaff, Henry | 104:2-17 | L, CU, H, SPEC, MIS, PK | | 40:10-13; 95:23-96:6; 97:4-11; 99:1-6; 101:2-14; 104:18-23; | 32(a), Vague, 602, Counsel, 106 (99:8-11) | |
| Booydegraaff, Henry | 106:23-107:5 | LC, U, O, BTS, V, PK, SPEC, AA, H | | 106:8-22; 107:6-8 | 32(a), Counsel, 106 (105:25-106:6) | |
| Booydegraaff, Henry | 107:9-17 | LC, U, O, BTS, V, PK, SPEC, AA, H | | 106:8-22; 107:6-8; 107:18-19; | Counsel, 32(a), Vague, 106 (105:25-106:6) | |
| Booydegraaff, Henry | 107:20-21 | LC, U, O, BTS, V, PK, SPEC, AA, H | | 106:8-22; 107:6-8; 107:18-19; | Counsel, 32(a), Vague, 106 (105:25-106:6) | |
| Booydegraaff, Henry | 110:7-16 | V, CU, SPEC, PK, MIS, H, R | | 40:10-13; 95:23-96:6; 97:4-11; 110:17 | 32(a), Vague, 602, Counsel | |
| Booydegraaff, Henry | 110:18-23 | V, CU, SPEC, PK, MIS, H, R | | 40:10-13; 95:23-96:6; 97:4-11; 110:17; 110:24-25 | 32(a), Vague, 602, Counsel | |

| Deponent | Plaintiffs' Designations | Defendants' Objections | Ruling | Defendants' Counter-Designations | Plaintiffs' Objections | Ruling |
|---|---|---|---|---|---|---|
| Booydegraaff, Henry | 111:1-10 | V, CU, SPEC, PK, MIS, H, R | | 40:10-13; 95:23-96:6; 97:4-11; 110:24-25 | 32(a), Vague, 602, Counsel | |
| Booydegraaff, Henry | 111:15-18 | V, CU, SPEC, PK, MIS, H, R | | 40:10-13; 95:23-96:6; 97:4-11; 111:19-20 | 32(a), Vague, 602, Counsel | |
| Booydegraaff, Henry | 111:21-22 | V, CU, SPEC, PK, MIS, H, R | | 40:10-13; 95:23-96:6; 97:4-11; 111:19-20 | 32(a), Vague, 602, Counsel | |
| Booydegraaff, Henry | 126:4-128:25 | L, H, SPEC, PK, R, CU | | 131:16-24 | 32(a), Counsel, Vague | |
| Booydegraaff, Henry | 129:5-131:15 | CU, H, SPEC, PK, R | | 131:16-24 | Counsel, Vague, 801/802 | |
| Booydegraaff, Henry | 138:4-140:13 | BTS, R, SPEC, V, L, CU, H, MIS, PK | | 138:4-8; 148:16-149:7; 155:2-11; 158:8-12 | 32(a), 801/802, Vague, 106 (158:13-159:2) | |
| Booydegraaff, Henry | 142:1-23 | R, SPEC, V, L, CU, H, MIS, PK | | 27:8-14; 138:4-8; 148:16-149:7; 155:2-11; 158:8-12 | 32(a), 801/802, Vague, 106 (158:13-159:2) | |
| Booydegraaff, Henry | 143:11-23 | R, SPEC, V, L, CU, H, MIS, PK | | 27:8-14; 138:4-8148:16-149:7; 155:2-11; 158:8-12 | 32(a), 801/802, Vague, 106 (158:13-159:2) | |

| Deponent | Plaintiffs' Designations | Defendants' Objections | Ruling | Defendants' Counter-Designations | Plaintiffs' Objections | Ruling |
|---|---|---|---|---|---|---|
| Booydegraaff, Henry | 145:4-16 | BTS, R, SPEC, V, L, CU, H, MIS, PK | | 27:8-14; 138:4-8148:16-149:7; 155:2-11; 158:8-12 | 32(a), 801/802, Vague, 106 (158:13-159:2) | |
| Booydegraaff, Henry | 146:12-20 | CU, OB, R, H, PK, L, MIS, PK | | 27:8-14; 138:4-8148:16-149:7; 155:2-11; 158:8-12 | 32(a), 801/802, Vague, 106 (158:13-159:2) | |
| Booydegraaff, Henry | 147:5-148:9 | R, SPEC, V, L, CU, H, MIS, PK | | 27:8-14; 138:4-8; 148:16-149:7; 155:2-11; 158:8-12 | 32(a), 801/802, Vague, 106 (158:13-159:2) | |
| Booydegraaff, Henry | 150:4-15 | R, SPEC, V, L, CU, H, MIS, PK | | 27:8-14; 138:4-8; 148:16-149:7; 155:2-11; 158:8-12 | 32(a), 801/802, Vague, 106 (158:13-159:2) | |
| Booydegraaff, Henry | 151:14-153:4 | BTS, R, SPEC, V, L, CU, H, MIS, CP, PK | | 27:8-14; 138:4-8; 148:16-149:7; 155:2-11; 158:8-12 | 32(a), 801/802, Vague, 106 (158:13-159:2) | |
| Booydegraaff, Henry | 153:17-155:1 | R, SPEC, V, L, CU, H, MIS, PK | | 27:8-14; 138:4-8; 148:16-149:7; 155:2-13; 158:12 | 32(a), 801/802, Vague, 106 (158:13-159:2) | |

| Deponent | Plaintiffs' Designations | Defendants' Objections | Ruling | Defendants' Counter-Designations | Plaintiffs' Objections | Ruling |
|---|---|---|---|---|---|---|
| Booydegraaff, Henry | 159:7-160:13 | R, SPEC, V, L, CU, H, MIS, PK | | 27:8-14; 138:4-8; 148:16-149:7; 155:2-13; 158:12; 161:10-16; 163:15-24 | 106 (158:13-159:2, 160:14-161:9), Vague, 801/802, 32(a) | |
| Booydegraaff, Henry | 167:14-168:15 | R, SPEC, V, L, CU, H, MIS, PK | | 27:8-14; 138:4-8; 148:16-149:7; 155:2-13; 158:12; 169:3-17 | Vague, 801/802, 32(a), 106 (158:13-159:2) | |
| Booydegraaff, Henry | 170:11-24 | ARG, I, R, SPEC, V, L, CU, H, MIS, PK | | 171:1 | Counsel, 403, 32(a) | |
| Booydegraaff, Henry | 171:19-172:3 | ARG, I, R, SPEC, V, L, CU, H, MIS, PK | | | | |
| Booydegraaff, Henry | 176:22-24 | BTS, PK, SPEC, V | | 49:18-50:2; 176:25 | Counsel, 32(a), 403 | |
| Booydegraaff, Henry | 177:1-1 | BTS, PK, SPEC, V | | 49:18-50:2; 176:25 | Counsel, 32(a), 403 | |
| Booydegraaff, Henry | 177:8-9 | BTS, PK, SPEC, V | | 49:18-50:2; 177:10 | Counsel, 32(a), 403 | |
| Booydegraaff, Henry | 177:11-11 | BTS, PK, SPEC, V | | 49:18-50:2; 177:10 | Counsel, 32(a), 403 | |

3.     Davies-Cutting, Craig (Dec. 5, 2013)

| Deponent | Plaintiffs' Designations | Defendants' Objections | Ruling | Defendants' Counter-Designations | Plaintiffs' Objections | Ruling |
|---|---|---|---|---|---|---|
| Davies-Cutting, Craig[4] | 6:1-3 | | | | | |
| Davies-Cutting, Craig | 6:6-10 | | | | | |
| Davies-Cutting, Craig | 7:17-19 | V, R, I | | 7:20-8:8 | | |
| Davies-Cutting, Craig | 16:1-16 | V, R, I, L, LC, MIS, H | | 16:17-16:23 | 32(a), 402, 403, Counsel | |
| Davies-Cutting, Craig | 17:2-11 | V, R, I, L, LC, MIS, H, CP | | 17:12-17:16 18:12-18:17 | | |
| Davies-Cutting, Craig | 19:7-20:1 | V, R, I, L, LC, MIS, BTS, F, PK | | 19:3-19:6 | | |
| Davies-Cutting, Craig | 20:7-13 | V, R, I, L, CP, F, BTS, MIS | | 20:14-20:22 | 402, 403, 602 | |
| Davies-Cutting, Craig | 20:23-21:1 | V, R, I, L, F, BTS, MIS | | 21:2-21:11 | 402, 403, 602 | |
| Davies-Cutting, Craig | 21:12-22:19 | V, R, I, L, F, BTS, MIS, CP, H, PK, SPEC | | 22:20-22:23 | 402, 403 | |
| Davies-Cutting, Craig | 23:10-15 | V, R, I, L, F, BTS, SPEC, PK, H | | 24:4-24:21 | 402, 403, Vague | |
| Davies-Cutting, Craig | 23:19-24:3 | V, R, I, L, BTS, H, F | | 23:16-23:18 | 402, 403, Vague | |
| Davies-Cutting, Craig | 24:22-25:1 | V, R, I, L, BTS, PK, SPEC, H, F | | | | |
| Davies-Cutting, Craig | 25:9-21 | V, R, I, L, BTS, H, SPEC, F, PK | | | | |
| Davies-Cutting, Craig | 26:6-14 | V, R, I, L, BTS, H, SPEC, F, PK, LC, MIS | | 26:15-18 | 32(a), Counsel | |
| Davies-Cutting, Craig | 26:20-27:2 | V, R, I, L, BTS, H, SPEC, F, PK, LC | | 27:3-27:4 | 32(a), Counsel | |

---

[4] The Rule 30(b)(6) testimony is subject to defendants' additional objections including but not limited to Defendants' Objections to Plaintiffs' Notices of Deposition Pursuant to Fed. R. Civ. P. 30(b)(6).

| Deponent | Plaintiffs' Designations | Defendants' Objections | Ruling | Defendants' Counter-Designations | Plaintiffs' Objections | Ruling |
|---|---|---|---|---|---|---|
| Davies-Cutting, Craig | 27:5-5 | V, R, I, L, BTS, H, SPEC, F, PK, LC, MIS | | 27:7-27:11 | 32(a), 402, 403, 602, Counsel | |
| Davies-Cutting, Craig | 27:13-23 | V, R, I, L, BTS, H, SPEC, LC | | 27:24-28:2 | 32(a), Counsel | |
| Davies-Cutting, Craig | 28:4-13 | V, R, I, L, BTS, H, SPEC, LC, ARG, CU, F, MIS, NR, OB | | 28:14-28:22 28:24-29:19 | 32(a), 402, 403, 602, Counsel | |
| Davies-Cutting, Craig | 35:12-15 | V, R, I, L, BTS, CP, F, MIS, AA | | 35:16 | 32(a), Counsel | |
| Davies-Cutting, Craig | 35:18-18 | V, R, AA, MIS | | | | |
| Davies-Cutting, Craig | 35:20-22 | V,R, I, L, SPEC | | | | |
| Davies-Cutting, Craig | 36:15-21 | V, R, I, L, BTS, SPEC, PK, F, LC | | 36:22-37:3 | 32(a), 402, 403, 602, Counsel | |
| Davies-Cutting, Craig | 41:6-19 | V, R, L, BTS, SPEC, PK, F, CU | | 41:20 | 32(a), 402, 403, Counsel | |
| Davies-Cutting, Craig | 41:22-22 | V, R, BTS, SPEC, PK, F | | | | |
| Davies-Cutting, Craig | 42:16-24 | V, R, L, BTS, SPEC, PK, U, LC | | 42:9-42:15 45:5-46:4 | 32(a), 402, 403, 602, Counsel | |
| Davies-Cutting, Craig | 55:11-16 | V, R, L, BTS, SPEC, PK, LC | | 55:2-55:9 55:17-56:13 | 32(a), 402, 403, 602, Counsel | |
| Davies-Cutting, Craig | 62:2-21 | V, R, L, MIS, SPEC, PK, F, U, LC | | 62:22-62:23 | 32(a), Counsel | |
| Davies-Cutting, Craig | 63:2-15 | V, R, I, L, MIS, SPEC, PK, F, LC | | 63:16-63:17 | 32(a), Counsel | |
| Davies-Cutting, Craig | 63:19-20 | V, R, SPEC, PK, BTS, MIS, H, F | | | | |
| Davies-Cutting, Craig | 63:22-64:16 | V, R, L, SPEC, MIS, PK, H, LC, F | | 64:17-64:18 | 32(a), Counsel | |
| Davies-Cutting, Craig | 64:21-65:15 | V, R, L, MIS, SPEC, PK, BTS, H, LC, F | | 66:7-66:20 | 32(a), 402, 403, Counsel, Vague | |

| Deponent | Plaintiffs' Designations | Defendants' Objections | Ruling | Defendants' Counter-Designations | Plaintiffs' Objections | Ruling |
|---|---|---|---|---|---|---|
| Davies-Cutting, Craig | 67:17-22 | V, R, L, SPEC, PK, BTS, LC, H, F | | 67:9-67:16 | 402, 403, Vague | |
| Davies-Cutting, Craig | 69:9-24 | V, R, L, H, SPEC, PK, LC, U, O, MIS | | 66:7-66:20 70:1-70:3 | 32(a), 402, 403, 801/802, Counsel | |
| Davies-Cutting, Craig | 73:5-23 | V, R, L, H, SPEC, PK, BTS, CP, F | | 73:24-74:15 | 402, 403, 602 | |
| Davies-Cutting, Craig | 74:16-75:10 | V, R, L, NARR, H, SPEC, PK, LC, O, MIS, BTS, F | | 75:11-75:21 | 32(a), 402, 403, 602, Counsel | |
| Davies-Cutting, Craig | 77:17-22 | V, R, L, NARR, H, MIS, BTS, F | | 77:23-77:24 | 32(a), Counsel | |
| Davies-Cutting, Craig | 78:2-3 | V, R, L, NARR, H, MIS, PK, SPEC, BTS, F | | 78:4-78:15 | 32(a), 402, 403, Counsel, Vague | |
| Davies-Cutting, Craig | 78:17-22 | V, R, L, H, NARR, MIS, PK, SPEC, BTS, F | | 78:23-79:24 | 32(a), 402, 403, Counsel, Vague | |
| Davies-Cutting, Craig | 80:12-21 | V, R, I, L, H, NARR, MIS, PK, SPEC, BTS, F | | 80:22-81:21 | 32(a), 402, 403, Counsel, Vague | |
| Davies-Cutting, Craig | 84:8-86:14 | V, R, L, H, F, BTS, PK, SPEC, O, LC, MIS, ARG | | 66:7-66:20 86:15-86:23 | 32(a), 402, 403, Counsel, Vague | |
| Davies-Cutting, Craig | 87:2-19 | V, R, L, H, O, LC, PK, MIS | | 66:7-66:20 | 32(a), 402, 403, Counsel, Vague | |
| Davies-Cutting, Craig | 88:3-5 | V, R, L, F, H, O, LC, MIS, BTS | | 88:6-88:7 | 32(a), Counsel | |
| Davies-Cutting, Craig | 88:8-89:3 | V, R, L, CP, BTS, LC, O, MIS | | 89:9-89:22 | 402, 403, Vague | |
| Davies-Cutting, Craig | 91:2-92:5 | V, R, L, H, SPEC, PK, BTS, O, LC, MIS, U | | 66:7-66:20 92:6-92:7 | 32(a), 402, 403, Counsel, Vague | |
| Davies-Cutting, Craig | 92:9-22 | V, R, L, F, SPEC, PK, O, LC, BTS, MIS, U | | 92:23 | 32(a), Counsel | |

| Deponent | Plaintiffs' Designations | Defendants' Objections | Ruling | Defendants' Counter-Designations | Plaintiffs' Objections | Ruling |
|---|---|---|---|---|---|---|
| Davies-Cutting, Craig | 93:1-21 | V, R, L, F, SPEC, PK, O, LC, BTS, MIS, U | | 93:22-94:3 | 402, 403, Vague | |
| Davies-Cutting, Craig | 94:4-14 | V, R, L, F, SPEC, PK, O, LC, BTS, MIS, U | | 66:7-66:20 78:23-79:24 | 32(a), 402, 403, Counsel, Vague | |
| Davies-Cutting, Craig | 94:20-95:7 | V, R, L, F, SPEC, PK, O, LC, BTS, MIS, U | | 78:23-79:24 95:8-95:12 | 32(a), 402, 403, 602, Counsel, Vague | |
| Davies-Cutting, Craig | 103:9-14 | V, R, L, F, SPEC, PK, O, LC, BTS, MIS, U, H | | 103:3-103:8 | 402, 403, Vague | |
| Davies-Cutting, Craig | 112:24-113:9 | V, R, L, CU, H | | 113:10-113:14 113:21-114:3 | 402, 403 | |
| Davies-Cutting, Craig | 114:4-20 | V, R, L, F, SPEC, PK, O, LC, BTS, MIS, U, H | | 115:5-115:14 | 402, 403, Vague | |
| Davies-Cutting, Craig | 115:21-116:9 | V, R, L, F, SPEC, PK, LC, BTS, MIS, U, H | | | | |
| Davies-Cutting, Craig | 116:17-117:1 | V, R, L, F, SPEC, PK, LC, BTS, MIS, U, H | | 117:2-118:14 118:23-119:3 | 32(a), 402, 403, 801/802, Counsel, Vague | |
| Davies-Cutting, Craig | 119:4-120:3 | V, R, L, F, SPEC, PK, O, LC, BTS, MIS, U, H | | 120:9-121:14 121:22-122:5 122:13-123:6 123:17-123:22 125:7-126:14 | 32(a), 402, 403, 602, 801/802, Counsel, Vague | |
| Davies-Cutting, Craig | 129:4-18 | V, R, L, F, SPEC, PK, O, LC, BTS, MIS, U, H | | 129:19-130:24 | 402, 403, Vague | |
| Davies-Cutting, Craig | 131:23-132:11 | V, R, L, F, SPEC, PK, BTS, MIS, U, H | | 131:1-131:5 132:12-133:14 | 402, 403, 602, Vague | |
| Davies-Cutting, Craig | 133:15-134:19 | V, R, L, F, SPEC, PK, O, LC, BTS, MIS, U, H | | | | |

| Deponent | Plaintiffs' Designations | Defendants' Objections | Ruling | Defendants' Counter-Designations | Plaintiffs' Objections | Ruling |
|---|---|---|---|---|---|---|
| Davies-Cutting, Craig | 138:22-139:5 | V, R, L, F, SPEC, PK, LC, MIS, H | | 139:6-139:13 | 402, 403 | |
| Davies-Cutting, Craig | 139:14-21 | V, R, L, F, SPEC, PK, O, BTS, MIS, U, H | | 78:23-79:24 139:22-140:10 | 32(a), 402, 403, 602, Counsel, Vague | |
| Davies-Cutting, Craig | 147:16-19 | V, R, F | | | | |
| Davies-Cutting, Craig | 148:14-17 | V, R, F, H, SPEC, PK, BTS, MIS | | | | |
| Davies-Cutting, Craig | 153:18-23 | V, R, F | | 154:7-155:7 | 402, 403, 602, 801/802, Vague | |
| Davies-Cutting, Craig | 155:8-156:18 | V, R, F, H, SPEC, PK, BTS, MIS, LC, O | | 156:19-157:7 | 402, 403, 602, Vague | |

4.    Fruitwala, Mushtaq (Nov. 20, 2013)

| Deponent | Plaintiffs' Designations | Defendants' Objections | Ruling | Defendants' Counter-Designations | Plaintiffs' Objections | Ruling |
|---|---|---|---|---|---|---|
| Fruitwala, Mushtaq | 6:4-7 | | | | | |
| Fruitwala, Mushtaq | 6:12-15 | | | | | |
| Fruitwala, Mushtaq | 8:13-22 | | | 8:23-9:1 | | |
| Fruitwala, Mushtaq | 10:10-12 | | | | | |
| Fruitwala, Mushtaq | 30:9-12 | V, L, MIS, F | | 30:3-8; 32:15-18; 33:2-5; 39:4-6; 39:24-40:6; 40:12-17; 50:5-9; 122:12-16 | Strike, 32(a), 602, 403 | |

| Deponent | Plaintiffs' Designations | Defendants' Objections | Ruling | Defendants' Counter-Designations | Plaintiffs' Objections | Ruling |
|---|---|---|---|---|---|---|
| Fruitwala, Mushtaq | 30:18-31:6 | V, MIS, F, L | | 30:3-8; 32:15-18; 33:2-5; 39:4-6; 39:24-40:6; 40:12-17; 122:12-16 | Strike, 32(a), 602, 403 | |
| Fruitwala, Mushtaq | 31:14-17 | V | | 30:3-8; 32:15-18; 33:2-5; 39:4-6; 39:24-40:6; 40:12-17; 122:12-16 | Strike, 32(a), 602, 403 | |
| Fruitwala, Mushtaq | 33:15-18 | V, PK, SPEC, H, LC, O, U | | 30:3-8; 32:15-18; 33:2-5; 39:4-6; 39:24-40:6; 40:12-17; 50:5-9; 122:12-16 | Strike, 32(a), 602, 403 | |
| Fruitwala, Mushtaq | 33:23-34:9 | V, PK, SPEC, H, LC, O, U, MIS | | 30:3-8; 32:15-18; 33:2-5; 39:4-6; 39:24-40:6; 40:12-17; 122:12-16 | Strike, 32(a), 602, 403 | |

| Deponent | Plaintiffs' Designations | Defendants' Objections | Ruling | Defendants' Counter-Designations | Plaintiffs' Objections | Ruling |
|---|---|---|---|---|---|---|
| Fruitwala, Mushtaq | 34:16-35:3 | V, PK, SPEC, H, O, LC, U | | 30:3-8; 32:15-18; 33:2-5; 35:4-10; 39:4-6; 39:24-40:6; 40:12-17; 50:5-9; 113:8-114:1; 122:12-16 | 701/701, 801/802, 106 (35:11-19, 112:3-20, 112:23-113:7), Strike, 32(a), 602 | |
| Fruitwala, Mushtaq | 35:20-37:3 | V, PK, SPEC, H, LC, O, U | | 30:3-8; 32:15-18; 33:2-5; 39:4-6; 39:24-40:6; 40:12-17; 50:5-9; 113:8-114:1; 122:12-16 | 701/702, 801/802, 106 (112:3-20, 112:23-113:7), Strike, 32(a), 602 | |
| Fruitwala, Mushtaq | 37:8-23 | V, PK, SPEC, O, LC, U | | 30:3-8; 32:15-18; 33:2-5; 37:24-38:1; 39:4-6; 39:24-40:6; 40:12-17; 50:5-9; 122:12-16 | Strike, 32(a), 602, Counsel, 403 | |

| Deponent | Plaintiffs' Designations | Defendants' Objections | Ruling | Defendants' Counter-Designations | Plaintiffs' Objections | Ruling |
|---|---|---|---|---|---|---|
| Fruitwala, Mushtaq | 38:3-5 | V, PK, SPEC, O, LC, U | | 30:3-8; 32:15-18; 33:2-5; 37:24-38:1; 39:4-6; 39:24-40:6; 40:12-17; 50:5-9; 122:12-16 | Strike, 32(a), 602, Counsel, 403 | |
| Fruitwala, Mushtaq | 38:7-13 | V, PK, SPEC, O, LC, U | | 30:3-8; 32:15-18; 33:2-5; 38:14-15; 39:4-6; 39:24-40:6; 40:12-17; 50:5-9; 122:12-16 | Strike, 32(a), 602, Counsel, 403 | |
| Fruitwala, Mushtaq | 38:17-39:1 | V, PK, SPEC, O, LC, U | | 30:3-8; 32:15-18; 33:2-5; 38:14-15; 39:4-6; 39:24-40:6; 40:12-17; 50:5-9; 122:12-16 | Strike, 32(a), 602, Counsel, 403 | |

| Deponent | Plaintiffs' Designations | Defendants' Objections | Ruling | Defendants' Counter-Designations | Plaintiffs' Objections | Ruling |
|---|---|---|---|---|---|---|
| Fruitwala, Mushtaq | 39:14-17 | V, PK, SPEC, O, LC, U, R | | 30:3-8; 32:15-18; 33:2-5; 39:4-6 39:24-40:6; 40:12-17; 50:5-9; 122:12-16 | Strike, 32(a), 602, 403 | |
| Fruitwala, Mushtaq | 39:24-40:6 | PK, SPEC | | 30:3-8; 32:15-18; 33:2-5; 39:4-6; 40:12-17; 50:5-9; 122:12-16 | Strike, 32(a), 602, 403 | |
| Fruitwala, Mushtaq | 43:6-9 | V, PK, SPEC, H, LC | | 32:15-18 | 32(a), Strike, 403 | |
| Fruitwala, Mushtaq | 50:10-20 | V | | 30:3-8; 32:15-18; 33:2-5; 40:12-17; 50:5-9; 122:12-16 | Strike, 32(a), 602, 403 | |
| Fruitwala, Mushtaq | 62:8-16 | R, V, CP, SPEC, PK, H | | 48:19-24; 62:17-63:2; 63:11-15 | 32(a), 602, Vague, 403 | |
| Fruitwala, Mushtaq | 63:3-10 | AA, R, V, SPEC, PK, H, MIS | | 48:19-24; 62:17-63:2; 63:11-15 | 32(a), 602, Vague, 403 | |

| Deponent | Plaintiffs' Designations | Defendants' Objections | Ruling | Defendants' Counter-Designations | Plaintiffs' Objections | Ruling |
|---|---|---|---|---|---|---|
| Fruitwala, Mushtaq | 70:21-71:19 | V, MIS | | 32:15-18; 33:2-5; 49:8-11; 49:17-21; 72:5-18; 73:3-11; 74:18-76:1; 122:12-16 | 32(a), Strike, 106 (49:15-16, 49:22-50:4, 72:19-73:2), 403 | |
| Fruitwala, Mushtaq | 73:15-19 | | | 32:15-18; 33:2-5 49:8-11; 49:17-21;72:5-18; 73:3-11; 74:18-76:1; 122:12-16 | 32(a), Strike, 106 (49:15-16, 49:22-50:4, 72:19-73:2), 403 | |
| Fruitwala, Mushtaq | 84:7-18 | | | | | |
| Fruitwala, Mushtaq | 85:14-22 | LC, SPEC, PK, O, H, U, AA, MIS | | 30:3-8; 32:15-18; 33:2-5; 39:4-6 39:24-40:6; 50:5-9; 85:2-5; 122:12-16 | 32(a), Strike, 602, 403 | |
| Fruitwala, Mushtaq | 86:14-16 | LC, SPEC, PK, AA, O, H, U | | 30:3-8; 32:15-18; 33:2-5; 39:4-6 39:24-40:6; 50:5-9; 85:2-5; 85:17-18; 87:2-4, 87:8 | 32(a), Strike, 602, 403 | |

| Deponent | Plaintiffs' Designations | Defendants' Objections | Ruling | Defendants' Counter-Designations | Plaintiffs' Objections | Ruling |
|---|---|---|---|---|---|---|
| Fruitwala, Mushtaq | 86:20-22 | LC, SPEC, PK, AA, O, H, U | | 30:3-8; 32:15-18; 33:2-5; 39:4-6 39:24-40:6; 50:5-9; 85:2-5; 85:17-18; 87:2-4, 87:8; 122:12-16 | 32(a), Strike, 602, 403 | |
| Fruitwala, Mushtaq | 88:11-19 | | | 89:3-13 | 106 (88:20-89:2), 32(a), 801/802, 403 | |
| Fruitwala, Mushtaq | 90:3-6 | CU, MIS, OB | | 89:3-13 | 106 (88:20-89:2, 89:14-90:2), 32(a), 801/802, 403 | |
| Fruitwala, Mushtaq | 90:9-12 | MIS, PK, SPEC, O, LC, CU, U, OB | | 89:3-13 | 106 (88:20-89:2, 89:14-90:2), 32(a), 801/802, 403 | |
| Fruitwala, Mushtaq | 90:15-24 | SPEC, PK, H, MIS, OB | | 89:3-13 | 106 (88:20-89:2, 89:14-90:2), 32(a), 801/802, 403 | |

| Deponent | Plaintiffs' Designations | Defendants' Objections | Ruling | Defendants' Counter-Designations | Plaintiffs' Objections | Ruling |
|---|---|---|---|---|---|---|
| Fruitwala, Mushtaq | 91:5-92:5 | PK, H, SPEC, MIS, CU, LC, O, U | | 30:3-8; 32:15-18; 33:2-5; 39:4-6; 39:24-40:6; 50:5-9; 89:3-13; 94:2-5; 94:8; 113:8-114:1; 122:12-16 | 32(a), Strike, 602, 106 (88:20-89:2, 89:14-90:2, 112:3-20, 112:23-113:7), 701/702, 801/802, 403 | |
| Fruitwala, Mushtaq | 92:8-20 | PK, H, SPEC, MIS, CU, LC, O, U | | 30:3-8; 32:15-18; 33:2-5; 39:4-6; 39:24-40:6; 50:5-9; 89:3-13; 94:2-5; 94:8; 113:8-114:1; 122:12-16 | 32(a), Strike, 602, 106 (88:20-89:2, 89:14-90:2, 112:3-20, 112:23-113:7), 701/702, 801/802, 403 | |
| Fruitwala, Mushtaq | 93:4-10 | PK, H, SPEC, MIS, LC, O, U | | 30:3-8; 32:15-18; 33:2-5; 39:4-6; 39:24-40:6; 50:5-9; 89:3-13; 94:2-5; 94:8; 113:8-114:1; 122:12-16 | 32(a), Strike, 602, 106 (88:20-89:2, 89:14-90:2, 112:3-20, 112:23-113:7), 701/702, 801, 802, 403 | |
| Fruitwala, Mushtaq | 99:6-13 | PK, H, SPEC, OB, CU | | 50:5-9; | 32(a), 403 | |
| Fruitwala, Mushtaq | 99:24-100:2 | PK, H, SPEC, CU, F | | 50:5-9; | 32(a), 403 | |
| Fruitwala, Mushtaq | 102:14-22 | PK, H, SPEC, CU, R, MIS | | 50:5-9; | 32(a), 403 | |

| Deponent | Plaintiffs' Designations | Defendants' Objections | Ruling | Defendants' Counter-Designations | Plaintiffs' Objections | Ruling |
|---|---|---|---|---|---|---|
| Fruitwala, Mushtaq | 106:24-108:21 | LC, O, SPEC, CU, U, MIS, V | | 30:3-8; 32:15-18; 33:2-5; 39:4-6; 39:24-40:6; 50:5-9; 89:3-13; 94:2-5; 94:8; 122:12-16 | 32(a), Strike, 602, 106 (88:20-89:2, 89:14-90:2), 801/802, 403 | |
| Fruitwala, Mushtaq | 109:10-22 | PK, H, SPEC, CU, MIS | | 30:3-8; 32:15-18; 33:2-5; 39:4-6; 39:24-40:6; 50:5-9; 89:3-13; 94:2-5; 94:8; 122:12-16 | 32(a), Strike, 602, 106 (88:20-89:2, 89:14-90:2), 801/802, 403 | |
| Fruitwala, Mushtaq | 111:6-19 | PK. H, SPEC, CU, MIS, LC, O, U | | 30:3-8; 32:15-18; 33:2-5; 39:4-6; 39:24-40:6; 50:5-9; 89:3-13; 94:2-5; 94:8; 122:12-16 | 32(a), Strike, 602, 106 (88:20-89:2, 89:14-90:2), 801/802, 403 | |
| Fruitwala, Mushtaq | 114:11-15 | PK. H, SPEC, CU, MIS, LC, O | | 30:3-8; 32:15-18; 33:2-5; 39:4-6; 39:24-40:6; 50:5-9; 89:3-13; 94:2-5; 94:8; 113:8-114:1; 122:12-16 | 32(a), Strike, 602, 106 (88:20-89:2, 89:14-90:2, 112:3-20, 112:23-113:7), 701/702, 801/802, 403 | |

| Deponent | Plaintiffs' Designations | Defendants' Objections | Ruling | Defendants' Counter-Designations | Plaintiffs' Objections | Ruling |
|---|---|---|---|---|---|---|
| Fruitwala, Mushtaq | 115:18-20 | PK, H, SPEC, CU, AA, LC, O, U | | 30:3-8; 32:15-18; 33:2-5; 39:4-6; 39:24-40:6; 50:5-9; 89:3-13; 94:2-5; 94:8; 113:8-114:1; 115:21-22; 122:12-16 | 32(a), Strike, 602, 106 (88:20-89:2, 89:14-90:2, 112:3-20, 112:23-113:7), Counsel, 701/702, 801/802, 403 | |
| Fruitwala, Mushtaq | 115:24-116:13 | PK, H, SPEC, CU, AA, LC, O, U | | 30:3-8; 32:15-18; 33:2-5; 39:4-6; 39:24-40:6; 50:5-9; 89:3-13; 94:2-5; 94:8; 113:8-114:1; 115:21-22; 122:12-16 | 32(a), Strike, 602, 106 (88:20-89:2, 89:14-90:2, 112:3-20, 112:23-113:7), Counsel, 701/702, 801/802, 403 | |
| Fruitwala, Mushtaq | 117:1-8 | PK, H, SPEC, CU, AA, LC, O, U | | 30:3-8; 32:15-18; 33:2-5; 39:4-6; 39:24-40:6; 50:5-9; 89:3-13; 94:2-5; 94:8; 113:8-114:1; 117:9-10; 122:12-16 | 32(a), Strike, 602, 106 (88:20-89:2, 89:14-90:2, 112:3-20, 112:23-113:7), Counsel701/702, 801/802, 403 | |

| Deponent | Plaintiffs' Designations | Defendants' Objections | Ruling | Defendants' Counter-Designations | Plaintiffs' Objections | Ruling |
|---|---|---|---|---|---|---|
| Fruitwala, Mushtaq | 117:12-16 | PK, H, SPEC, CU, AA, LC, O | | 30:3-8; 32:15-18; 33:2-5; 39:4-6; 39:24-40:6; 50:5-9; 89:3-13; 94:2-5; 94:8; 113:8-114:1; 117:9-10; 122:12-16 | 32(a), Strike, 602, 106 (88:20-89:2, 89:14-90:2, 112:3-20, 112:23-113:7), Counsel701/702, 801/802, 403 | |
| Fruitwala, Mushtaq | 117:22-119:3 | CU, H, SPEC, PK, LC, MIS, O, U | | 30:3-8; 32:15-18; 33:2-5; 39:4-6; 39:24-40:6; 50:5-9; 89:3-13; 94:2-5; 94:8; 122:12-16 | 32(a), Strike, 602, 106 (88:20-89:2, 89:14-90:2) 801/802, 403 | |
| Fruitwala, Mushtaq | 122:17-123:23 | PK, H, SPEC, CU, MIS | | 30:3-8; 122:12-16 | 32(a), Strike, 403 | |
| Fruitwala, Mushtaq | 124:18-126:15 | PK, H, SPEC, CU, MIS | | 30:3-8; 32:15-18; 33:2-5; 39:4-6; 39:24-40:6; 50:5-9; 89:3-13; 94:2-5; 94:8; 122:12-16 | 32(a), Strike, 602, 106 (88:20-89:2, 89:14-90:2) 801/802, 403 | |

| Deponent | Plaintiffs' Designations | Defendants' Objections | Ruling | Defendants' Counter-Designations | Plaintiffs' Objections | Ruling |
|---|---|---|---|---|---|---|
| Fruitwala, Mushtaq | 126:23-127:4 | PK, H, SPEC, CU, MIS | | 30:3-8; 32:15-18; 33:2-5; 39:4-6; 39:24-40:6; 50:5-9; 89:3-13; 94:2-5; 94:8; 122:12-16 | 32(a), Strike, 602, 106 (88:20-89:2, 89:14-90:2) 801/802, 403 | |
| Fruitwala, Mushtaq | 127:16-128:13 | PK, H, SPEC, CU, U, MIS | | 30:3-8; 32:15-18; 33:2-5; 39:4-6; 39:24-40:6; 50:5-9; 89:3-13; 94:2-5; 94:8; 122:12-16 | 32(a), Strike, 602, 106 (88:20-89:2, 89:14-90:2), 801/802, 403 | |
| Fruitwala, Mushtaq | 128:23-129:10 | PK, H, SPEC, CU, MIS | | 30:3-8; 122:12-16 | 32(a), Strike, 403 | |
| Fruitwala, Mushtaq | 130:11-17 | PK, H, SPEC, CU, U, MIS | | 30:3-8; 32:15-18; 33:2-5; 39:4-6; 39:24-40:6; 50:5-9; 89:3-13; 94:2-5; 94:8; 122:12-16 | 32(a), Strike, 602, 106 (88:20-89:2, 89:14-90:2), 801/802, 403 | |
| Fruitwala, Mushtaq | 131:13-21 | V, CP, PK, SPEC, H, MIS, | | 30:3-8; 50:5-9; 122:12-16 | 32(a), Strike, 403 | |

| Deponent | Plaintiffs' Designations | Defendants' Objections | Ruling | Defendants' Counter-Designations | Plaintiffs' Objections | Ruling |
|---|---|---|---|---|---|---|
| Fruitwala, Mushtaq | 132:24-133:3 | PK, H, SPEC, CU, MIS | | 30:3-8; 32:15-18; 33:2-5; 39:4-6; 39:24-40:6; 50:5-9; 89:3-13; 94:2-5; 94:8; 122:12-16; 133:4-6; 133:15-16; 133:20 | 32(a), 602, Strike, 106 (88:20-89:2, 89:14-90:2), 801/802, 403 | |
| Fruitwala, Mushtaq | 136:20-137:2 | PK, H, SPEC, CU, OB, R | | 30:3-8; 32:15-18; 33:2-5; 50:5-9; 122:12-16; | 32(a), 602, Strike, 403 | |
| Fruitwala, Mushtaq | 137:11-14 | O, R, CU | | | | |
| Fruitwala, Mushtaq | 137:17-20 | PK, SPEC, CU, OB, R, H | | 30:3-8; 32:15-18; 33:2-5; 50:5-9; 122:12-16; | 32(a), 602, Strike, 403 | |
| Fruitwala, Mushtaq | 138:12-140:13 | PK, H, SPEC, CU, U, V | | 30:3-8; 32:15-18; 33:2-5; 39:4-6; 39:24-40:6; 50:5-9; 89:3-13; 94:2-5; 94:8; 122:12-16; | 32(a), 602, Strike, 106 (88:20-89:2, 89:14-90:2), 801/802, 403 | |

5.    Nielson, Kurt (Dec. 16, 2013)

| Deponent | Plaintiffs' Designations | Defendants' Objections | Ruling | Defendants' Counter-Designations | Plaintiffs' Objections | Ruling |
|---|---|---|---|---|---|---|
| Nielson, Kurt[5] | 5:14-17 | | | | | |
| Nielson, Kurt | 8:7-18 | | | | | |
| Nielson, Kurt | 37:6-15 | F, L, R, V | | 37:2-5 40:2-9 | 402, 403, Vague | |
| Nielson, Kurt | 46:5-19 | F, L, PK, R, V | | | | |
| Nielson, Kurt | 50:13-15 | BTS, CU, F, H, L, PK, R, SPEC | | 49:16-50:12 50:16-17 | 32(a), 402, 403, 602, Counsel | |
| Nielson, Kurt | 50:19-51:7 | BTS, CU, F, H, L, LC, O, PK, R, SPEC, V | | 51:8-9 | 32(a), Counsel | |
| Nielson, Kurt | 51:11-11 | BTS, CU, F, H, L, LC, O, PK, R, SPEC, V | | | | |
| Nielson, Kurt | 51:15-17 | BTS, CU, F, H, L, LC, O, PK, R, SPEC, V | | 51:18 | 32(a), Counsel | |
| Nielson, Kurt | 51:20-24 | BTS, CU, F, H, L, LC, O, PK, R, SPEC, V | | 52:1 | 32(a), Counsel | |
| Nielson, Kurt | 52:3-6 | BTS, CU, F, H, L, LC, O, PK, R, SPEC, V | | 52:7 | 32(a), Counsel | |
| Nielson, Kurt | 52:9-13 | BTS, CU, F, H, L, LC, O, PK, R, SPEC, V | | 52:14-15 | 32(a), Counsel | |
| Nielson, Kurt | 52:17-21 | BTS, CU, F, H, L, LC, O, PK, R, SPEC, V | | 52:22-23 | 32(a), Counsel | |
| Nielson, Kurt | 53:2-6 | BTS, CU, F, H, L, LC, O, PK, R, SPEC, V | | 53:7-8 | 32(a), Counsel | |
| Nielson, Kurt | 53:10-11 | BTS, CU, F, H, L, LC, O, PK, R, SPEC, V | | | | |

---

[5] The Rule 30(b)(6) testimony is subject to defendants' additional objections including but not limited to Defendants' Objections to Plaintiffs' Notices of Deposition Pursuant to Fed. R. Civ. P. 30(b)(6).

| Deponent | Plaintiffs' Designations | Defendants' Objections | Ruling | Defendants' Counter-Designations | Plaintiffs' Objections | Ruling |
|---|---|---|---|---|---|---|
| Nielson, Kurt | 53:20-23 | BTS, CU, F, H, L, LC, O, PK, R, SPEC, V | | | | |
| Nielson, Kurt | 54:16-18 | BTS, CU, F, H, L, LC, O, PK, R, SPEC, V | | 54:11 54:19 | 32(a), Counsel | |
| Nielson, Kurt | 54:21-55:1 | BTS, CU, F, H, L, LC, O, PK, R, SPEC, V | | 55:2-3 | 32(a), Counsel | |
| Nielson, Kurt | 55:5-5 | BTS, CU, F, L, V | | | | |
| Nielson, Kurt | 55:18-21 | BTS, CU, F, H, L, PK, R, SPEC, V | | | | |
| Nielson, Kurt | 56:6-10 | F, H, L, PK, R, V | | | | |
| Nielson, Kurt | 56:21-57:2 | BTS, CU, H, L, PK, R, SPEC, V | | | | |
| Nielson, Kurt | 58:15-20 | BTS, CU, H, R, SPEC, V | | | | |
| Nielson, Kurt | 64:5-7 | BTS, CU, F, H, L, R, V | | 63:20-64:3 | 32(a), 402, 403 Counsel | |
| Nielson, Kurt | 64:10-14 | BTS, CU, F, H, L, R, V | | 64:8 | 32(a), Counsel | |
| Nielson, Kurt | 64:19-20 | BTS, CU, F, H, L, R, V | | 64:15-17 | 32(a), Counsel | |
| Nielson, Kurt | 67:22-69:1 | BTS, CU, F, L, R, V | | 69:2-3 | 32(a), Counsel | |
| Nielson, Kurt | 69:5-22 | BTS, CU, F, L, R, V | | 69:23-70:1 | 32(a), Counsel | |
| Nielson, Kurt | 70:3-16 | BTS, CU, F, L, R, V | | 70:17-19 | 32(a), Counsel | |
| Nielson, Kurt | 70:20-23 | BTS, CU, F, H, L, R, V | | 70:24 | 32(a), Counsel | |
| Nielson, Kurt | 71:2-8 | BTS, CU, F, H, L, R, V | | | | |
| Nielson, Kurt | 72:22-73:8 | F, L, R, V | | | | |
| Nielson, Kurt | 73:18-74:23 | F, L, R, V | | | | |
| Nielson, Kurt | 80:6-81:3 | L, V, R | | 81:4 | 32(a), Counsel | |
| Nielson, Kurt | 81:6-11 | L, V, OB, R | | 81:12-13 | 32(a), Counsel | |
| Nielson, Kurt | 81:15-17 | L, V, R | | 81:18-19 | 402, 403, 32(a), Counsel | |
| Nielson, Kurt | 81:21-82:1 | L, V, R | | 82:2-3 | 32(a), Counsel | |
| Nielson, Kurt | 82:5-9 | L, V, R | | 82:10-11 | 32(a), Counsel | |

| Deponent | Plaintiffs' Designations | Defendants' Objections | Ruling | Defendants' Counter-Designations | Plaintiffs' Objections | Ruling |
|---|---|---|---|---|---|---|
| Nielson, Kurt | 82:13-17 | L, V, R | | 82:18-19 | 32(a), Counsel | |
| Nielson, Kurt | 82:21-21 | L, V, R | | | | |
| Nielson, Kurt | 82:24-83:2 | L, V, I, OB, R | | 83:3-4 83:6 | 32(a), Counsel | |
| Nielson, Kurt | 83:8-10 | L, V, R | | 83:11 | 32(a), Counsel | |
| Nielson, Kurt | 83:13-17 | L, V, R | | 83:18 | 32(a), Counsel | |
| Nielson, Kurt | 83:20-21 | L, V, R | | 83:22 | 32(a), Counsel | |
| Nielson, Kurt | 83:24-24 | L, V, R | | | | |
| Nielson, Kurt | 84:4-5 | L, V, R | | 84:6 | 32(a), Counsel | |
| Nielson, Kurt | 84:8-8 | L, V, R | | | | |
| Nielson, Kurt | 84:10-12 | L, V, R | | 84:13 | 32(a), Counsel | |
| Nielson, Kurt | 84:15-19 | L, V, R | | 84:20 | 32(a), Counsel | |
| Nielson, Kurt | 84:22-85:2 | L, V, R | | 85:3 | 32(a), Counsel | |
| Nielson, Kurt | 85:5-9 | L, V, R | | 85:10 | 32(a), Counsel | |
| Nielson, Kurt | 85:12-15 | L, V, R | | 85:16 | 32(a), Counsel | |
| Nielson, Kurt | 85:18-22 | L, V, R | | 85:23 | 32(a), Counsel | |
| Nielson, Kurt | 86:2-6 | L, V, R | | 86:7 | 32(a), Counsel | |
| Nielson, Kurt | 86:9-13 | L, V, R | | 86:14 | 32(a), Counsel | |
| Nielson, Kurt | 86:16-20 | L, V, R | | | | |
| Nielson, Kurt | 91:24-92:7 | L, V, R | | | | |
| Nielson, Kurt | 96:1-2 | H, PK, R, SPEC, V | | | | |
| Nielson, Kurt | 96:8-20 | H, PK, R, SPEC, V | | | | |
| Nielson, Kurt | 99:11-100:18 | H, L, R, V | | | | |
| Nielson, Kurt | 101:3-10 | F, H, L, MIS, PK, R, V | | 101:12-14 | | |
| Nielson, Kurt | 102:20-22 | F, H, L, PK, R, SPEC, V | | | | |
| Nielson, Kurt | 103:4-14 | F, H, L, PK, R, SPEC, V | | | | |
| Nielson, Kurt | 103:21-104:6 | CU, L, R | | 104:15-105:11 | 402, 403, 602, 801/802 | |
| Nielson, Kurt | 105:12-17 | F, L, MIS, PK, R, SPEC, V | | | | |

| Deponent | Plaintiffs' Designations | Defendants' Objections | Ruling | Defendants' Counter-Designations | Plaintiffs' Objections | Ruling |
|---|---|---|---|---|---|---|
| Nielson, Kurt | 105:20-106:2 | L, R | | | | |
| Nielson, Kurt | 107:8-20 | CU, H, L, PK, R, SPEC, V | | | | |
| Nielson, Kurt | 108:12-15 | PK, R | | | | |
| Nielson, Kurt | 111:3-9 | F, H, L, PK, R, SPEC, V | | | | |
| Nielson, Kurt | 111:22-113:4 | CU, F, L, R, SPEC, V | | | | |
| Nielson, Kurt | 113:8-14 | F, L, R, SPEC, V | | 113:17-21 | 402, 403, Vague | |
| Nielson, Kurt | 113:22-114:18 | F, L, LC, MIS, R, V | | | | |
| Nielson, Kurt | 116:7-20 | H, PK, R, V | | | | |
| Nielson, Kurt | 119:11-18 | CU, L, R | | | | |
| Nielson, Kurt | 120:15-122:14 | BTS, CU, L, MIS, R, SPEC, U | | | | |
| Nielson, Kurt | 123:2-4 | BTS, R, SPEC, U | | 123:5-6 | 32(a), Counsel | |
| Nielson, Kurt | 123:8-16 | BTS, R, SPEC, U | | 123:18-19 123:23-124:3 | 402, 403, 602, Vague | |
| Nielson, Kurt | 132:10-20 | F, L, R, SPEC, V | | | | |
| Nielson, Kurt | 132:24-133:17 | F, L, R, SPEC, V | | 133:18-22 | 402, 403, Vague | |
| Nielson, Kurt | 138:16-17 | BTS, CU, H, PK, V | | 138:18-19 | 32(a), Counsel | |
| Nielson, Kurt | 138:21-24 | BTS, CU, H, PK, SPEC, V | | 139:1 | 32(a), Counsel | |
| Nielson, Kurt | 139:3-7 | BTS, CU, H, PK, SPEC, V | | | | |
| Nielson, Kurt | 140:5-15 | BTS, F, L, R, SPEC, V | | 140:16-18 | 32(a), Counsel | |
| Nielson, Kurt | 140:20-24 | BTS, F, L, R, SPEC, V | | 141:1-2 | 32(a), Counsel | |
| Nielson, Kurt | 141:4-7 | BTS, F, L, R, SPEC, V | | 141:8-9 | 32(a), Counsel | |
| Nielson, Kurt | 141:11-14 | BTS, F, L, R, SPEC, V | | 141:15-16 | 32(a), Counsel | |
| Nielson, Kurt | 141:18-22 | BTS, F, L, R, SPEC, V | | 141:23-142:1 | 32(a), Counsel | |
| Nielson, Kurt | 142:3-3 | BTS, F, L, R, SPEC, V | | | | |
| Nielson, Kurt | 144:16-24 | BTS, CU, F, L, R | | | | |
| Nielson, Kurt | 145:22-147:3 | BTS, CU, F, H, L, MIS, PK, R, SPEC | | | | |

| Deponent | Plaintiffs' Designations | Defendants' Objections | Ruling | Defendants' Counter-Designations | Plaintiffs' Objections | Ruling |
|---|---|---|---|---|---|---|
| Nielson, Kurt | 148:16-149:1 | CU, F, H, L, MIS, PK, R, SPEC | | | | |
| Nielson, Kurt | 149:20-150:1 | CU, F, H, L, MIS, PK, R, SPEC | | | | |
| Nielson, Kurt | 150:22-151:13 | F, L, R, V | | | | |
| Nielson, Kurt | 151:17-19 | F, L, R, V | | | | |
| Nielson, Kurt | 152:1-6 | F, R, SPEC | | | | |
| Nielson, Kurt | 153:16-24 | BTS, CU, F, H, L, PK, R, SPEC | | 153:13-15 154:1-3 | 32(a), Counsel | |
| Nielson, Kurt | 154:5-155:21 | BTS, CP, CU, F, L, R, SPEC, V | | 155:22-23 | 32(a), Counsel | |
| Nielson, Kurt | 156:1-15 | BTS, CP, CU, F, L, R, SPEC, V | | | | |
| Nielson, Kurt | 158:1-4 | BTS, F, L, R, SPEC, V | | 158:5-6 | 32(a), Counsel | |
| Nielson, Kurt | 158:8-10 | BTS, F, L, R, SPEC, V | | 158:11-12 | 32(a), Counsel | |
| Nielson, Kurt | 158:14-23 | BTS, F, L, LC, PK, R, SPEC, V | | 158:24-159:3 | 32(a), Counsel | |
| Nielson, Kurt | 159:5-161:15 | BTS, CU, F, L, LC, MIS, PK, R, SPEC, V | | | | |
| Nielson, Kurt | 162:10-21 | BTS, CU, F, L, R, SPEC, V | | | | |
| Nielson, Kurt | 165:14-166:8 | CU, L, MIS, R | | | | |
| Nielson, Kurt | 166:15-24 | CU, F, L, MIS, R | | | | |
| Nielson, Kurt | 167:3-169:2 | CU, F, L, MIS, R | | | | |
| Nielson, Kurt | 170:3-173:16 | CU, L, R | | | | |
| Nielson, Kurt | 174:22-175:12 | CU, F, L, MIS, R | | | | |
| Nielson, Kurt | 176:6-177:4 | CU, F, L, MIS, R, V | | | | |
| Nielson, Kurt | 177:8-11 | F, L, MIS, R, V | | | | |
| Nielson, Kurt | 178:4-9 | CU, F, L, MIS, R, V | | | | |
| Nielson, Kurt | 178:16-179:16 | CU, F, L, MIS, R, V | | | | |
| Nielson, Kurt | 184:5-8 | CU, F, L, MIS, R, V | | | | |

| Deponent | Plaintiffs' Designations | Defendants' Objections | Ruling | Defendants' Counter-Designations | Plaintiffs' Objections | Ruling |
|---|---|---|---|---|---|---|
| Nielson, Kurt | 184:18-22 | CU, F, L, MIS, R, V | | | | |
| Nielson, Kurt | 188:19-189:8 | CU, F, L, MIS, R, V | | | | |
| Nielson, Kurt | 196:11-23 | CU, F, L, MIS, R, V | | | | |
| Nielson, Kurt | 197:16-21 | CU, F, L, MIS, R, V | | | | |
| Nielson, Kurt | 201:22-24 | BTS, F, L, R, V | | | | |
| Nielson, Kurt | 208:9-22 | CU, CP, L, R, V | | | | |
| Nielson, Kurt | 209:6-10 | CU, CP, L, R, V | | | | |
| Nielson, Kurt | 209:16-210:9 | CU, CP, L, R, V | | | | |
| Nielson, Kurt | 210:17-211:4 | CU, CP, L, R, V | | | | |
| Nielson, Kurt | 211:22-212:22 | AA, CU, CP, L, R, V | | | | |

      6.      Schuster, Brian (Nov. 13, 2013)

| Deponent | Plaintiffs' Designations | Defendants' Objections | Ruling | Defendants' Counter-Designations | Plaintiffs' Objections | Ruling |
|---|---|---|---|---|---|---|
| Schuster, Brian[6] | 6:10-17 | | | | | |
| Schuster, Brian | 12:16-24 | V, R | | | | |
| Schuster, Brian | 13:5-11 | | | | | |
| Schuster, Brian | 22:6-18 | V, PK, SPEC, H | | 13:22-14:2; 15:21-22; 16:3; 16:18-21; 73:18-20; 73:24-74:3; 85:12-18 | 32(a), 106 (16:5-11), 402, 403, 602, Vague, | |

---

[6] The Rule 30(b)(6) testimony is subject to defendants' additional objections including but not limited to Defendants' Objections to Plaintiffs' Notices of Deposition Pursuant to Fed. R. Civ. P. 30(b)(6).

| Deponent | Plaintiffs' Designations | Defendants' Objections | Ruling | Defendants' Counter-Designations | Plaintiffs' Objections | Ruling |
|---|---|---|---|---|---|---|
| Schuster, Brian | 22:22-23:6 | BTS, V, PK, H, SPEC | | 13:22-14:2; 15:21-22; 16:3; 16:18-21, 23:7-9; 73:18-20, 73:24-74:3; 85:12-18 | 32(a), 106 (16:5-11), 402, 403, 602, Counsel, Vague | |
| Schuster, Brian | 23:11-12 | BTS, V | | 23:7-9; 25:20-26:17 | 32(a), 106 (26:19-21, 27:2-7), 402, 403, Counsel | |
| Schuster, Brian | 27:9-28:18 | V, SPEC, PK, H | | 25:20-26:17; 28:19-20 | 32(a), 106 (26:19-21, 27:2-7), 402, 403, Counsel | |
| Schuster, Brian | 28:22-29:1 | SPEC, PK, H, V | | 25:20-26:17; 28:19-20 | 32(a), 106 (26:19-21, 27:2-7), 402, 403, Counsel | |
| Schuster, Brian | 29:15-17 | V | | 25:20-26:17; 30:8-10 | 32(a), 106 (30:2-7), 402, 403, 801/802, Counsel | |
| Schuster, Brian | 32:24-33:2 | V, F | | 15:21-22; 16:3; 16:18-21; 73:18-20, 73:24-74:3; 83:19-84:3; 85:12-18 | 32(a), 106 (16:5-11), 402, 403, 602, Vague | |

| Deponent | Plaintiffs' Designations | Defendants' Objections | Ruling | Defendants' Counter-Designations | Plaintiffs' Objections | Ruling |
|---|---|---|---|---|---|---|
| Schuster, Brian | 35:11-37:2 | BTS, SPEC, PK, H, MIS, R, CU | | 25:20-26:17; 37:3-4 | 32(a), 106 (26:19-21, 27:2-7), 403, 403, Counsel | |
| Schuster, Brian | 37:6-10 | BTS, SPEC, PK, H, | | 25:20-26:17; 37:3-4 | 32(a), 106 (26:19-21, 27:2-7), 402, 403, Counsel | |
| Schuster, Brian | 41:6-23 | V | | 25:20-26:17 | 32(a), 106 (26:19-21, 27:2-7), 402, 403, Counsel | |
| Schuster, Brian | 42:20-44:24 | V, PK, SPEC, H, LC, O, U, MIS | | 13:22-14:2; 15:21-22; 16:3; 16:18-21; 25:20-26:17; 45:1-45:4; 73:18-20, 73:24-74:3; 83:19-84:3 | 32(a), 106 (16:5-11, 26:19-21, 27:2-7), 402, 403, 602, Counsel, Vague | |
| Schuster, Brian | 45:5-16 | V, CP, MIS, R | | 45:24-46:18; 46:22-47:11; 47:15-18; 48:21-23 | 32(a), 106 (45:17-23, 47:21-23), 402, 403, 602, Not Testimony, DC | |
| Schuster, Brian | 48:2-13 | V, PK, H, SPEC, R | | 45:24-46:18; 46:22-47:11; 47:15-18; 48:21-23 | 32(a), 106 (45:17-23, 47:21-23), 402, 403, 602, DC, Not Testimony | |

| Deponent | Plaintiffs' Designations | Defendants' Objections | Ruling | Defendants' Counter-Designations | Plaintiffs' Objections | Ruling |
|---|---|---|---|---|---|---|
| Schuster, Brian | 49:2-50:7 | V, AA, PK, H, SPEC, MIS | | 25:20-26:17; 50:19-51:2 | 32(a), 106 (26:19-21, 27:2-7), 402, 403, Counsel, Strike | |
| Schuster, Brian | 50:11-17 | V, AA, PK, H, SPEC, MIS | | 25:20-26:17; 50:19-51:2 | 32(a), 106 (26:19-21, 27:2-7), 402, 403, Counsel, Strike | |
| Schuster, Brian | 53:16-54:3 | BTS, SPEC, PK, H | | 54:24-55:13 | 32(a), 402, 403, 602, Counsel | |
| Schuster, Brian | 54:8-23 | BTS, SPEC, PK, H | | 54:24-55:13 | 32(a), 402, 403, 602, Counsel | |
| Schuster, Brian | 76:5-77:22 | V, LC, O, U, MIS | | 13:22-14:2; 15:21-22; 16:3; 16:18-21; 73:18-20; 73:24-74:3; 83:19-84:3; 85:12-18; 93:20-94:9 | 32(a), 106 (16:5-11), 402, 403, 602, Vague | |
| Schuster, Brian | 78:16-79:19 | SPEC, PK, H, LC, O, U, MIS | | 13:22-14:2; 15:21-22; 16:3; 16:18-21; 73:18-20; 73:24-74:3; 83:19-84:3; 85:12-18; 93:20-94:9 | 32(a), 106 (16:5-11), 402, 403, 602, Vague | |

| Deponent | Plaintiffs' Designations | Defendants' Objections | Ruling | Defendants' Counter-Designations | Plaintiffs' Objections | Ruling |
|---|---|---|---|---|---|---|
| Schuster, Brian | 82:6-83:18 | PK, SPEC, H, LC, O, U, MIS | | 13:22-14:2; 15:21-22; 16:3; 16:18-21; 73:18-20; 73:24-74:3; 83:19-84:3; 85:12-18; 93:20-94:9 | 32(a), 106 (16:5-11), 402, 403, 602, Vague | |
| Schuster, Brian | 84:4-86:4 | V, LC, O, U, MIS, PK, SPEC, H | | 13:22-14:2; 15:21-22; 16:3; 16:18-21; 73:18-20; 73:24-74:3; 83:19-84:3; 85:12-18; 93:20-94:9 | 32(a), 106 (16:5-11), 402, 403, 602, Vague | |
| Schuster, Brian | 87:16-18 | BTS, PK, H, O, LC, SPEC, AA, U, MIS | | 13:22-14:2; 15:21-22; 16:3; 16:18-21; 73:18-20; 73:24-74:3; 83:19-84:3; 85:12-18; 86:21-87:6; 87:11-13; 87:19-20; 88:8-89:12; 93:20-94:9 | 32(a), 106 (16:5-11, 87:8-10), 402, 403, 602, 801/802, Counsel, Vague | |

| Deponent | Plaintiffs' Designations | Defendants' Objections | Ruling | Defendants' Counter-Designations | Plaintiffs' Objections | Ruling |
|---|---|---|---|---|---|---|
| Schuster, Brian | 87:22-88:7 | BTS, PK, H, O, LC, SPEC, AA, U, MIS | | 13:22-14:2; 15:21-22; 16:3; 16:18-21; 73:18-20, 73:24-74:3; 83:19-84:3; 85:12-18; 86:21-87:6; 87:11-13; 87:19-20 88:8-89:12; 93:20-94:9 | 32(a), 106 (16:5-11, 87:8-10), 402, 403, 602, 801/802, Counsel, Vague | |
| Schuster, Brian | 89:13-24 | BTS, PK, H, O, LC, SPEC, U, MIS | | 13:22-14:2; 15:21-22; 16:3; 16:18-21; 73:18-20, 73:24-74:3; 83:19-84:3; 85:12-18; 86:21-87:6; 88:8-89:12; 90:1-4; 93:20-94:9 | 32(a), 106 (16:5-11, 87:8-10), 402, 403 602, 801/802, Counsel, Vague | |

| Deponent | Plaintiffs' Designations | Defendants' Objections | Ruling | Defendants' Counter-Designations | Plaintiffs' Objections | Ruling |
|---|---|---|---|---|---|---|
| Schuster, Brian | 90:6-16 | BTS, PK, H, O, LC, SPEC, V, U, MIS | | 13:22-14:2; 15:21-22; 16:3; 16:18-21; 73:18-20, 73:24-74:3; 83:19-84:3; 85:12-18; 86:21-87:6; 88:8-89:12; 90:1-4; 90:17-20; 93:20-94:9 | 32(a), 106 (16:5-11, 87:8-10), 402, 403, 602, 801/802, Counsel, Vague | |
| Schuster, Brian | 90:22-92:11 | BTS, PK, H, O, LC, SPEC, V, U, MIS | | 13:22-14:2; 15:21-22; 16:3; 16:18-21; 73:18-20, 73:24-74:3; 83:19-84:3; 85:12-18; 86:21-87:6; 88:8-89:12; 90:17-20; 93:20-94:9 | 32(a), 106 (16:5-11, 87:8-10) 402, 403, 602, 801/802, Counsel, Vague | |

| Deponent | Plaintiffs' Designations | Defendants' Objections | Ruling | Defendants' Counter-Designations | Plaintiffs' Objections | Ruling |
|---|---|---|---|---|---|---|
| Schuster, Brian | 92:20-93:19 | SPEC, H, PK, L, AA, MIS | | 13:22-14:2; 15:21-22; 16:3; 16:18-21; 73:18-20, 73:24-74:3; 83:19-84:3; 85:12-18; 86:21-87:6; 88:8-89:12; 93:20-94:9 | 32(a), 106 (87:8-10), 402, 403, 602, 801/802, Counsel, Vague, | |
| Schuster, Brian | 94:10-96:4 | V, CP, PK, SPEC, MIS, H, R, CU | | 13:22-14:2; 15:21-22; 16:3; 16:18-21; 73:18-20, 73:24-74:3; 83:19-84:3; 85:12-18; 86:21-87:6; 88:8-89:12; 93:20-94:9 | 32(a), 602, Vague, 402, 403, 801/802, Counsel, 106 (16:5-11, 87:8-10) | |
| Schuster, Brian | 96:9-97:4 | V, CP, PK, SPEC, H, MIS, R, CU | | 93:20-94:9 | 32(a), 402, 403, 602, Vague | |
| Schuster, Brian | 101:10-10 | BTS, V, R, F, O | | 102:2-11 | 32(a), 402, 403, 701/702, Counsel | |
| Schuster, Brian | 101:15-23 | BTS, V, R, F, O | | 102:2-11 | 32(a), 402, 403, 701/702, Counsel | |

| Deponent | Plaintiffs' Designations | Defendants' Objections | Ruling | Defendants' Counter-Designations | Plaintiffs' Objections | Ruling |
|---|---|---|---|---|---|---|
| Schuster, Brian | 102:13-20 | L, R, SPEC, PK, H | | 102:2-11 | 32(a), 402, 403, 701/702, Counsel | |
| Schuster, Brian | 108:18-110:17 | V, CP, R, MIS, CU | | 45:24-46:18; 46:22-47:11; 47:15-18; 48:21-23; 106:4-107:4 | 32(a), 106 (45:17-23, 47:21-23), 402, 403, 602, Counsel, DC, Not Testimony, Vague | |
| Schuster, Brian | 126:23-128:11 | BTS, V, SPEC, PK, LC, O, U, MIS | | 15:21-22; 16:3; 125:2-4; 125:9-11; 126:12-13; 126:18-20; | 32(a), 106 (125:13-15, 125:20-23, 126:2, 126:7-10), 402, 403, Strike | |
| Schuster, Brian | 133:9-134:2 | BTS, PK, H, SPEC, MIS, CU | | 15:21-22; 16:3; 125:2-4; 125:9-11; 126:12-13; 126:18-20; 134:3-6 135:12-15; 135:19-25 | 32(a), 106 (125:13-15, 125:20-23, 126:2, 126:7-10) 402, 403, 602, Counsel, Strike, Vague | |

| Deponent | Plaintiffs' Designations | Defendants' Objections | Ruling | Defendants' Counter-Designations | Plaintiffs' Objections | Ruling |
|---|---|---|---|---|---|---|
| Schuster, Brian | 134:8-19 | BTS, PK, H, SPEC, MIS, CU | | 15:21-22; 16:3; 125:2-4; 125:9-11; 126:12-13; 126:18-20; 134:3-6; 134:20-21; 135:12-15; 135:19-25 | 32(a), 106 (125:13-15, 125:20-23, 126:2, 126:7-10), 403, 403, 602, Counsel, Strike, Vague | |
| Schuster, Brian | 134:23-135:3 | BTS, PK, H, SPEC, MIS, CU | | 15:21-22; 16:3; 125:2-4; 125:9-11; 126:12-13; 126:18-20; 134:20-21; 135:5-6; 135:12-15; 135:19-25 | 32(a), 106 (125:13-15, 125:20-23, 126:2, 126:7-10), 402, 403, 602, Counsel, Strike, Vague | |
| Schuster, Brian | 135:8-10 | BTS, PK, H, SPEC, MIS, CU | | 15:21-22; 16:3; 125:2-4; 125:9-11; 126:12-13; 126:18-20; 135:5-6; 135:12-15; 135:19-25 | 32(a), 106 (125:13-15, 125:20-23, 126:2, 126:7-10) 402, 403, 602, Counsel, Strike, Vague | |

| Deponent | Plaintiffs' Designations | Defendants' Objections | Ruling | Defendants' Counter-Designations | Plaintiffs' Objections | Ruling |
|---|---|---|---|---|---|---|
| Schuster, Brian | 136:5-24 | BTS, H, SPEC, PK | | 15:21-22; 16:3; 125:2-4; 125:9-11; 126:12-13; 126:18-20; 137:1-2; 138:17-18; 138:23-139:8; 139:10-12; 139:17-24 | 32(a), 106 (125:13-15, 125:20-23, 126:2, 126:7-10), 403, 403, 602, Counsel, Strike, Vague | |
| Schuster, Brian | 137:4-12 | BTS, V, CP, MIS | | 15:21-22; 16:3; 125:2-4; 125:9-11; 126:12-13; 126:18-20; 137:1-2; 137:13-14 138:17-18; 138:23-139:8; 139:10-12; 139:17-24 | 32(a), 106 (125:13-15, 125:20-23, 126:2, 126:7-10), 402, 403, 602, Counsel, Strike, Vague | |

| Deponent | Plaintiffs' Designations | Defendants' Objections | Ruling | Defendants' Counter-Designations | Plaintiffs' Objections | Ruling |
|---|---|---|---|---|---|---|
| Schuster, Brian | 137:16-18 | BTS, V, CP, MIS | | 15:21-22; 16:3; 125:2-4; 125:9-11; 126:12-13; 126:18-20; 137:13-14; 137:16-18; 138:17-18; 138:23-139:8; 139:10-12; 139:17-24 | 32(a), 106 (125:13-15, 125:20-23, 126:2, 126:7-10), 402, 403, 602, Counsel, Strike, Vague, | |
| Schuster, Brian | 137:22-23 | BTS, V, CP, MIS | | 15:21-22; 16:3; 125:2-4; 125:9-11; 126:12-13; 126:18-20; 137:19-20; 138:17-18; 138:23-139:8; 139:10-12; 139:17-24 | 32(a), 106 (125:13-15, 125:20-23, 126:2, 126:7-10), 402, 403, 602, Counsel, Strike, Vague | |

| Deponent | Plaintiffs' Designations | Defendants' Objections | Ruling | Defendants' Counter-Designations | Plaintiffs' Objections | Ruling |
|---|---|---|---|---|---|---|
| Schuster, Brian | 138:2-4 | BTS, H, SPEC, PK, MIS, F | | 15:21-22; 16:3; 125:2-4; 125:9-11; 126:12-13; 125:2-4; 125:9-11; 126:18-20; 138:5-7; 138:17-18; 138:23-139:8; 139:10-12; 139:17-24 | 32(a), 106 (125:13-15, 125:20-23, 126:2, 126:7-10), 402, 403, 602, Counsel, Strike, Vague | |
| Schuster, Brian | 138:9-15 | BTS, H, SPEC, PK, MIS, F | | 15:21-22; 16:3; 125:2-4; 125:9-11; 126:12-13; 126:18-20; 138:5-7; 138:17-18; 138:23-139:8; 139:10-12; 139:17-24 | 32(a), 106 (125:13-15, 125:20-23, 126:2, 126:7-10), 402, 403, 602, Counsel, Strike, Vague | |

| Deponent | Plaintiffs' Designations | Defendants' Objections | Ruling | Defendants' Counter-Designations | Plaintiffs' Objections | Ruling |
|---|---|---|---|---|---|---|
| Schuster, Brian | 140:20-22 | BTS, H, SPEC, PK, MIS, F | | 15:21-22; 16:3; 125:2-4; 125:9-11; 126:12-13; 126:18-20; 138:17-18; 138:23-139:8; 139:10-12; 140:23-141:2; 139:17-24 | 32(a), 106 (125:13-15, 125:20-23, 126:2, 126:7-10), 402, 403, 602, Counsel, Strike, Vague | |
| Schuster, Brian | 141:4-11 | BTS, H, SPEC, PK, LC, O, U, MIS, F | | 15:21-22; 16:3; 125:2-4; 125:9-11; 126:12-13; 126:18-20; 138:17-18; 138:23-139:8; 139:10-12; 139:17-24 140:23-141:2 | 32(a), 106 (125:13-15, 125:20-23, 126:2, 126:7-10), 402, 403, 602, Counsel, Strike, Vague | |
| Schuster, Brian | 142:23-24 | R, V | | 15:21-22; 16:3; 125:2-4; 125:9-11; 126:12-13; 126:18-20; | 32(a), 106 (125:13-15, 125:20-23, 126:2, 126:7-10), 402, 403, Strike | |
| Schuster, Brian | 144:7-11 | R, V, PK, SPEC, H | | 15:21-22; 16:3; 125:2-4; 125:9-11; 126:12-13; 126:18-20; | 32(a), 106 (125:13-15, 125:20-23, 126:2, 126:7-10), 402, 403, Strike | |

| Deponent | Plaintiffs' Designations | Defendants' Objections | Ruling | Defendants' Counter-Designations | Plaintiffs' Objections | Ruling |
|---|---|---|---|---|---|---|
| Schuster, Brian | 144:14-14 | R, BTS, V, PK, SPEC, H | | 15:21-22; 16:3; 125:2-4; 125:9-11; 126:12-13; 126:18-20; | 32(a), 106 (125:13-15, 125:20-23, 126:2, 126:7-10), 402, 403, Strike | |
| Schuster, Brian | 145:2-4 | R, BTS, V, PK, SPEC, H | | 15:21-22; 16:3; 125:2-4; 125:9-11; 126:12-13; 126:18-20; | 32(a), 106 (125:13-15, 125:20-23, 126:2, 126:7-10), 402, 403, Strike | |
| Schuster, Brian | 145:8-8 | R, BTS, V, PK, SPEC, H | | 15:21-22; 16:3; 125:2-4; 125:9-11; 126:12-13; 126:18-20; | 32(a), 106 (125:13-15, 125:20-23, 126:2, 126:7-10), 402, 403, Strike | |

7.    Wilcox, David – Vol 1 (Dec. 11, 2013)

| Deponent | Plaintiffs' Designations | Defendants' Objections | Ruling | Defendants' Counter-Designations | Plaintiffs' Objections | Ruling |
|---|---|---|---|---|---|---|
| Wilcox, David - Vol. 1[7] | 6:1-3 | | | | | |
| Wilcox, David - Vol. 1 | 7:9-22 | | | | | |

---

[7] The Rule 30(b)(6) testimony is subject to defendants' additional objections including but not limited to Defendants' Objections to Plaintiffs' Notices of Deposition Pursuant to Fed. R. Civ. P. 30(b)(6).

| Deponent | Plaintiffs' Designations | Defendants' Objections | Ruling | Defendants' Counter-Designations | Plaintiffs' Objections | Ruling |
|---|---|---|---|---|---|---|
| Wilcox, David - Vol. 1 | 16:8-17:12 | V | | 20:6-20:7; 20:20-20:24; 21:5-21:9; 24:7-24:10; 27:22-28:1; 28:3; 28:5; 28:7; 58:6-58:9; 58:11; 58:17-58:19; 58:23-59:1 | 32(a); 106 (20:9-19, 28:2, 28:4, 28:6, 58:10), 402, 403, Vague | |
| Wilcox, David - Vol. 1 | 33:4-15 | BTS, F, I, R, SPEC, V | | 33:2-33:3 | | |
| Wilcox, David - Vol. 1 | 33:19-20 | BTS, F, R, V | | | | |
| Wilcox, David - Vol. 1 | 33:24-34:9 | BTS, F, R, V | | | | |
| Wilcox, David - Vol. 1 | 35:4-36:3 | R, V | | | | |
| Wilcox, David - Vol. 1 | 36:22-37:16 | O, R, SPEC, V | | | | |
| Wilcox, David - Vol. 1 | 38:3-4 | BTS, H, R | | | | |
| Wilcox, David - Vol. 1 | 38:8-14 | BTS, H, R | | | | |
| Wilcox, David - Vol. 1 | 38:18-20 | BTS, H, R | | | | |
| Wilcox, David - Vol. 1 | 40:4-8 | R, V | | | | |
| Wilcox, David - Vol. 1 | 40:14-22 | R, V | | | | |
| Wilcox, David - Vol. 1 | 42:11-13 | BTS, H, PK, R, SPEC, V | | | | |
| Wilcox, David - Vol. 1 | 42:18-43:20 | BTS, H, PK, R, SPEC, V | | 43:21-43:24; 44:6-44:8 | 402, 403, Vague | |
| Wilcox, David - Vol. 1 | 46:12-15 | BTS, H, PK, R, SPEC, V | | | | |
| Wilcox, David - Vol. 1 | 46:20-47:5 | BTS, H, PK, R, SPEC, V | | | | |
| Wilcox, David - Vol. 1 | 60:5-10 | R, SPEC, V | | | | |
| Wilcox, David - Vol. 1 | 60:12-19 | R, SPEC, V | | | | |
| Wilcox, David - Vol. 1 | 60:22-61:3 | R, SPEC, V | | | | |

| Deponent | Plaintiffs' Designations | Defendants' Objections | Ruling | Defendants' Counter-Designations | Plaintiffs' Objections | Ruling |
|---|---|---|---|---|---|---|
| Wilcox, David - Vol. 1 | 65:13-66:11 | R | | 66:12-66:17 | 402, 403, Vague | |
| Wilcox, David - Vol. 1 | 67:4-6 | BTS, H, PK, R, SPEC, V | | | | |
| Wilcox, David - Vol. 1 | 67:11-23 | BTS, H, PK, R, SPEC, V | | | | |
| Wilcox, David - Vol. 1 | 68:8-13 | BTS, H, PK, R, SPEC, V | | | | |
| Wilcox, David - Vol. 1 | 70:2-7 | R | | | | |
| Wilcox, David - Vol. 1 | 70:15-19 | BTS, H, PK, R, SPEC, V | | | | |
| Wilcox, David - Vol. 1 | 70:23-71:3 | BTS, H, PK, R, SPEC, V | | | | |
| Wilcox, David - Vol. 1 | 77:15-17 | BTS, H, PK, R, SPEC, V | | | | |
| Wilcox, David - Vol. 1 | 77:20-22 | BTS, H, PK, R, SPEC, V | | | | |
| Wilcox, David - Vol. 1 | 79:14-17 | V | | | | |
| Wilcox, David - Vol. 1 | 81:4-4 | BTS, H, PK, R, SPEC, V | | | | |
| Wilcox, David - Vol. 1 | 81:8-10 | BTS, H, PK, R, SPEC, V | | | | |
| Wilcox, David - Vol. 1 | 82:2-7 | R | | | | |
| Wilcox, David - Vol. 1 | 82:18-84:4 | BTS, H, LC, PK, O, R, SPEC, U, V | | | | |
| Wilcox, David - Vol. 1 | 84:8-9 | BTS, H, LC, PK, O, R, SPEC, U, V | | | | |
| Wilcox, David - Vol. 1 | 84:19-21 | BTS, H, LC, PK, O, R, SPEC, U, V | | | | |
| Wilcox, David - Vol. 1 | 85:2-11 | BTS, H, LC, PK, O, R, SPEC, U, V | | | | |
| Wilcox, David - Vol. 1 | 85:14-86:10 | LC, O, R, U, V | | | | |
| Wilcox, David - Vol. 1 | 86:13-16 | LC, O, R, U, V | | | | |
| Wilcox, David - Vol. 1 | 87:3-4 | AA, LC, O, R, U, V | | | | |
| Wilcox, David - Vol. 1 | 87:8-18 | AA, BTS, H, LC, O, PK, R, SPEC, U, V | | | | |
| Wilcox, David - Vol. 1 | 87:22-88:1 | AA, BTS, H, LC, O, PK, R, SPEC, U, V | | | | |
| Wilcox, David - Vol. 1 | 88:14-15 | BTS, LC, O, PK, R, SPEC, U, V | | | | |

| Deponent | Plaintiffs' Designations | Defendants' Objections | Ruling | Defendants' Counter-Designations | Plaintiffs' Objections | Ruling |
|---|---|---|---|---|---|---|
| Wilcox, David - Vol. 1 | 88:20-23 | BTS, LC, O, PK, R, SPEC, U, V | | | | |
| Wilcox, David - Vol. 1 | 89:3-12 | BTS, LC, O, PK, R, SPEC, U, V; Line 89:3: subject to errata ("Yeah" should be "Eh") | | | | |
| Wilcox, David - Vol. 1 | 90:18-91:12 | LC, O, R, U, V | | | | |
| Wilcox, David - Vol. 1 | 91:15-22 | LC, O, R, U, V | | 92:15-92:20 | 402, 403 | |
| Wilcox, David - Vol. 1 | 93:4-8 | LC, O, R, U, V | | | | |
| Wilcox, David - Vol. 1 | 93:12-13 | LC, O, R, U, V | | | | |
| Wilcox, David - Vol. 1 | 94:23-95:2 | V | | 95:3; 95:8-95:11 | 402, 403, Vague | |
| Wilcox, David - Vol. 1 | 95:23-96:2 | V | | | | |
| Wilcox, David - Vol. 1 | 96:9-22 | BTS, H, PK, R, SPEC, V | | | | |
| Wilcox, David - Vol. 1 | 97:23-98:15 | BTS, H, PK, R, SPEC, V | | | | |
| Wilcox, David - Vol. 1 | 99:2-3 | BTS, H, PK, R, SPEC, V | | | | |
| Wilcox, David - Vol. 1 | 99:8-12 | BTS, H, PK, R, SPEC, V | | | | |
| Wilcox, David - Vol. 1 | 101:5-10 | R, V | | | | |
| Wilcox, David - Vol. 1 | 101:14-19 | R, V | | | | |
| Wilcox, David - Vol. 1 | 101:22-102:5 | R, V | | | | |
| Wilcox, David - Vol. 1 | 102:24-103:16 | BTS, PK, R | | | | |
| Wilcox, David - Vol. 1 | 106:19-107:1 | BTS, R | | | | |
| Wilcox, David - Vol. 1 | 107:5-22 | CP, H, LC, O, R, SPEC, U, V | | 107:2-107:4 | 402, 403, 801/802 | |
| Wilcox, David - Vol. 1 | 108:2-13 | CP, H, LC, O, R, SPEC, U, V | | | | |
| Wilcox, David - Vol. 1 | 108:16-18 | CP, H, LC, O, R, SPEC, U, V | | 108:20-108:24 | 402, 403, 602 | |
| Wilcox, David - Vol. 1 | 109:19-23 | CP, H, LC, O, R, SPEC, U, V | | | | |

| Deponent | Plaintiffs' Designations | Defendants' Objections | Ruling | Defendants' Counter-Designations | Plaintiffs' Objections | Ruling |
|---|---|---|---|---|---|---|
| Wilcox, David - Vol. 1 | 110:5-5 | CP, H, LC, O, R, SPEC, U, V | | | | |
| Wilcox, David - Vol. 1 | 110:7-9 | BTS, CP, H, LC, O, R, SPEC, U, V | | | | |
| Wilcox, David - Vol. 1 | 110:15-16 | BTS, CP, H, LC, O, R, SPEC, U, V; Line 110:16: subject to errata ("intent" should be "intent with") | | 110:18-110:20; 110:23-110:24 | 402, 403, Vague | |
| Wilcox, David - Vol. 1 | 118:9-10 | BTS, H, PK, R, SPEC, V | | | | |
| Wilcox, David - Vol. 1 | 118:15-16 | BTS, H, PK, R, SPEC, V | | | | |
| Wilcox, David - Vol. 1 | 118:18-19 | BTS, H, PK, R, SPEC, V | | | | |
| Wilcox, David - Vol. 1 | 118:22-119:5 | BTS, H, PK, R, SPEC, V | | | | |
| Wilcox, David - Vol. 1 | 119:10-11 | BTS, H, PK, R, SPEC, V | | | | |
| Wilcox, David - Vol. 1 | 124:8-19 | BTS, H, PK, R, SPEC, V | | | | |
| Wilcox, David - Vol. 1 | 129:14-21 | BTS, H, PK, R, SPEC, V | | | | |
| Wilcox, David - Vol. 1 | 130:1-10 | BTS, H, PK, R, SPEC, V | | 130:11; 130:15-130:16; 130:18-130:19; 132:14-132:21 | 402, 403, 602 | |
| Wilcox, David - Vol. 1 | 133:16-20 | BTS, H, PK, R, SPEC, V | | | | |
| Wilcox, David - Vol. 1 | 133:23-134:5 | BTS, H, PK, R, SPEC, V | | | | |
| Wilcox, David - Vol. 1 | 134:8-8 | BTS, H, PK, R, SPEC, V | | | | |

8.    Wilcox, David – Vol. 2 (Apr. 7, 2014)

| Deponent | Plaintiffs' Designations | Defendants' Objections | Ruling | Defendants' Counter-Designations | Plaintiffs' Objections | Ruling |
|---|---|---|---|---|---|---|
| Wilcox, David - Vol. 2[8] | 7:16-21 | | | | | |
| Wilcox, David - Vol. 2 | 8:14-9:10 | LC | | | | |
| Wilcox, David - Vol. 2 | 11:11-12:4 | | | 12:5-12:7 | 403 | |
| Wilcox, David - Vol. 2 | 12:8-17 | U, V | | | | |
| Wilcox, David - Vol. 2 | 13:12-14:9 | U, V | | | | |
| Wilcox, David - Vol. 2 | 20:19-21:12 | V | | | | |
| Wilcox, David - Vol. 2 | 21:19-22:12 | MIS, V | | | | |
| Wilcox, David - Vol. 2 | 26:7-24 | V | | 42:3-42:9; 43:3-43:5; 43:10-43:11; 44:4-44:9 | 32(a), 402, 403, 602, 701/702, 801/802 | |
| Wilcox, David - Vol. 2 | 28:23-31:5 | BTS, NARR, R, SPEC, V | | | | |
| Wilcox, David - Vol. 2 | 33:5-14 | V | | | | |
| Wilcox, David - Vol. 2 | 36:11-37:3 | V | | | | |
| Wilcox, David - Vol. 2 | 41:1-12 | R, V | | | | |
| Wilcox, David - Vol. 2 | 46:1-8 | | | | | |
| Wilcox, David - Vol. 2 | 46:13-15 | ARG, CP, R | | | | |
| Wilcox, David - Vol. 2 | 46:19-47:3 | R, V | | | | |
| Wilcox, David - Vol. 2 | 59:9-23 | R, V | | | | |
| Wilcox, David - Vol. 2 | 66:11-24 | | | | | |
| Wilcox, David - Vol. 2 | 67:8-19 | | | 68:5-68:10; 68:18-68:22 | 402, 403, 701/702, 801/802 | |
| Wilcox, David - Vol. 2 | 69:1-2 | ARG, MIS, V | | | | |

---

[8] The Rule 30(b)(6) testimony is subject to defendants' additional objections including but not limited to Defendants' Objections to Plaintiffs' Notices of Deposition Pursuant to Fed. R. Civ. P. 30(b)(6).

| Deponent | Plaintiffs' Designations | Defendants' Objections | Ruling | Defendants' Counter-Designations | Plaintiffs' Objections | Ruling |
|---|---|---|---|---|---|---|
| Wilcox, David - Vol. 2 | 69:6-6 | ARG, MIS, V | | | | |
| Wilcox, David - Vol. 2 | 69:13-70:8 | AA, ARG, CP, MIS, R, V | | | | |
| Wilcox, David - Vol. 2 | 70:11-15 | AA, CP, MIS, R, V | | 70:16-70:17; 70:20-70:23; 71:2-71:6 | 402, 403, 701/702, 801/802 | |
| Wilcox, David - Vol. 2 | 71:7-9 | AA, CP, MIS, V | | | | |
| Wilcox, David - Vol. 2 | 71:13-72:4 | AA, MIS, V | | | | |
| Wilcox, David - Vol. 2 | 72:7-24 | AA, CP, MIS, V | | | | |
| Wilcox, David - Vol. 2 | 73:2-5 | AA, CP, MIS, V | | | | |
| Wilcox, David - Vol. 2 | 73:8-8 | AA, MIS, V | | | | |
| Wilcox, David - Vol. 2 | 73:22-74:5 | AA, ARG, CP, MIS, V | | | | |
| Wilcox, David - Vol. 2 | 76:3-77:5 | V | | | | |
| Wilcox, David - Vol. 2 | 77:13-78:14 | CP, V | | 79:2-79:5; 79:9-79:10 | 106 (79:12-22), 402, 403, 701/702, 801/802 | |
| Wilcox, David - Vol. 2 | 79:23-80:1 | | | 80:8-80:15 | 402, 403, 602 | |
| Wilcox, David - Vol. 2 | 80:16-19 | V | | | | |
| Wilcox, David - Vol. 2 | 82:5-11 | R | | 83:4-83:15; 83:23-84:9; 84:19-84:23 | 106 (83:16-22), 402, 403, 801/802 | |
| Wilcox, David - Vol. 2 | 85:3-6 | R | | 85:7-85:11; 85:15-85:23; 86:4-86:11 | 106 (85:12-14; 85:24-86:3), 402, 403, 801/802 | |
| Wilcox, David - Vol. 2 | 86:12-15 | R, V | | | | |

| Deponent | Plaintiffs' Designations | Defendants' Objections | Ruling | Defendants' Counter-Designations | Plaintiffs' Objections | Ruling |
|---|---|---|---|---|---|---|
| Wilcox, David - Vol. 2 | 86:18-88:3 | SPEC, V | | 88:4-88:6; 88:8-88:13; 88:18-88:23; 102:6-102:21; 102:24-103:2; 104:12-104:21; 105:5-105:10; 106:1-106:12 | 32(a), 106 (88:7, 88:14-17, 105:19-24, 106:13-17), 402, 403, 602, 801/802 | |
| Wilcox, David - Vol. 2 | 89:12-90:19 | BTS, R, SPEC, V | | | | |
| Wilcox, David - Vol. 2 | 91:13-23 | R, SPEC, V | | | | |
| Wilcox, David - Vol. 2 | 94:9-95:3 | V | | | | |
| Wilcox, David - Vol. 2 | 95:6-96:7 | V | | | | |
| Wilcox, David - Vol. 2 | 96:17-98:6 | R, SPEC, V | | | | |
| Wilcox, David - Vol. 2 | 98:14-100:14 | ARG, R, V | | | | |
| Wilcox, David - Vol. 2 | 100:18-20 | V | | | | |
| Wilcox, David - Vol. 2 | 100:23-101:6 | V | | | | |
| Wilcox, David - Vol. 2 | 101:9-17 | ARG, V | | | | |
| Wilcox, David - Vol. 2 | 101:24-102:4 | V | | | | |
| Wilcox, David - Vol. 2 | 106:24-108:14 | AA, CP, V | | | | |
| Wilcox, David - Vol. 2 | 108:17-24 | AA, CP, V; Line 108:18: subject to errata ("and" should be "after") | | | | |
| Wilcox, David - Vol. 2 | 111:11-13 | BTS, O, V | | | | |
| Wilcox, David - Vol. 2 | 111:16-20 | BTS, O, V | | | | |
| Wilcox, David - Vol. 2 | 111:23-25 | BTS, O, V | | | | |
| Wilcox, David - Vol. 2 | 114:10-23 | R | | | | |
| Wilcox, David - Vol. 2 | 116:14-117:12 | R | | | | |
| Wilcox, David - Vol. 2 | 118:5-119:20 | R | | | | |
| Wilcox, David - Vol. 2 | 122:21-123:3 | BTS, V | | | | |

| Deponent | Plaintiffs' Designations | Defendants' Objections | Ruling | Defendants' Counter-Designations | Plaintiffs' Objections | Ruling |
|---|---|---|---|---|---|---|
| Wilcox, David - Vol. 2 | 123:6-23 | R | | | | |
| Wilcox, David - Vol. 2 | 124:7-21 | R, V | | | | |
| Wilcox, David - Vol. 2 | 125:9-16 | CU, R | | | | |
| Wilcox, David - Vol. 2 | 125:24-127:4 | R | | | | |
| Wilcox, David - Vol. 2 | 127:8-128:10 | PK, R, V | | | | |
| Wilcox, David - Vol. 2 | 128:16-129:24 | AA, R, SPEC, V | | | | |
| Wilcox, David - Vol. 2 | 130:12-132:3 | H, R, V | | | | |
| Wilcox, David - Vol. 2 | 133:2-8 | | | 134:3-134:10 | 403 | |
| Wilcox, David - Vol. 2 | 135:4-6 | BTS, PK, R, SPEC, V | | | | |
| Wilcox, David - Vol. 2 | 135:11-13 | BTS, PK, R, SPEC, V | | 135:16-135:18; 135:22-136:1 | 402, 403, 602, 801/802 | |
| Wilcox, David - Vol. 2 | 136:13-16 | R | | | | |
| Wilcox, David - Vol. 2 | 137:2-19 | R | | 137:22-138:9 | 402, 403 | |
| Wilcox, David - Vol. 2 | 139:18-140:17 | | | | | |
| Wilcox, David - Vol. 2 | 141:8-24 | ARG, V | | 142:1-142:10 | 403, 801/802 | |
| Wilcox, David - Vol. 2 | 142:11-21 | ARG, O, V | | 143:5-143:7; 143:9-143:10 | 403, Vague | |
| Wilcox, David - Vol. 2 | 143:11-13 | V | | | | |
| Wilcox, David - Vol. 2 | 143:20-144:8 | O, V | | 145:2-145:5; 191:8-191:15; 191:22-191:23; 192:2-192:3; 192:5-192:6; 192:9; 192:20-192:21; 193:5-193:7; 193:10 | 32(a), 106 (145:13-17), 402, 403, 602, 701/702, 801/802, Leading | |

| Deponent | Plaintiffs' Designations | Defendants' Objections | Ruling | Defendants' Counter-Designations | Plaintiffs' Objections | Ruling |
|---|---|---|---|---|---|---|
| Wilcox, David - Vol. 2 | 145:20-147:7 | V | | 28:5-28:10; 28:18-28:22; 190:7-190:12; 190:15-190:16; 190:19-190:20; 190:22-190:23; 191:2 | 402, 403, 602, 701/702, 801/802, Leading, Vague | |
| Wilcox, David - Vol. 2 | 148:11-149:7 | CU, R | | | | |
| Wilcox, David - Vol. 2 | 151:3-152:7 | CU, R | | 152:14-153:5 | 402, 403, 602, 801/802 | |
| Wilcox, David - Vol. 2 | 153:6-16 | AA, CU, R | | 153:17-153:22; 154:3-154:7 | 402, 403, 602, 801/802 | |
| Wilcox, David - Vol. 2 | 154:9-18 | AA, CU, R | | | | |
| Wilcox, David - Vol. 2 | 155:4-156:10 | CU, R | | 156:11-156:20 | 402, 403, 602, 801/802 | |
| Wilcox, David - Vol. 2 | 156:21-157:5 | CU, R | | | | |
| Wilcox, David - Vol. 2 | 157:16-158:9 | CU, R, V | | | | |
| Wilcox, David - Vol. 2 | 158:21-159:8 | CU, R | | 159:9-159:15 | 403 | |
| Wilcox, David - Vol. 2 | 159:16-160:7 | CU, R | | | | |
| Wilcox, David - Vol. 2 | 160:15-162:16 | CU, O, R, V | | | | |
| Wilcox, David - Vol. 2 | 163:10-166:3 | CU, R | | | | |
| Wilcox, David - Vol. 2 | 166:11-169:1 | CU, PK, R, SPEC | | | | |
| Wilcox, David - Vol. 2 | 169:19-170:13 | CU, R | | | | |
| Wilcox, David - Vol. 2 | 171:2-11 | CU, R | | | | |
| Wilcox, David - Vol. 2 | 172:1-22 | CU, O, R, V | | | | |
| Wilcox, David - Vol. 2 | 173:11-12 | CU, MIS, R, V | | | | |
| Wilcox, David - Vol. 2 | 173:23-174:21 | CU, R | | 174:22-175:7 | 403 | |
| Wilcox, David - Vol. 2 | 175:8-177:8 | CU, R | | 177:9-177:13 | 403 | |
| Wilcox, David - Vol. 2 | 178:22-181:1 | CU, R, V | | | | |
| Wilcox, David - Vol. 2 | 181:15-19 | BTS, CU, IH, R, SPEC | | | | |

| Deponent | Plaintiffs' Designations | Defendants' Objections | Ruling | Defendants' Counter-Designations | Plaintiffs' Objections | Ruling |
|---|---|---|---|---|---|---|
| Wilcox, David - Vol. 2 | 181:22-22 | BTS, CU, IH, R, SPEC | | | | |
| Wilcox, David - Vol. 2 | 182:4-19 | CU, R, SPEC | | | | |
| Wilcox, David - Vol. 2 | 184:18-23 | | | | | |
| Wilcox, David - Vol. 2 | 185:4-21 | | | | | |
| Wilcox, David - Vol. 2 | 186:3-187:4 | AA, MIS, V | | | | |
| Wilcox, David - Vol. 2 | 188:2-17 | AA, R, V | | | | |
| Wilcox, David - Vol. 2 | 188:21-189:3 | AA, R, V | | | | |
| Wilcox, David - Vol. 2 | 189:5-12 | AA, R, V | | | | |
| Wilcox, David - Vol. 2 | 189:15-190:2 | AA, R, V | | | | |

| Defendants' Objection Legend |
| --- |
| AA = Asked and answered; Fed. R. Evid. 611(a) |
| ARG = Argumentative, or attorney argument; Fed. R. Evid. 611(a) |
| BTS = Beyond the scope of examination or of 30(b)(6) topic; Fed. R. Evid. 611, |
| Fed. R. Civ. P. 30(b)(6) |
| CP = Compound question |
| CU = Cumulative/Waste of time; Fed. R. Evid. 403 |
| F = No foundation or assumes facts not in evidence; Fed. R. Evid. 602, 703, 901 |
| H = Hearsay if offered for the truth of the matter asserted; Fed. R. Evid. 801, 803, 805 |
| I = Incomplete designation; Fed. R. Evid. 106, 403 |
| IH = Incomplete Hypothetical |
| L = Leading; Fed. R. Evid. 611(c) |
| LC = Legal Conclusion; Fed. R. Evid. 701 |
| LW = Witness will be testifying live at trial |
| MIS = Mischaracterization of testimony or evidence |
| NARR = Narrative |
| NR = Not responsive; Fed. R. Evid. 611(a) |
| O = Unqualified Opinion; Fed. R. Evid. 701, 702 |
| OB = Attorney Objection improperly designated/Improper designation |
| P = Privileged; Fed. R. Evid. 501, Fed. R. Civ. P. 26(b)(3), (4) |
| PK = Lack of personal knowledge; Fed. R. Evid. 602 |
| R = Not relevant; Fed. R. Evid. 401, 402 |
| SPEC = Speculation; Fed. R. Evid. 602, 701, 702 |
| U = Unfairly prejudicial; Fed. R. Evid. 403 |
| V = Vague or ambiguous; Fed. R. Evid. 611(a) |

| Plaintiffs' Objection Legend | |
| --- | --- |
| Code | Objection |
| 26 | Question or response beyond scope of opinions in expert report |
| 30(b)(6) | Question or response beyond scope of the witness' Rule 30(b)(6) designation |
| 32(a) | Improper Designation |
| 105/NAT | Not admissible against Plaintiffs |
| 106 | Incomplete designation (parenthetical identifies testimony necessary for completeness) |
| 402 | Not relevant |
| 403 | Any relevance substantially outweighed by confusion, prejudice or waste of time |
| 408 | Inadmissible evidence of compromise or offers to compromise |
| 602 | No foundation, calls for speculation, or speculative response |
| 701/702 | Improper expert testimony |
| 801/802 | Hearsay |
| 901 | Requires proof of authenticity as a condition precedent to its admissibility |
| Counsel | Inadmissible statement by counsel |
| DC | Relates only to dose counter patents no longer in case |
| Hypothetical | Incomplete or improper hypothetical |
| Leading | Question is leading |
| Priv | Protected material subject to the attorney-client privilege or attorney work product doctrine |
| Strike | Nonresponsive answer |
| Vague | Question is vague |

## SCHEDULE F-2
## DEFENDANTS' DEPOSITION DESIGNATIONS

1.  Ted Ringsred

| Defendants' Designations (page(s):line(s)) | Plaintiffs' Objections | Ruling | Plaintiffs' Counter-Designations | Defendants' Objections | Ruling |
|---|---|---|---|---|---|
| 139:23-140:21 | 105/NAT | | 9:15-21 | | |
| | | | 24:23-25:25 | R; IC | |
| | | | 29:20-22 | R; IC | |
| | | | 34:14-20 | PK; LC; IC | |
| | | | 41:10-14 | PK; LC; IC | |
| | | | 47:19-23 | PK; LC; IC | |
| | | | 53:14-17 | R; PK; IC | |
| | | | 61:11-15 | R; IC | |
| | | | 62:25-63:5 | R; IC | |
| | | | 69:13-19 | R; P; IC | |
| | | | 82:22-83:1 | R; IC | |
| | | | 109:12-18 | IC | |
| | | | 110:2-8 | F; R; PK; LC; IC | |
| | | | 128:14-129:17 | R; LC; IC | |
| | | | 137:15-138:21 | R; LC | |
| | | | 139:14-22 | R; LC | |

2.  Robert Schultz, Ph.D.

| Defendants' Designations (page(s):line(s)) | Plaintiffs' Objections | Ruling | Plaintiffs' Counter-Designations | Defendants' Objections | Ruling |
|---|---|---|---|---|---|
| 1:14-1:16 | Not Testimony; 402; 403; 801/802 | | | | |

| | | | | | |
|---|---|---|---|---|---|
| 10:21-10:22 | Not Testimony; 402; 403; 801/802 | | | | |
| 11:13-11:16 | 402; 403; 801/802 | | | | |
| 14:3-14:16 | 105/NAT; 402; 403; 801/802 | | | | |
| 16:13-16:19 | 105/NAT; 402; 403; 801/802 | | 16:20-17:4 | CU, IC, LW, R | |
| | | | 18:10-15 | IC, LW | |
| | | | 20:25-21:8 | CU, IC, LW, R | |
| | | | 21:25-22:19 | CU, IC, LW, R | |
| 22:20-22:22 | 105/NAT; 402; 403; 801/802 | | 22:23-23:2 | CU, IC, LW, R | |
| | | | 23:6-18 | CU, I, IC, LW, R | |
| | | | 23:22-25:2 | CU, I, IC, LW, R | |
| | | | 25:10-26:6 | CU, IC, LW, R | |
| 27:5-27:10 | 105/NAT; 106 (26:24-27:4); 402; 403; 801/802 | | 26:24-27:4 | CU, LW, NR, R | |
| | | | 27:11-28:1 | CU, IC, LW, O, R, V | |
| 29:20-29:22 | 105/NAT; 106 (29:23-30:1); 402; 403; 801/802 | | 29:23-30:1 | CU, IC, LW, NR, R | |
| | | | 30:9-32:7 | CU, F, IC, LW, R, PK | |
| 30:2-30:8 | 105/NAT; 106 (29:23-30:1); 402; 403; 801/802 | | 30:9-32:7 | CU, F, IC, LW, R, PK | |
| 32:8-33:22 | 402; 403; 602; 801/802 | | 33:23-34:6 | CU, IC, LW, R, SPEC | |
| 34:7-34:13 | 105/NAT; 402; 403; 602; 801/802 | | 34:22-35:4 | CU, LW, I, IC, R | |
| 37:14-38:4 | 105/NAT; 402; 403; 701/702; 801/802 | | 37:10-13 | CU, IC, LW, R | |
| 39:15-39:23 | 105/NAT; 402; 403; 801/802 | | 39:24-40:1 | CU, LW, R | |
| | | | 42:7-16 | CU, IC, LW, PK, SPEC, R | |
| 43:23-44:22 | 402; 403; 801/802 | | 44:23-45:6 | CU, IC, LW, O, R | |
| 45:7-46:4 | 105/NAT; 402; 403; 701/702; 801/802 | | 46:5-47:1 | CU, IC, LW | |
| | | | 48:7-18 | CU, IC, LW, R | |

|  |  |  | 48:24-49:16 | CU, IC, LW, R |  |
|---|---|---|---|---|---|
| 51:7-51:11 | 105/NAT402; 403; 801/802 |  | 50:25-51:6 | CU, IC, LW, R |  |
| 51:24 | 105/NAT; 106 (51:18-20); 402; 403; 801/802 |  | 50:25-51:6 | CU, IC, LW, R |  |
| 55:9-56:8 | 105/NAT; 402; 403; 801/802 |  | 54:23-55:7 | CU, IC, LW, R |  |
| 56:12-56:18 | 105/NAT; 402; 403; 801/802 |  | 56:9-11 | CU, IC, LW, R |  |
| 58:4-58:14 | 105/NAT; 402; 403; 801/802; 901 |  | 57:4-19 | CU, IC, LW, R |  |
|  |  |  | 57:24-58:2 | CU, IC, LW, R |  |
| 58:24-59:6 | 105/NAT; 402; 403; 602; 801/802; 901 |  | 58:15-20 | CU, F, IC, LW, PK, SPEC, R |  |
|  |  |  | 59:7-11 | CU, IC, LW, R |  |
|  |  |  | 59:18-21 | CU, F, IC, LW, PK, R |  |
| 61:21-62:20 | 105/NAT; 402; 403; 602; 701/702; 801/802 |  | 61:13-19 | CU, IC, LW, OB, R |  |
| 63:9-10 | 105/NAT; 402; 403; 602; 701/702; 801/802 |  |  |  |  |
| 63:13-20 | 105/NAT; 402; 403; 602; 701/702; 801/802 |  |  |  |  |
| 63:22-64:2 | 105/NAT; 402; 403; 701/702; 801/802; Counsel |  |  |  |  |
| 64:9-65:7 | 105/NAT; 402; 403; 602; 801/802 |  |  |  |  |
| 67:13-67:15 | 402; 403; 801/802 |  |  |  |  |
| 67:24-68:1 | 402; 403; 801/802 |  |  |  |  |
| 68:21-69:18 | 105/NAT; 402; 403; 602; 801/802; 901 |  |  |  |  |
| 71:6-71:12 | 105/NAT; 402; 403; 701/702; 801/802 |  | 70:25-71:5 | CU, IC, LW, V |  |

F-2-3

| 71:14-71:25 | 105/NAT; 402; 403; 701/702; 801/802 | | 72:1-17 | CU, IC, LW, O, R, V | |
| 78:12-79:6 | 402; 403; 801/802; Vague | | 79:7-16 | CU, F, IC, LW, O, R, U, V | |
| 80:6-80:13 | 402; 403; 801/802 | | 79:23-80:2 | CU, F, I, IC, LW. R, U, V | |
| 80:18-81:13 | 402; 403; 801/802 | | | | |
| 81:18-81:23 | 402; 403; 801/802 | | | | |
| 82:3-83:1 | 105/NAT; 402; 403; 602; 701/701; 801/802 | | | | |
| 83:5-83:7 | 105/NAT; 402; 403; 602; 701/701; 801/802 | | | | |
| 83:10 | 105/NAT; 402; 403; 602; 701/701; 801/802 | | | | |
| 83:17-83:20 | 402; 403; 801/802; Vague | | | | |
| 83:23-84:11 | 402; 403; 602; 801/802 | | 84:12-15 | CU, IC, LW, R | |
| | | | 84:17-21 | CU, IC, LW, NR, O, R, SPEC, U, V | |
| 84:23-85:21 | 402; 403; 701/702; 801/802 | | | | |
| 85:24-86:4 | 106 (86:4-6); 402; 403; 801/802 | | 86:4-6 | CU, F, LW, NR, O, R | |
| 87:25-88:4 | 402; 403; 701/702; 801/802; Hypothetical; Vague | | | | |
| 88:6-88:8 | 402; 403; 701/702; 801/802; Hypothetical; Vague | | | | |
| 89:10-90:17 | 402; 403; 801/802; Vague | | 88:25-89:4 | CU, IC, LW, R | |
| 91:16-91:23 | 402; 403; 701/702; 801/802 | | 91:8-15 | CU, IC, LW | |

| 92:6-93:4 | 402; 403; 801/802; Vague | | | | |
| 93:6-93:15 | 402; 403; 801/802; Vague | | | | |
| 93:21-93:23 | 106 (93:16-20); 402; 403; 801/802 | | 93:16-20 | CU, LW, NR, R | |
| 95:17-95:20 | 402; 403; 602; 701/702; 801/802; 901 | | 93:25-94:18 | CU, IC, LW, R | |
| | | | 94:22-95:16 | CU, IC, LW, PK, R, SPEC, V | |
| 95:22-95:25 | 402; 403; 602; 701/702; 801/802 | | 93:24-94:18 | CU, IC, LW, R | |
| | | | 94:22-95:16 | CU, IC, LW, PK, R, SPEC, V | |
| 97:2-97:10 | 402; 403; 602; 801/802; 901; Vague | | 97:11-19 | CU, IC, LW, NR, R | |
| 98:2-98:5 | 402; 403; 602; 801/802; 901 | | | | |
| 101:12-101:16 | 402; 403; 801/802 | | 100:1-13 | CU, IC, LW, O, OB, R | |
| | | | 100:25-101:11 | CU, IC, LW, O, R | |
| 101:22-102:14 | 402; 403; 801/802; Vague | | 73:3-74:14 | LW | |
| | | | 74:21-75:5 | CU, LW, IC, R | |
| | | | 75:18-22 | CU, LW, IC, R | |
| 102:22-103:1 | 402; 403; 801/802 | | | | |
| 103:9-104:13 | 402; 403; 602; 801/802 | | | | |
| 104:19-105:16 | 402; 403; 801/802; Vague | | 104:14-15 | CU, LW, I, IC, NR, R, V | |
| | | | 104:17 | CU, LW, I, IC, NR, R, V | |
| 106:10-107:15 | 402; 403; 801/802; Vague | | | | |
| 107:18-107:24 | 105/NAT; 402; 403; 801/802; Vague | | | | |
| 108:6-108:25 | 105/NAT; 402; 403; 801/802; Vague | | | | |